IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : CASE No: 1:21:MJ-00188 |
| | : |
| v. | : |
| | : |
| | : |
| RYAN SAMSEL, | : (Electronically Filed) |

**MOTION FOR RELEASE FROM TEMPORARY DETENTION**

Defendant Ryan Samsel, through his attorney, Elisabeth K. H. Pasqualini, Esquire, moves the court to release him from temporary detention in this case and, in support thereof, states as follows:

PROCEDURAL HISTORY

The defendant was charged by criminal complaint on or about January 29, 2921 with violations of 18 U.S.C. § 111, 18 U.S.C. § 231(a)(3), and 18 U.S.C. § 1512(c)(2). (Doc. 1). Mr. Samsel was arrested without incident at his home in the Eastern District of Pennsylvania on or about January 30, 2021 and appeared before Magistrate Judge Richard A. Lloret for a Rule 5 hearing on February 5, 2021. Mr. Samsel waived a hearing on his identity, production of the warrant, temporary detention, and his right to have a preliminary hearing, requesting those hearings be held in this district. (Doc 3 ED of PA Case 2:2-MJ-00197). The defendant, on January 6, 2021, was under the supervision of Pennsylvania State Parole. On February 2, 2021, PA State Parole

1

lodged a detainer against the defendant because he was charged with offenses alleged to have occurred that day. The detainer has a current maximum release date of February 24, 2022.[1] On February 19, 2021 the defendant made his initial appearance in the District Court for DC before Magistrate Judge Robin M. Merriweather wherein the government made an oral motion for detention. The defendant did not contest temporary detention but reserved the right to do so at a later date.[2] Judge Merriweather scheduled the Preliminary Hearing for April 1, 2021 excluding speedy trial time from that date through April 1, 2021.[3]

On March 30, 2021, the government filed a Consent Motion (Doc. 11) to continue the Preliminary Hearing and for Excusable Delay. On March 31, 2020, a Motion to Substitute Counsel by the defendant was filed by Robert Jenkins, Esquire (Doc. 12) along with a Motion for Leave to Appear Pro Hac Vice for Steven Metcalf, Esquire. (Doc. 13).[4] A hearing was held on the motion (Doc. 12) on April 2, 2021 before Judge G. Michael Harvey during which the defendant expressed that he did

---

[1] That date is subject to extension based upon the outcome of the instant matter.
[2] By agreement of the parties, the matter of detention in this instance is properly heard by the assigned Magistrate Judge.
[3] Undersigned Counsel had applied for admission to his court but had not yet been admitted. Judge Merriweather allowed undersigned to appear on behalf of the defendant.
[4] Mr. Samsel, who has prior existing medical conditions was assaulted and severely injured in the DC Jail in late March 2021, allegedly by a corrections officer. Mr. Samsel and Mr. Metcalf, who represented others housed near to the incident, consulted with Mr. Samsel after the attack.

not wish for a substitution of counsel but rather an addition of counsel.[5] The Preliminary Hearing was rescheduled to May 7, 2021. A Consent Motion (Doc. 18) and a Motion for Excludable Delay (Doc. 20) were filed by the government on May 4, 2021. On Order (Doc. 21) was entered continuing the Preliminary Hearing until May 12, 2021. That hearing was rescheduled to May 14, 2021 due to the defendant having been moved to another jail earlier that date. An ascertainment of counsel hearing was held on May 14, 2021 before Magistrate Judge Zia M. Faruqui. On May 18, 2021, with the consent of the parties. Attorney Metcalf filed a Motion to Withdraw as Attorney for Mr. Samsel. (Doc. 22). That order was granted during a status hearing on May 20, 2021.

## ARGUMENT AGAINST PRETRIAL DETENTION

The Bail Reform Act requires the pretrial detention of a defendant only if a judicial officer determines that no conditions or combination of conditions exist which will "reasonably assure the appearance of the person," *see United States. Xulam,* 84 F.3d 441, 442 (D.C.Cir 1996)(per curiam), and "the safety of any other person and the community." Mr. Samsel should be released to his Pennsylvania detainer because doing so will not lessen the likelihood of his appearance at future proceedings nor negatively impact the safety of any one person or the community.

---

[5] Doc. 12 was ultimately withdrawn by Robert Jenkins, Esquire.

Mr. Samsel is detained on the present matter and also because of a detainer lodged by the PA Board of Parole which will hold him until at least April 24, 2022. If convicted of any charge in this matter, Mr. Samsel could be detained by Pennsylvania into 2024.[6] Should this court release Mr. Samsel, his release will be to his Pennsylvania detainer. It is highly unlikely that these proceeding will extend into 2024. Housed in a Pennsylvania state correctional institute, Mr. Samsel's appearance at all future proceedings will be confidently secured.

Mr. Samsel's pretrial release will not jeopardize (or further jeopardize) the safety of anyone else or the community. The community to which he would be released is a secured correctional institute. Candidly, it is Mr. Samsel's safety and medical wellbeing remains at risk as a result of his continued incarceration for events alleged to have occurred on January 6, 2021. When Mr. Samsel was assaulted in the DC jail in March 2021, he suffered serious medical injuries and aggravated a preexisting medical condition.[7] Mr. Samsel is housed in a contract county jail and it is believed that he has not received the follow up treatment ordered by the physicians

---

[6] If convicted, Mr. Samsel will be returned to prison by the Commonwealth of Pennsylvania as a "convicted parole violator", denied credit for his time spent at liberty ("street time"), forced to serve his forfeited "street time" incarcerated. 61 Pa.C.S.A. § 6138(a)(2), Because time credit shall not be awarded unless and until he is returned to a PA state prison, Mr. Samsel is liable to be detained in Pennsylvania into 2024. 61 Pa.C.S.A. § 6138(a)(4),(5.1)

[7] Irrespective of position as to whom beat Mr. Samsel, there is no question that he was beaten while in the custody and care of the DC Jail.

who treated him after the assault.[8] Moreover, his preexisting medical condition was exacerbated during the assault and remains untreated. Despite the good and appreciated efforts of the court and the government, undersigned's efforts to communicate with counsel for the institution regarding Mr. Samsel's medical care have gone unanswered thus far.

Respectfully submitted,

Date: May 24, 2021

/s/ Elisabeth K. H. Pasqualini
EKHPLaw, LLC
407 N Front St., Suite 2
Harrisburg, PA 17101
Attorney ID# 201665
Tel. No. (717) 412-4386
Fax. No. (717) 674-7530
Attorney for Ryan Samsel

---

[8] Medical records have been ordered from Howard Hospital and are purportedly in route to undersigned counsel.

CERTIFICATE OF NONCONCURRENCE

I, Elisabeth K. H. Pasqualini, Esquire, do hereby certify that I have contacted the Assistant United States Attorney April Russo, Esquire regarding this request and she does not concur in the release of the defendant.

CERTIFICATE OF SERVICE

I, Elisabeth Pasqualini, hereby Certify that the forgoing Motion for Release from Temporary Detention was served upon the parties via ECF.

                                          Respectfully submitted,

                                          EKHP LAW, LLC

Date: May 24, 2021                           /s/ Elisabeth K. H. Pasqualini
                                                               EKHP Law, LLC
                                                                407 N Front St, Suite 2
                                                                Harrisburg, PA 17101
                                                                Attorney ID# 201665
                                                                Tel. No. (717) 416-4386
                                                                Fax. No. (717) 674-7350
                                                                e@ekhplaw.com