# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 1:21-cr-00537-TJK |
| v. ) | |
| RYAN SAMSEL, ) | |
| Defendant. ) | |

## EMERGENCY MOTION FOR ORDER REGARDING MEDICAL TREATMENT AND RECORDS

Defendant Ryan Samsel, by and through the undersigned counsel, and pursuant to the Eighth Amendment of the United States Constitution, respectfully moves this Court to enter an Order directing the United States Marshal's Service ("USMS") and/or the Central Virginia Regional Jail ("CVRJ") to provide *instanter* such medical treatment and medication as are medically necessary, and to produce all medical records in their possession custody and control, including third party medical records of Mr. Samsel.

The undersigned have conferred with the United States concerning the relief requested and the United States advises that "we don't oppose [Mr. Samsel] getting necessary medical treatment or [Mr. Samsel's counsel] obtaining his medical records and want [Mr. Samsel] to get both."

## PROCEDURAL HISTORY

Mr. Samsel was charged by criminal complaint on or about January 29, 2021 (ECF No. 1) and subsequently arrested without incident at his home in the Eastern District of Pennsylvania on or about January 30, 2021. He has been detained since and spent substantial time enduring the torture of solitary confinement. At the time of his detention, Mr. Samsel was undergoing medical treatment for a cyst in his chest.

On or about March 21, 2021, Mr. Samsel was viciously assaulted while in the custody of the District of Columbia Department of Corrections, and while detained in "administrative segregation"—the latest euphemism for solitary confinement. He was taken to Howard University Hospital the next day, on March 22, 2021, where he was admitted and treated for injuries including, but not limited to head strike and loss of consciousness, bilateral eye ecchymosis, acute kidney injury, injury of the wrists, fracture of the orbital floor (right side / closed fracture), bilateral facial bilateral nasal bone fracture, and thoracic outlet syndrome. Ultimately, as a result of the brutal assault, Mr. Samsel lost vision in his right eye, has suffered seizures, and has continuing pain and suffering in relation to the thoracic outlet syndrome as well as a cystic condition (that may have been aggravated in the assault), and a general lack of follow up care, and rehabilitative care. There has been no genuine mitigation and instead, Mr. Samsel's condition appears to have grown in severity.

Following his assault, Mr. Samsel was first transferred to the Rappahannock Detention Center, and then, to the CVRJ, where he remains now.

Because of concerns regarding Mr. Samsel's receipt of adequate medical care, Magistrate Judge Faruqui issued a Medical / Mental Health Alert to the Department of Corrections on May 14, 2021. On July 1, 2021, Magistrate Judge Faruqui stayed Mr. Samsel's transfer to the Central Virginia Regional Jail to permit "the court [and] the parties to locate the best available medical care for the defendant," (Minute Entry), although Mr. Samsel was ultimately transferred there. On July 29, 2021, Mr. Samsel's prior counsel filed a motion seeking an emergency status conference because "Mr. Samsel [was] very concerned about the care he will receive after his medical procedures." Motion at 1 (ECF No. 40). Magistrate Judge Faruqui held a hearing on August 5, 2021, to which he requested a representative of the U.S. Marshal's Service as well as a

representative of the medical unit of the Central Virginia Regional Jail.  Mr. Samsel did not attend that hearing because he had been taken to the University of Virginia for vascular studies and a visit with a vascular surgeon.

On August 12, 2021, the undersigned filed a motion to substitute counsel, (ECF No. 42), and on August 16, 2021, Magistrate Judge Faruqui held a hearing at which that motion was granted.  Once again, Magistrate Judge Faruqui requested the attendance of a representative of the medical unit of the Central Virginia Regional Jail.  At that hearing, Ms. Deadre Lewis, a nurse in the medical unit, advised that the U.S. Marshal's Service had approved all medical treatment that had been ordered.  However, a screen shot provided by the Central Regional Virginia Jail confirmed that in fact the medical procedures had not been approved.

