IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Criminal No. 1:21-cr-00537-TJK |
| v. | ) |
| | ) |
| RYAN SAMSEL, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## STATUS REPORT

Defendant Ryan Samsel, by and through the undersigned counsel, and pursuant to the Court's September 14, 2021, Minute Entry, provides this status report concerning Mr. Samsel's request for medical records.

The undersigned counsel respectfully submit that although we have received a number of records, additional key records likely exist that have yet to be provided. Of note, on September 15, 2021, the day after the Court's last status conference, Mr. Samsel was an involved in an incident with the correctional officers at the Central Virginia Regional Jail ("CVRJ"). Late that evening, officers came to Mr. Samsel's cell to move him back to solitary confinement. According to records provided by the U.S. Marshals Service ("USMS"), Mr. Samsel reported that he was "dropped while being removed" from his cell. The medical records further provide that after receiving medical attention in solitary confinement, Mr. Samsel had "mild redness on the left side of his face at the cheek bone area." In subsequent correspondence between the USMS and CVRJ staff, which was shared with defense counsel, a CVRJ nurse advised that she visited Mr. Samsel the next day, that she gave him an ice pack, and they discussed his vomiting a few times in the middle of the night, which is not documented in the records produced.

Defense counsel has requested the incident report, which we understand would have included pictures of Mr. Samsel, as well as any other photographic or video records from the incident. Further troubling is the fact that although defense counsel had arranged for an unrecorded video call with Mr. Samsel for Friday, September 17, 2021, officials with the CVRJ inexplicably did not make Mr. Samsel available for the call. The call, which had been arranged prior to the incident in question, would have allowed defense counsel to see any injuries sustained by Mr. Samsel during his transfer to solitary confinement. Mr. Samsel remains in solitary confinement, where he is monitored twenty-four (24) hours a day by a video camera and defense counsel has been provided no explanation from the USMS as to why, or why no additional medical records have been provided.

Relatedly, the medical records provided by the USMS do not include any incident reports or other records generated as a result of the March 21, 2021 assault by correctional officers in the DC Jail that resulted in Mr. Samsel's hospitalization.

In addition, the medical records provided by the USMS contain inconsistencies which suggest that there are additional records that account for the same. For example, CVRJ medical records reflect that Mr. Samsel was evaluated by Dr. Scott Ottolini, MD, at which time Dr. Ottolini recommended an ultrasound of Mr. Samsel's gynecomastia as well as an electromyography of his left upper extremity. However, the next day, a notation in Mr. Samsel's CVRJ records reflects that a CVRJ nurse contacted Dr. Ottolini to advise that Mr. Samsel had already received an electromyography and that an "ultrasound [was] not appropriate for his diagnosis." The records provided by the USMS do not reflect Mr. Samsel's having had an electromyography nor any additional evaluation by a physician regarding the appropriateness of an ultrasound versus a mammogram (which is what the CVRJ nurse requested of the USMS).

By way of another example, although the CVRJ records reflect that they have requested the USMS permission for Mr. Samsel to undergo a mammogram as well as an MRI of his right wrist, records provided by the USMS reflect that in fact both treatments were approved. Presumably some additional documentation explains this contradiction in the medical records provided by the USMS to defense counsel.

Accordingly, Mr. Samsel respectfully requests this Court invite a representative of the USMS as well as the CVRJ to attend its September 23, 2021 Status Hearing to advise as to whether additional medical records exist that have not been provided to defense counsel.


Dated: September 20, 2021                Respectfully submitted,

                                                          */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC 20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

                                                         */s/ Juli Z. Haller*
Juli Z. Haller, (D.C. Bar No.466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com

*Counsel for Defendant Ryan Samsel*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| v. | ) ) ) | **Criminal No. 1:21-cr-00537-TJK** |
| **RYAN SAMSEL,** | ) ) ) | |
| **Defendant.** | ) ) | |

### CERTIFICATE OF SERVICE

On September 20, 2021, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

                                                    */s/ Stanley E. Woodward, Jr.*
                                     Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                     BRAND WOODWARD LAW, LP
                                     1808 Park Road NW
                                     Washington, DC  20010
                                     202-996-7447 (telephone)
                                     202-996-0113 (facsimile)
                                     Stanley@BrandWoodwardLaw.com

                                     *Counsel for Defendant Ryan Samsel*