IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RYAN SAMSEL<br><br>Defendant. | Case No. 1:21-cr-00537-TJK |

## GOVERNMENT'S STATUS REPORT

The United States of America respectfully files this Status Report in response to the Court's September 14, 2021 Minute Order. Specifically, the parties were ordered to provide a status report relating to the production of the Defendant's medical records. With respect to that issue, as of September 20, 2021, according to the Assistant Chief of the U.S. Marshals Service's ("USMS") Medical Management Branch, to the best of their knowledge, all medical records available to the USMS has been provided to defense counsel. Accordingly, it is the Government's understanding that all medical records in the custody of the USMS through at least September 15, 2021, related to the Defendant's medical care and medical conditions have been provided.

The Government is not responding here to each of Defendant's allegations in the Defendant's Status Report, but the Government notes that a review of the medical records are not entirely consistent with that Status Report or the Defendant's assertions. For example, on September 11, 2021, in the emergency motion (*See* DE 49), the Defendant claimed that he had been diagnosed with "thoracic outlet syndrome" when the medical records from the University of Virginia, dated August 5, 2021, state that "The above symptoms and diagnostic tests do not support a Thoracic Outlet Syndrome diagnosis." The medical records also show that CVRJ: "Contacted MD S. Ottolini in reference to written orders on 8/19/21. MD Requested EMG of

left upper extremity. Inmate recently had this performed that was reviewed by him on 8/1921. MD did recall this and stated to disregard new order for EMG." Records further show that with respect to the ultrasound, the CVRJ received a call from "Dynamic Mobile and stated that [ultrasound] could not be done of b/l breasts as they only complete ultrasound at a particular single o'clock position if there is a nodule. Per MD noted today at doctor's call, [ultrasound] was ordered due to one breast being larger than the other and having Gynecomastia. On-call Sung made aware and gave VO [verbal order] to cancel the scheduled [ultrasound] and order inmate to have mammogram."

The Defendant now seeks materials that are plainly not medical records, such as "incident reports", administrative records, photographs, and video recording from inside the facility (none of which are compiled or authored by medical personnel). To the extent that the Defendant seeks records from the government (or testimony from the USMS or CVRJ) that are related to his conditions of confinement, but which are not related to the criminal charges against him, this is not the correct forum to do so. *See United States v. Cote*, No. 219CR134FTM38NPM, 2020 WL 4339351, at *2 (M.D. Fla. July 28, 2020) ("The only parties to this criminal action are the Government and Defendant. But Defendant's claims of not receiving a medical test involve the Marshal and Sheriff of Glades County who are responsible for his custody and care. Entertaining Defendant's motion would thus implicate serious due process concerns for them.").

Should the Defendant seek to challenge his conditions of confinement or to seek discovery regarding same—apart from his detention itself—such a claim is appropriately brought in a civil proceeding and not through the criminal process. *See, e.g., United States v. Luong*, No. CR 99-433WBSGGH, 2009 WL 2852111, at *1 (E.D. Cal. Sept. 2, 2009) ("As

several courts have recognized, the proper procedure to redress a defendant's grievances regarding treatment within a jail or prison is to file a civil suit against the relevant parties pursuant to 42 U.S.C. § 1983, rather than a motion in his criminal case.") (collecting cases); *United States v. Hollis,* No. 08-276, 2009 WL 902062, at *1 (E.D.Cal. Apr.1, 2009) ( "any claims concerning the conditions of his confinement at the Fresno County Jail must be made in an appropriate civil rights complaint" and that he "cannot bring these motions in his federal criminal case"); *United States v. Wells,* No. 02-20, 2007 WL 3025082, at *2 (W.D.Ky. Oct.15, 2007) ("[T]o the extent Wells is challenging his condition of confinement ..., the appropriate course would be to file a civil action against the alleged wrongdoers, not a ... motion in his criminal action."); *United States v. Bencomo-Chacon*, No. CR.A. 07CR00095MSK, 2007 WL 2021850, at *3 (D. Colo. July 11, 2007) ("The Government argues that the Court cannot order that the Defendant receive any particular treatment within this context of this case, and that any claim of inadequate treatment must be made in a civil lawsuit. . . . The Court agrees that a request for provision of particular medical treatment cannot be maintained within the context of a criminal case.").

Respectfully submitted,

C HANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY
D.C. Bar Number 415793

By:  */s/April Nicole Russo*
April Nicole Russo
PA Bar No. 313475
Assistant United States
Attorney 555 Fourth Street,
NW Washington, D.C. 20530
(202) 252-1717
april.russo@usdoj.gov

*/s/ Danielle Rosborough*

Danielle Rosborough
D.C. Bar No. 1016234
Trial Attorney, National Security Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
202-514-0073
Danielle.Rosborough@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Case No. 1:21-cr-00537-TJK |
| **RYAN SAMSEL** | |
| **Defendant.** | |

## CERTIFICATE OF SERVICE

On September 20, 2021, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

*/s/ Danielle Rosborough*
Danielle Rosborough
D.C. Bar No. 1016234
Trial Attorney, National Security Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
202-514-0073
Danielle.Rosborough@usdoj.gov