IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )<br>)<br>) Criminal No. 1:21-cr-00537-TJK |
| v. | ) |
| **RYAN SAMSEL,** | )<br>) |
| **Defendant.** | )<br>) |

# THIRD MEDICAL STATUS REPORT

Defendant Ryan Samsel, by and through the undersigned counsel, and pursuant to Mr. Samsel's September 11, 2021 Emergency Motion for Medical Treatment and for Medical Records (ECF No. 49), the Court's September 14, 2021 Minute Order, the Parties' September 20, 2021 Medical Status Reports (ECF Nos. 50, 51), Mr. Samsel's October 4, 2021 Second Medical Status Report (ECF No. 54), and the Court's October 13, 2021 Minute Order, and provides this Third Status Report concerning Mr. Samsel's request for medical treatment and for medical records.

On Thursday, October 7, 2021, *The New York Times* published an article describing how Mr. Samsel has refused to cooperate with the government following his initial questioning upon arrest by the FBI more than eight (8) months ago (and without the presence counsel). *See* Alan Feuer, Dispute Over Claim that Proud Boys Leader Urged Attack at Capitol, *The New York Times* (Oct. 7, 2021).[1] Despite "[t]he government hav[ing] not yet secured Mr. Samsel's cooperation in its investigation," however, the article's publication prompted the government to request Mr. Samsel be placed in protective custody, or solitary confinement.

---

[1] https://www.nytimes.com/2021/10/07/us/politics/proud-boys-capitol-riot.html

The timing of the article's publication, just three (3) days after Mr. Samsel last complained of his failure to receive necessary medical treatment and/or related medical records is itself noteworthy.  That what happened next is purely coincidental, strains credulity.

As noted in Mr. Samsel's October 4, 2021 Status Report (ECF No. 54), following Mr. Samsel's transfer to the Northern Neck Regional Jail ("NNRJ") in Warsaw, Virginia, the undersigned had difficulty arranging for an unrecorded communication with Mr. Samsel.  After Mr. Samsel had again been placed in solitary confinement, the undersigned was unable, for nearly five days and despite numerous requests, to explain in an unrecorded communication why he had been placed in solitary confinement.  Then, on Tuesday, October 12, 2021, Mr. Samsel was permitted an unrecorded video conference with counsel, *in which he was clearly handcuffed*.  What counsel discussed is, of course, subject to the attorney-client privilege.  However, *immediately following that video conference,* Mr. Samsel was involved in an altercation with correctional officers which ultimately resulted in his again having to be transported to urgent care.

> The NNRJ incident report provided by the U.S. Marshal's Service provides:
>
> The above named inmate was finished with his attorney visit.  I then advised him, I was going to place the hand cuffs back behind his back.  Upon removing one side of the hand cuffs, he then stated he was not going to put the cuffs behind his back.  I then gave him three direct orders to turn around, for the cuffs to be placed back on.  All direct orders were refused.  He then tried to pull the hand cuffs away.  *The necessary force was used to gain compliance.*  He then refused to stand up and walk back to E pod.  *The necessary force was used to gain compliance* and escort him back to E124.  Upon reaching his cell he became combative and *the necessary force was used to gain compliance.*  The cell door was shut and the hand cuffs were removed.  He was seen by EMT F.

The NNRJ "Synopsis of Care" medical report provided by the U.S. Marshal's Service provides the following description of the care Mr. Samsel received following this altercation:

2

> On [October 12, 2021], a 10-33 was called and Medical was asked to assess inmate. I, EMT F., assessed Inmate Samsel for any injury. A hands-on assessment was performed, only to find two areas of friction burn no larger than 2" in diameter on the top of inmate's head. At the time of being assessed, inmate stated he was not in any pain. There was no bleeding or swelling. Inmate Samsel was alert and oriented to person, place, time, and event. Once inmate was taken back into the cell, inmate was assessed, finding no other injuries beside the friction burn listed above. Nothing further to report at this time.

Then, approximately two and a half hours later, the NNRJ "Synopsis of Care" medical report provided by the U.S. Marshal's Service provides:

> 1033 called in E-Pod around 1835. When going into the pod, Inmate Samsel was lying face down in the cell. I, Nurse A. ran to get the emergency bag. When coming back to the pod, Inmate Samsel was being rolled over by EMT F. . . . Inmate Samsel had a quarter size goose egg to the L eyebrow, some redness on his chest, and bruises on his hands *from previous altercation*. Inmate Samsel given icepack during this time. Dr. D. called and advised do not send to EMS . . . .

Of note, Nurse A identified a "goose egg" that EMT F had failed to observe just two and a half hours earlier. Nine (9) hours later, the NNRJ "Synopsis of Care" medical report provided by the U.S. Marshal's Service provides:

> On [the morning of October 13, 2021, at approximately 3:35 AM], I EMT F. was called in for inmate Samsel who had fallen . . . over the night . . . Upon a hands-on assessment, there was no deformity to the jaw but complained of pain when palpating across the lower right body region of the mandible. Dried blood was found on the right side of the Inmate's face from the right ear down the jawline, cleaned up with gauze and water. There was a noticeable knot on his lip *from where he had bit it during the fall*, no bleeding at this time. *Two hematomas* on the left side of the inmate's face around the eye are visible, the one above the eyebrow *was from a prior incident* but the one on the cheek-bone is from this current incident. Inmate was also complaining of pains in the right wrist mainly, minor injury to the left wrist but inmate is mainly concerned of the right wrist. Heavy swelling with bruising across the back of hand and wrist. There are now noticeable bumps appearing on the back of the right hand, white in color compared to the discoloration of the bruising . . . . I called Dr. D. on the incident, [who advised] Transportation can take him, EMS is not needed for this incident."

