**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **Criminal No. 1:21-cr-00537-TJK** |
| **v.** ) | |
| ) | |
| **RYAN SAMSEL,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## UNOPPOSED MOTION FOR TEMPORARY RELEASE

Pursuant to section 3142(i) of Title 18 of the United States Code, Mr. Samsel, by and through the undersigned counsel, respectfully moves this Court for an Order temporarily releasing Mr. Samsel to the custody of the Commonwealth of Pennsylvania for the limited purpose of being incarcerated on the detainer warrant lodged against him in that jurisdiction. The undersigned has consulted with the Government concerning the relief requested by Mr. Samsel, and the Government has advised that they do not oppose his transfer, "[s]o long as there is no possibility of release during the transfer or after the completion of his parole sentence" and there is "a federal detainer in place."  Mr. Samsel does not oppose the issuance of a federal detainer, should the Court order his temporary release to the custody of the Commonwealth of Pennsylvania.

### I.    PROCEDURAL BACKGROUND

Mr. Samsel has been detained in this matter following his arrest on January 30, 2021. Held largely in solitary confinement and bounced between multiple state-level facilities by the U.S. Marshal's Service, Mr. Samsel now twice alleges having been assaulted by correctional officers resulting in severe and pervasive injuries for which limited or no medical treatment has

been provided.  To that end, he also reports an individual altercation with correctional officers necessitating treatment at a local hospital.

Following his arrest, Mr. Samsel initially presented on February 5, 2021, in the Eastern District of Pennsylvania and then first appeared before this court on February 19, 2021, at which time he did not oppose his continued detention.  Thereafter, on May 24, 2021, following the alleged assault that occurred at the D.C. Jail on or about March 21, 2021, Mr. Samsel moved the assigned Magistrate Judge for an Order revoking his pretrial detention based on the lack of medical treatment and related care he was receiving.  (ECF No. 23).  The Government opposed this request.  (ECF No. 25).  Following a detention hearing, on June 10, 2021, Magistrate Judge Faruqui ordered Mr. Samsel detained pre-trial, but ordered that Mr. Samsel "be released temporarily from the custody of the Attorney General to the custody of the Commonwealth of Pennsylvania for the limited purpose of being incarcerated on the detainer warrant lodged against him in that jurisdiction."  (ECF No. 28).  At Mr. Samsel's request, Magistrate Judge Faruqui revoked his order temporarily releasing Mr. Samsel based on a colloquy that occurred at a status hearing on June 25, 2021, at which it was represented to Mr. Samsel that he would be transferred to a facility where he would receive medical care from the University of Virginia Medical Center in Charlottesville, Virginia.  Despite this representation, and as is detailed in the Parties' status reports, Mr. Samsel continued to have trouble accessing his own medical records, did not receive the medical care he was seeking, and ultimately was transferred to yet another facility, the Northern Neck Regional Jail in Warsaw, Virginia, more than 100 miles from Charlottesville.  (ECF Nos. 49, 50, 51, 54, 55, 57, 60).

Following status hearings, this Court ordered that Mr. Samsel be provided with his medical records on October 29, 2021, and again on November 9, 2021.  As of the date of filing,

Mr. Samsel has now received a voluminous production of medical records that defense counsel

is reviewing, with what appears to leave only a few records remaining outstanding.  Left

unaddressed is the medical treatment necessitated by the severe and pervasive injuries Mr.

Samsel suffered as documented by the medical records defense counsel is reviewing.

### II.   ANALYSIS

Section 3142(i) of Title 18 of the United States Code provides that the Court may "permit

the temporary release of the person, in the custody of a United States marshal or another person,

to the extent the judicial officer determines such release to be necessary for preparation of the

person's defense or for another compelling reason."  18 U.S.C. § 3142(i).  This section "provides

a distinct mechanism for temporarily releasing a detained defendant, in a manner that has

nothing to do with a revisiting of the initial detention determination."  *United States v. Lee*, 451

F. Supp. 3d 1, 5 (D.D.C. 2020).

This District has ordered the temporary release of a defendant based on the concern over

whether necessary medical care *could be provided*.  *See United States v. Thomas*, 456 F. Supp.

3d 69, 79 (D.D.C. 2020) ("If [the defendant] is infected [with COVID-19] at the jail, . . . *he will*

*likely* require significant medical resources and attention, burdening [] 'the jail's limited

healthcare resources.'" (quoting *United States v. Davis*, No. 19-cr-000292, 2020 U.S. Dist.

LEXIS 68317, at *5 (D.D.C. Apr. 6, 2020) (emphasis added)).

Here, Mr. Samsel satisfies both statutory criteria:  he requests this Court release him to an

"appropriate person" and his temporary release is "necessary" for a "compelling reason."  *See* 18

U.S.C. § 3142(i).  "An 'appropriate person' under Section 3142(i), should at least meet the

qualifications for a designated third-party custodian, who 'must agree[]to assume supervision

and to report any violation of a release condition' and be 'able reasonably to assure the judicial

officer that the person will appear as required and will not pose a danger to the safety of any

other person or the community.'"  *United States v. Thorne*, 2020 U.S. Dist. LEXIS 73346, at *5

(D.D.C. Apr. 27, 2020) (quoting 18 U.S.C. § 3142(c)(1)(B)(i)).  There can be no dispute that the

Commonwealth of Pennsylvania is an "appropriate person" under the statute as Magistrate Judge

Faruqui previously found, *see* Order at 2 (ECF No. 2), and the Government does not dispute.

