UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case Number 1:21-cr-00537-JMC |
| RYAN SAMSEL, : | |
| JAMES TATE GRANT, : | |
| PAUL RUSSELL JOHNSON, : | |
| STEPHEN CHASE RANDOLPH, : | |
| and JASON BENJAMIN BLYTHE, : | |
| : | |
| Defendants. : | |

**UNITED STATES' MOTION FOR EXCLUDABLE DELAY
UNDER THE SPEEDY TRIAL ACT**

The United States of America respectfully moves for entry of an order excluding the period from March 24, 2022 through March 29, 2022 (or any later date determined during an upcoming status conference) from computations for scheduling trial in the above-captioned case under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. (the "STA"). As addressed below, the exclusion of time is justified because all defendants joined for trial fall within the time computation for the latest codefendant, *see Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986); the amount of discovery is voluminous in this case; the effects of an ongoing global pandemic continue; the case is unusual and complex, and the ends of justice outweigh the best interests of the defendant and the public in a speedy trial.

BACKGROUND

On January 21, 2021, a sealed complaint charged defendant Ryan Samsel with obstruction in violation of 18 U.S.C § 1512(c)(2), assault on a federal officer in violation of 18 U.S.C. § 111, and participation in a civil disturbance in violation of 18 U.S.C. § 231(a)(3). He was arrested in

the Eastern District of Pennsylvania and made his initial appearance in that district on February 3, 2021, in Case No. 2:21-mj-00197 (E.D. Pa.) (ECF 1). He waived removal, and the court ordered his commitment to the District of Columbia. *Id*. (ECF 2-4).[1]

Pursuant to 18 U.S.C. § 3161(h)(1)(D) and (H), various motions have generated excludable time since defendant Samsel's arrival in this district. *See, e.g.,* ECF 5, 11, 13, 18, a May 14, 2021 oral motion listed on the docket, a June 21, 2021 oral motion listed on the docket, a June 25, 2021 oral motion listed on the docket, a July 21, 2021 oral motion listed on the docket, August 16, 2021 oral motions listed on the docket, ECF 49, 52, 56, 63, 71, ECF 76, 77, and 93. As a result of some of the foregoing motions (each of which generated excludable time), orders issued excluding time from computations under the STA. *See* ECF 8, 11, and 15, and Minute Entries dated May 14, 2021, June 21, 2021, June 25, 2021, July 2, 2021, August 16, 2021, September 14, 2021, September 28, 2021, November 9, 2021, November 23, 2021, December 21, 2021, January 13, 2021, and January 27, 2021.

On August 25, 2021, a grand jury returned an indictment charging defendant Samsel. ECF 46. On January 17, 2021, a grand jury returned a superseding indictment charging defendant Samsel. ECF 61. On December 15, 2021, a grand jury returned a second superseding indictment charging defendant Samsel and adding a new defendant, James Tate Grant. ECF 69. On January 13, 2022, a grand jury returned a third superseding indictment charging defendants Samsel and Grant and adding more new defendants, namely, Paul Russell Johnson, Steven Chase Randolph, and Jason Benjamin Blythe. ECF 80.

Since March, 2020, before defendant Samsel was charged, and throughout the pendency

---

[1] Delay resulting from the defendant's removal from another district is excludable under the STA. 18 U.S.C § 3161(h)(E).

of this case, criminal cases in this district have been subject to a series of standing orders, most recently Standing Order No. 22-07 (BAH) (D.D.C. Feb. 15, 2022), providing for the exclusion of time under the STA to serve the ends of justice because of the covid-19 pandemic and its consequences. *Id*. at 8-9 (listing prior orders and extending the period for exclusion of time from STA computations until May 13, 2022).

In its minute order of January 27, 2022, this Court extended the exclusion of time under the STA in the instant case from January 27, 2022 to March 17, 2022. This Court has scheduled a status conference for March 29, 2022. On March 17, 2022, this Court issued a minute entry finding excludable time from March 14 to March 24, 2022. Also on March 17, defendant Samsel appeared before a magistrate judge following his transportation from incarceration in Pennsylvania to a detention facility in this district.[2] The Assistant U.S. Attorney covering defendant Samsel's March 17 appearance before the magistrate judge made an oral motion to exclude time under the STA which was denied with the instruction that the motion would have to made in writing.