CVRJ Medical Records make clear that medical orders and referrals have been ignored, including an order regarding a cystic condition in Mr. Samsel's chest, orders for MRIs, treatment for loss of strength and range of motion, ophthalmology—, all unprocessed.  Further, UVA told Mr. Samsel that follow up care was needed from his August visit, but he has received none.

Moreover, counsel have not been able to obtain and review his medical records from the University of Virginia, from the DC Department of Corrections, or United States Marshal's Service and/or records in possession of CVRJ provided by third parties.

Undersigned counsel has represented Mr. Samsel for a month now.  In that time it has taken weeks to obtain what few medical records we have.  Records remain outstanding while his treatment is neglected.  To be clear, without independent medical experts, treatment and review, and further diagnosis, we cannot state with certainty what additional medical treatment is necessary, but the CVRJ has delayed providing medical releases necessary for counsel to obtain Mr. Samsel's medical records, and orders for follow up care of Mr. Samsel have been long

ignored. In short, the U.S. Marshal's Service and/or the CVRJ have stymied counsel's efforts to ascertain Mr. Samsel's actual medical condition, what additional treatment may be necessary, and why, he has yet to receive treatment already ordered.

## ARGUMENT

"The Eighth Amendment ban against cruel and unusual punishment obliges prison authorities to deliver medical care to those whom it punishes by incarceration." *Gasaway v. District of Columbia*, 1996 U.S. Dist. LEXIS 23176, *3 (D.D.C. April 29, 1996) (*citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). *See also Olaniyi v. District of Columbia*, 763 F.Supp. 2d 70, 96 n.23 (D.D.C. 2011) ("The District of Columbia is constitutionally obligated to provide inmates with medical care.").

It is beyond dispute that Mr. Samsel was assaulted while detained. He sustained numerous serious injuries and was treated at Howard University Hospital following the assault. Since that time, however, Mr. Samsel, including through his counsel, has received little to no information concerning his medical condition. He believes he needs additional medical care, and what little information counsel has received corroborate this, but the authorities at the U.S. Marshal's Service and the Central Virginia Regional Jail have denied him that care. They have also refused to provide counsel for Mr. Samsel with either his medical records or with the releases (signed by Mr. Samsel) necessary to obtain those medical records ourselves. This conduct is in direct contravention of Mr. Samsel's Constitutional Rights. *See Estelle*, 429 U.S. at 103-04 ("An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical 'torture or a lingering death,' the evils of most immediate concern to the drafters of the Amendment. In less serious cases, denial of medical care may result in pain and suffering which

4

no one suggests would serve any penological purpose. The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation codifying the common law view that 'it is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself.'" (citations omitted)).

## CONCLUSION

For the foregoing reasons, Defendant Ryan Samsel respectfully requests this Court issue an Order directing United States Marshal's Service and/or the Central Virginia Regional Jail to provide such medical treatment and medication as are medically necessary, and to produce all medical records in their possession custody and control, including third party medical records of Mr. Samsel, *instanter*.

[SIGNATURE ON NEXT PAGE]

Dated: September 10, 2021    Respectfully submitted,

       */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC 20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

      */s/* Juli Z. Haller
Juli Z. Haller, (D.C. Bar No.466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com

*Counsel for Defendant Ryan Samsel*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | **Criminal No. 1:21-cr-00537-TJK** |
| v. | ) ) ) |  |
| **RYAN SAMSEL,** | ) ) |  |
| **Defendant.** | ) ) |  |

## CERTIFICATE OF SERVICE

On September 10, 2021, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

            */s/ Stanley E. Woodward, Jr.*
           Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
           BRAND WOODWARD LAW, LP
           1808 Park Road NW
           Washington, DC 20010
           202-996-7447 (telephone)
           202-996-0113 (facsimile)
           Stanley@BrandWoodwardLaw.com

           *Counsel for Defendant Ryan Samsel*