Thus, the same EMT who evaluated Mr. Samsel following his altercation with correctional officers and that concluded "inmate was assessed, finding no other injuries beside the friction

3

burn listed above" just twelve (12) hours later was acknowledging a "hematoma on the left side of [Mr. Samsel's] face around the eye" from the "prior incident." Although it's not clear from the NNRJ "Synopsis of Care" medical report provided by the U.S. Marshal's Service, at some point thereafter, Mr. Samsel was taken to VCU Tappahannock Hospital. Further, although the NNRJ "Synopsis of Care" medical report references an "attached Hospital note," neither a note, nor any medical records related to any treatment Mr. Samsel may have received at the hospital have been provided to defense counsel.

Following the incident, defense counsel visited Mr. Samsel in person who appeared visibly shaken, badly bruised on his face and wrists, and clearly in distress. Counsel was not permitted a cell phone during their meeting with Mr. Samsel, however, below is a picture of Mr. Samsel during an unrecorded fifteen-minute video-conference permitted with counsel earlier today, October 13, 2021:



The left side of Mr. Samel's face is obviously badly bruised and he again has a black eye. When asked about the altercation involving Mr. Samsel, Derek Haywood of the U.S. Marshal's Service advised, "I was notified this morning by the facility Inmate Samsel was taken to a local hospital for a routine check up. Apparently he fell out of his bunk and hit his head." Moreover, although

defense counsel has requested any videos, photographs, and/or body worn camera evidence related to the most recent altercation, the government, on behalf of the U.S. Marshal's Service, advised: "I asked about preserving/obtaining videos and in order to do that we have to send a subpoena to the facility – Derek [Haywood] can provide us the address to send the subpoena to."

* * *

Mr. Samsel is hardly the first January 6th defendant to complain of the lack of medical treatment (let alone the provision of medical records).  Indeed, just yesterday, October 13, 2021, Judge Lamberth issued an Order holding the Warden of the D.C. Jail and the Director of the D.C. Department of Corrections in civil contempt of court and referred the matter to the Attorney General of the United States "for appropriate inquiry into potential civil rights violations of January 6 defendants" related to the provision of necessary medical care and access to medical records.  Order, *United States v. Worrell*, No. 1:21-cr-292 (Oct. 13, 2021) (ECF No. 106).  To that end, as the Court is well aware, a status conference in the above-captioned matter was continued for a second time today, because of NNRJ's inability to accommodate a virtual hearing.  Evidently, the first hearing NNRJ can accommodate is nearly one month from now, on November 9, 2021.  Meanwhile, Mr. Samsel continues to be deprived of medically necessary treatment and the U.S. Marshal's Service has yet to provide defense counsel with all of Mr. Samsel's medical records, a situation that has been further attenuated following the publication of an article noting how "the government [has] not yet secured Mr. Samsel's cooperation in its investigation."  Put simply, it is not without reason that Mr. Samsel believes he is being punished for refusing to cooperate.

Respectfully, Mr. Samsel requests an evidentiary hearing to which defense counsel can subpoena records concerning the above-referenced incidents and that the Court direct the U.S.

Marshal's Service to facilitate Mr. Samsel's in-person attendance at the same so as to not unnecessarily delay the Court and counsel's receipt of such information as well as related medical records.

Dated: October 14, 2021                              Respectfully submitted,

                                                     _____/s/ Stanley E. Woodward, Jr._____
                                                     Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                                     BRAND WOODWARD LAW, LP
                                                     1808 Park Road NW
                                                     Washington, DC 20010
                                                     202-996-7447 (telephone)
                                                     202-996-0113 (facsimile)
                                                     Stanley@BrandWoodwardLaw.com

                                                     _____/s/ Juli Z. Haller_____
                                                     Juli Z. Haller, (D.C. Bar No.466921)
                                                     The Law Offices of Julia Haller
                                                     601 Pennsylvania Avenue, N.W., Suite 900
                                                     Washington, DC 20004
                                                     Telephone: (202) 729-2201
                                                     HallerJulia@outlook.com

                                                     *Counsel for Defendant Ryan Samsel*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | Criminal No. 1:21-cr-00537-TJK |
| v. ) | |
| ) | |
| **RYAN SAMSEL,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**CERTIFICATE OF SERVICE**

On October 14, 2021, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

                                            */s/ Stanley E. Woodward, Jr.*
                                    Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                    Brand Woodward Law, LP
                                    1808 Park Road NW
                                    Washington, DC  20010
                                    202-996-7447 (telephone)
                                    202-996-0113 (facsimile)
                                    Stanley@BrandWoodwardLaw.com

                                    *Counsel for Defendant Ryan Samsel*