      Similarly, Mr. Samsel has demonstrated that his temporary release, which will only result

in his being transferred to another correctional facility under a different jurisdiction, is

"necessary" for a "compelling reason."  As has been detailed by the Parties' numerous filings,

Mr. Samsel's severe and pervasive injuries continue to go untreated.  *See Davis*, No. 19-cr-

000292, 2020 U.S. Dist. LEXIS 68317, at *5 (noting that "the few courts that have ordered

temporary release on the basis of 'another compelling reason' have done so . . . . typically [where

a defendant] is suffering from . . . *serious injuries*") (quoting *United States v. Lee*, No. 19-cr-

000298, 2020 U.S. Dist. LEXIS 62047, at *3 (D.D.C. Mar. 30, 2020) (emphasis added)

(quotations omitted)).

      Simply obtaining *his own medical records* required this Court to hold multiple hearings

and to twice order their production.  Although Mr. Samsel has now received additional medical

records, he remains deprived of the medical care clearly documented in these records.  For

example, Mr. Samsel has had no relief for any of the injuries sustained while detained, including

follow up care for his loss of vision, vascular-related care following his being hog-tied for an

extended period of time, and the Gynecomastia, with which he presented upon his detention in

January 2021.

      Following this Court's last status conference, the Parties met and conferred regarding a

path forward.  As noted, the Government does not object to Mr. Samsel being temporarily

released to the custody of the Commonwealth of Pennsylvania, "[s]o long as there is no

possibility of release during the transfer or after completion of his parole sentence." Thus, this Court can temporarily release Mr. Samsel, who will then be transferred to the custody of Commonwealth of Pennsylvania pursuant to the parole-related detainer that that State has issued. Concomitantly, this Court can issue a federal detainer, which will ensure that upon Mr. Samsel's release by Pennsylvania, Mr. Samsel will again be placed in the custody of the U.S. Marshal's Service and brought before this Court.

To be sure, this compromise was reached following fulsome discussion with the Government. Because Mr. Samsel desires to avoid a protracted dispute regarding what care is medically necessary and/or whether this Court has authority to transfer Mr. Samsel to, *inter alia*, the Alexandria City Jail,[1] Mr. Samsel thus makes this request while explicitly reserving the right to challenge his detention in this matter.[2]

## CONCLUSION

Mr. Samsel has now been detained nearly eleven (11) months without access to consistent medical care and while continuing to suffer from severe and pervasive injuries

---

[1] Mr. Samsel submits that the Government can take no position with respect to Mr. Samsel's request to be transferred to another facility. Specifically, the U.S. Attorney's Office for the District of Columbia plays no role in the determination of what facility the U.S. Marshal's Service chooses to detain Mr. Samsel pre-trial. *See, e.g.*, Opp. Emergency Mot. Transfer, *United States v. Glover*, No. 21-mj-000609 (D.D.C. Nov. 13, 2021) ("The defense, the Court, and even undersigned counsel do not have full visibility into the classification process of defendants, which is appropriately within the purview of [the Department of Corrections] and [the U.S. Marshal's Service]."). Nevertheless, in *Glover* and other actions, the U.S. Attorney's Office has *opposed* such transfer requests, despite acknowledging the uncertainty in the law concerning the same. *See id.* ("While this case involves the USMS, and not BOP, the rationale underlying the spirit of the law is clear."). It is the U.S. Marshal's Service, and not the U.S. Attorney's Office, that should object to any such request. Accordingly, Mr. Samsel expressly reserves the right to seek a transfer, which other courts, including in this District, have ordered. *See* Order, *United States v. Manafort*, No. 18-cr-000083 (E.D.Va. July 10, 2018); H'rng T., *United States v. Worrell*, No. 21-cr-000292 (D.D.C. Nov. 3, 2021) (ordering the defendant transferred to Alexandria City Jail pending the court's identification of third-party custodian is identified).

[2] As noted, a request for temporary release is "a distinct mechanism for temporarily releasing a detained defendant, in a manner *that has nothing to do with revisiting of the initial detention determination.*" *Lee*, 451 F. Supp. 3d at *5. Mr. Samsel therefore explicitly reserves his right to file "a motion for revocation or amendment to the order [of detention]" with the Court. *See United States v. Klein*, No.21-cr-000236, 2012 U.S. Dist. LEXIS 69951, at *8 (D.D.C. April 12, 2021) ("Although the D.C. Circuit has not ruled on the matter, every circuit to consider the issue has found that a magistrate judge's detention order is subject to *de novo* review.").

incurred while detained.  For the foregoing reasons, Mr. Samsel requests this Court order his temporary "release," to effect this transfer to the custody of the Commonwealth of Pennsylvania. In addition, Mr. Samsel does not oppose this Court's issuance of a federal detainer such that should he be released from the custody of the Commonwealth of Pennsylvania he would again be detained by the U.S. Marshal's Service in this matter, without prejudice to his seeking this Court's review of Magistrate Judge Merriweather's February 19, 2019, detention order.

[SIGNATURE ON NEXT PAGE]

Dated: November 22, 2021            Respectfully submitted,

                                            */s/ Stanley E. Woodward, Jr.*

Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD, ATTORNEYS AT LAW
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com


*Counsel for Defendant Ryan Samsel*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
| | )    Case No. 1:21-cr-00537-TJK |
| v. | ) |
| | ) |
| **RYAN SAMSEL**, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### <u>CERTIFICATE OF SERVICE</u>

On November 22, 2021, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties:

*/s/ Stanley E. Woodward, Jr.*

Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD, ATTORNEYS AT LAW
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Ryan Samsel*