The United States now moves in writing for a finding of excludable delay from March 24, 2022 to March 29, 2022, or any later date the Court finds appropriate during the March 29 status conference.

LEGAL ANALYSIS

The STA provides a variety of reasons to exclude time from March 24 through March 29, 2022. For example, the third superseding indictment charges five defendants. Under 18 U.S.C. §3161(h)(6), the STA excludes a reasonable period of delay "when the defendant is joined for trial

---

[2] *See* 18 U.S.C. § 3161(h)(1)(F) excluding reasonable periods of time under the STA resulting from transportation of a defendant to or from another district. This provision provides an additional and in some instances overlapping reason for exclusion of time; however, its application does not appear to affect the outcome of any calculations herein.

with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." STA computations for the latest or slowest defendant govern all defendants joined for trial. *Henderson*, 476 U.S. at 323 n.2. Accordingly, notwithstanding the amount of time previously excluded as a result of pending motions or judicially determined exclusions of time, each time a superseding indictment added new defendants to this case, any elapsed time under the STA reset to zero for all defendants. *United States v. Van Smith*, 530 F.3d 967, 970 (D.C. Cir. 2008); *United States v. Speight*, 941 F.Supp. 115, 118 (D.D.C. 2013)(when separately indicted defendants were joined together in a single case, each defendant's speedy trial clock was "synchronized with the clock of the defendant with the most time remaining")(quoting *United States v. Lightfoot*, 483 F.3d 876, 886 (8th Cir. 2007)).

Here, STA time returned to zero on January 13, 2022, when the third superseding indictment added defendants Jason Benjamin Blythe, Paul Russell Johnson, and Stephen Chase Randolph. Blythe made his initial appearance in this district on January 27, 2022. On that date, this Court also determined that STA time would be excluded from January 27, 2022 to March 17, 2022, once in a status conference for defendant Blythe and again following the January 27, 2022 arraignment of defendant Paul Russell Johnson. On March 17, 2022, this Court issued a minute entry following a suppression hearing for defendant Johnson that excluded time under the STA from March 14-24, 2022. An exclusion applicable to one defendant applies to all codefendants. *United States v. Saro*, 24 F.3d 283, 292 (D.C. Cir. 1994)(citations omitted). For all defendants in this case, STA time has remained at zero and will continue to do so until March 24, 2022.

The STA also excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion [.]" 18 U.S.C. § 3161(h)(1)(D). Defendant Paul Russell Johnson has filed a pending motion to

suppress.³ ECF 96. A hearing on that motion began on March 17, 2022 and will resume on March 24, 2022. Since the motion remains pending, it continues to generate excludable time, which applies to all defendants in this case. *See Van Smith*, 530 F.3d at 975 (addition of new defendant set STA clock to zero, while codefendant's motions to suppress kept the STA clock from running before their disposition); *see also* ECF 37 at 3 in Case No. 21-cr-332-JMC (excluding 60 days under the STA as to defendant Paul Russell Johnson since the time for his codefendant Steven Chase Randolph had not yet run).

The parties have previously agreed or not disputed that this case is "unusual and complex" due to the number of defendants and the nature of the prosecution.⁴ *See* 18 U.S.C. § 3161(h)(7)(B)(ii), *see also* § 3161(h)(7)(B)(iv). The passage of time has not impacted or changed that complexity. *See also United States v. Lopesierra-Gutierrez*, 708 F.3d 193, 205 (D.C. Cir. 2013)(rejecting contention that reduction in the number of trial defendants and completion of discovery production refuted district court judge's earlier finding that the case was complex). Moreover, on February 24, 2022, the United States produced a substantial amount of case-specific discovery material; the letter documenting materials produced consists of 34 single-spaced pages, and notes, among other disclosures, the production of reports, videos, transcripts, and other voluminous material. Government filings prior to February 24, 2022 have also noted the voluminous nature of discovery produced in this case. *See, e.g.*, ECF 76 (explaining that discovery has included thousands of pages, terabytes of forensic data, and multiple phone extractions).

---

³ The motion was filed originally under Case No. 21-cr-332-JMC on December 9, 2021, ECF 66, and then refiled under the above-captioned case number on January 27, 2022.

⁴ *See* ECF 59 at 7, where defendant Samsel opposed a government motion to exclude time under the STA although "the case may be complex;" his challenge to exclusion of time arose from contentions other than the complexity of the case.

Certain sensitive materials have been made available for review at the U.S. Attorney's Office. Therefore, because of the case's complexity and its voluminous discovery, the time requested herein should be excluded from calculation of the period within which the defendants must be brought to trial under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv).

In her most recent Standing Order, the Chief Judge provided for the exclusion of time under the STA into May, 2022 as a result of the covid-19 pandemic. While certain restrictions imposed because of the pandemic have eased or been lifted, not all such restrictions have changed. Social distancing requirements have remained in place, for example, and limit available physical space for conducting trials and allowing public access. This Court can certainly include an assessment of current conditions from the pandemic as a factor for determining the exclusion of time under the STA; additionally, prior pandemic related delays were justified under the Standing Order and not attributable to the United States. *See, e.g.*, *United States v. Olsen*, 21 F.4th 1036, 1047 (9th Cir. 2022)(global covid-19 pandemic permitted district court to temporarily suspend jury trials in the interests of public health; failure to consider all enumerated statutory STA factors "among others," (citing Section 3161(h)(7)(B)), such as the pandemic, was erroneous).

Pursuant to 18 U.S.C. § 3161(h)(7)(A), delay that serves the ends of justice and outweighs the best interests of the defendant and the public in a speedy trial shall be excluded. The excludable delay requested is reasonable and necessary given the complexity of the case, the voluminous amount of case-related discovery and evidence, the continued impact of the covid-19 pandemic, the existence of still pending motions, and the absence of prior unreasonable delay.

The United States has conferred with defense counsel regarding the relief requested in this motion. Counsel for defendant Samsel opposes the requested relief. Counsel for defendants Johnson, Randolph and Blythe do not oppose the requested relief. As of the filing of this motion, the undersigned has not been able to make contact with counsel for Grant.

WHEREFORE, the United States respectfully seeks an order excluding March 24-29, 2022 from STA calculations, or any later date the Court finds to be appropriate during the March 29, 2022 status conference.

                Respectfully submitted,

                MATTHEW M. GRAVES
                UNITED STATES ATTORNEY
                D.C. Bar Number 481052

By:   *s/Karen Rochlin*
       Karen Rochlin
       Assistant United States Attorney Detailee
       DC Bar No. 394447
       99 N.E. 4th Street
       Miami, Florida 33132
       (786) 972-9045
       Karen.Rochlin@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Case Number 1:21-cr-00537-JMC-1 |
| RYAN SAMSEL, | : | |
| JAMES TATE GRANT, | : | |
| PAUL RUSSELL JOHNSON, | : | |
| STEPHEN CHASE RANDOLPH, | : | |
| and JASON BENJAMIN BLYTHE, | : | |
| | : | |
| Defendants. | : | |

ORDER EXCLUDING DELAY
UNDER THE SPEEDY TRIAL ACT

This matter having come before the Court upon the Government's motion for excludable delay, the Court finds that for the period specified below, the ends of justice served outweigh the best interests of the defendant and the public in a speedy trial for the reasons listed in the Government's motion, the reasons stated on the record at the March 29, 2022 hearing, and for the following reasons:

- This case is "unusual and complex" due to the number of defendants and the nature of the prosecution. *See* 18 U.S.C. § 3161(h)(7)(B)(ii); *see also* § 3161(h)(7)(B)(iv). Discovery in this case includes thousands of pages in discovery and large amounts of forensic data. The discovery pertains to multiple defendants and several victims.

- Some of the discovery can only be viewed at the U.S. Attorney's Office because of its sensitive nature.

- Although certain conditions arising from the covid-19 pandemic have eased, current

- trials remain subject to social distancing requirements for the safety of the participants and public, requiring logistics that limit the number of trials that can proceed at any given time.
- Pending motions are generating excludable delay, *see* 18 U.S.C. § 3161(h)(1)(D) and (H);
- Additional defendants have been added to the case and joined for trial, and time under the Speedy Trial Act has not yet run, *see* 18 U.S.C. § 3161(h)(6);
- Earlier periods of delay have not been unreasonable.

Thus, pursuant to 18 U.S.C. § 3161(h)(7)(A) and 18 U.S.C. §§ 3161(h)(7)(B)(ii) and (B)(iv), the time period between from March 24, 2022 to _____ shall constitute excludable delay.

IT IS SO ORDERED.


Dated:                                                        _____
                                                              HONORABLE JIA M. COBB
                                                              United States District Judge