**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **Criminal No. 1:21-cr-00537-JMC** |
| **v.** ) | |
| ) | |
| **RYAN SAMSEL,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**DEFENDANT RYAN SAMSEL'S OPPOSITION TO THE GOVERNMENT'S MOTION**
**FOR EXCLUDABLE DELAY**

This case has an unnecessarily complicated procedural history that can be distilled to one simple observation:  Defendant Ryan Samsel has remained detained pre-trial for 422 days, held almost entirely in solitary confinement and repeatedly victimized at the hands of correctional officers while being denied access to medical care or the records prescribing such care; waiting while the government investigates the most complex case in its history seeking repeated "excusable delay" to do so and with virtually no access to the records that would enable him to prepare his defense.  Only now that it has exhausted its ability to delay trial based on the "ends of justice" does it pivot to seek delay based on its own decision to join additional defendants.

## I.    Procedural Background

On January 29, 2021, Defendant Ryan Samsel was charged by complaint with various offenses related to the allegation that he was present at the Capitol Building during the violence that occurred there on January 6, 2021.  Complaint (Jan. 29, 2021) (ECF No. 1).  On January 30, 2021, Mr. Samsel was arrested and on February 19, 2021, he made his initial appearance before Magistrate Judge Robin M. Meriweather, where Mr. Samsel did not contest pre-trial detention. Roughly seven (7) months later, on August 25, 2021, the government first filed an indictment as

against Mr. Samsel charging him with seven (7) counts, all related to the allegation that he was present at the Capitol Building and/or its grounds on January 6.  Indictment (Aug. 25, 2021) (ECF No. 46).  On September 14, 2021, this Court held an arraignment at which Mr. Samsel pleaded not guilty to each of the counts in the indictment.

Despite taking roughly seven (7) months to first bring an indictment as against Mr. Samsel, the government has now superseded its indictment three (3) times in as many months to add new counts and multiple co-defendants.  The government filed its first superseding indictment on November 17, 2021, s*ee* Superseding Indictment (Nov. 17, 2021) (ECF No. 61), and, of particular relevance to the underlying motion, at Mr. Samsel's November 23, 2021, arraignment and over his objection, the Court set a Rule 12 Motions deadline to effect an exclusion of time under the Speedy Trial Act, *see* 18 U.S.C. § 3161(h)(1)(D), rather than finding that excluding additional time was warranted because of any complexity with respect to the case. *See* 18 U.S.C. § 3161(h)(7)(A).  The government filed its second superseding indictment against Mr. Samsel on December 15, 2021, only *two days* before the initial Rule 12 motions' deadline. *See* Second Superseding Indictment (Dec. 15, 2021) (ECF No. 69).  As a result, Mr. Samsel filed a motion to continue the motions deadline, *see* Mot. (Dec. 17, 2021) (ECF No. 71), which the Court granted and requested a joint status report addressing the motions deadline and the exclusion of additional time under the Speedy Trial Act.  In the December 21, 2021, joint status report, Mr. Samsel again objected to any further exclusion of time, highlighting the fact that the government continued to insist upon Mr. Samsel's pre-trial detention, a fact exacerbated by the challenging circumstances related to his specific medical condition and access to information, while simultaneously arguing for a delay in the time within which Mr. Samsel is entitled to a trial.  *See* Joint Status Report at 2 (Dec. 21, 2021) (ECF No. 75).  That same day, the government

renewed its motion to further exclude time under the Speedy Trial Act, arguing for the first time that because Mr. Samsel had been "joined for trial with a codefendant as to whom the time for trial has not run" – e.g., because the government had superseded its indictment of Mr. Samsel to add additional co-defendants who had waived their right to a speedy trial – further exclusion was warranted.  USA Mot. Toll Speedy Trial Act at 3 (Dec. 21, 2021) (ECF No. 76) (citing 18 U.S.C. § 3161(h)(7)(A)).

The government superseded its indictment of Mr. Samsel for a third time on January 13, 2022, adding three additional co-defendants.  That same day, and over Mr. Samsel's objection, the Court excluded further time under the Speedy Trial Act to allow the Court's calendaring clerk to determine what docket would be assigned the newly indicted matter.  Ultimately, the instant judge was assigned the case, and an arraignment was held on January 27, 2022.  At that time, the Court again excluded time under the Speedy Trial Act over Mr. Samsel's objection, through March 17, 2022, the date set for a hearing on a motion brought by one of Mr. Samsel co-defendants.  Now before the Court is the government's *eleventh* request for an exclusion of time under the Speedy Trial Act, in which the government now argues that the Speedy Trial Act clock has been reset – "returned to zero" – as a result of the government's having superseded its indictment most recently on January 13, 2022.  Mot. at 4 (March 21, 2022) (ECF No. 131).

In the interim, Mr. Samsel's prolonged pre-trial detention continues to be complicated by his limited access to medical records and the treatment prescribed therein as well as the inability to meaningfully access records in his case necessary to prepare his defense.  Specifically, after months of litigation, on November 29, 2021, Judge Kelly ordered Mr. Samsel temporarily released to the custody of the Pennsylvania Department of Corrections because, based "on the entire record here, there is reason to believe that Defendant requires medical treatment that may

be more readily available at the Pennsylvania facility."  Order (Nov. 29, 2021) (ECF No. 65).
Accordingly, Mr. Samsel was transferred to the custody of the Pennsylvania Department of
Corrections on December 20, 2021.

However, despite Mr. Samsel's access to medical care being significantly greater, it
continued to be stymied by the delay in the transfer of Mr. Samsel's medical records to the
Pennsylvania Department of Corrections, which were not provided by the U.S. Marshal's
Service until February 14, 2022.  Thereafter, Mr. Samsel diligently proceeded to make a number
of medical appointments in collaboration with the Pennsylvania Department of Corrections.
Appointments were made with Mr. Samsel's primary care physician, a plastic surgeon, an
oncologist, a physical therapist, a neurologist, and a thoracic surgeon.  However, on or about
February 28, 2022, Mr. Samsel was advised that the Pennsylvania Parole Board had concluded it
would release Mr. Samsel.  Subsequently, Mr. Samsel was arrested on the outstanding detainer
issued by this Court following his temporary release, and detained, again in solitary confinement,
at the Federal Detention Center in Philadelphia, Pennsylvania, until he was ultimately
transferred, on or about March 15, 2022, to USP Lewisburg, where he remains now.
Unfortunately, Mr. Samsel is once again in solitary confinement, and once again neither has
access to his medical records nor is receiving the care they prescribe.  In the meantime, all of Mr.
Samsel's co-defendants have been released pre-trial, at least initially, with one co-defendant
having been detained following an alleged violation of his pretrial release conditions.

## II.    Legal Argument

"The Speedy Trial Act requires that a criminal trial must commence within 70 days of the
latest of a defendant's indictment, information, or appearance, barring periods of excludable
delay." *Henderson v. United States*, 476 U.S. 321, 326 (1986).  "The purpose of the Speed Trial

Act . . . is to quantify and make effective the Sixth Amendment right to a speedy trial." *Id.* at 333 (White, J., dissenting). By definition, no court has had the opportunity to balance a defendant's constitutional right to a speedy trial as against the post-hoc investigation of the events at the Capitol on January 6, 2021. That "generally" – to quote the *Henderson* Court – "[a]ll defendants who are joined . . . fall within the speedy trial computation of the latest codefendant," 476 U.S. at 323 n.2, therefore does not address the unique procedural posture with which Mr. Samsel's matter finds itself before this Court. Put simply, if the Sixth Amendment right to a speedy trial – as prescribed by the Speedy Trial Act – is to mean anything, then the 70-day period is not to be manipulated by the government's prosecutorial discretion to supersede an indictment and/or to join additional defendants.

Here, the government cites *Henderson* for the proposition that, "the exclusion of time is justified because all defendants joined for trial fall within the time computation for the latest codefendant." Mot. at 1 (March 21, 2022) (ECF No. 131). But the *footnote* the government cites in *Henderson* is *dicta* – merely a contextual observation by Justice Powell who wrote the opinion for the Court's majority, which concluded that, "for pretrial motions that require a hearing, the phrase 'or other prompt disposition' in [18 U.S.C. § 3161(h)(1)(D)] does not imply that only 'reasonably necessary' delays may be excluded between the time of filing of a motion and the conclusion of the hearing thereon" and "time after a hearing has been held where a district court awaits additional filings from the parties that are needed for proper disposition of the motion." 476 U.S. at 329-330, 331. Clearly then, the *Henderson* Court did not address the issue at bar.

Nor is the D.C. Circuit and other authority cited by the government inapposite. *See United States v. Van Smith*, 530 F.3d 967, 970 (D.C. Cir. 2008) ("[U]pon the addition of a new co-defendant, all defendants' speedy trial clocks are reset to day zero."). The government would

have this Court ignore the 328 days – the time between Mr. Samsel's initial appearance and the joinder of the latest codefendant – for purposes of Speedy Trial Act calculations, a period for which Mr. Samsel has remained detained, almost entirely in solitary confinement and without access to his medical records.  To find further excusable delay under these circumstances would vitiate the 70-day requirement of the Speedy Trial Act by allowing the government to simply join by superseding indictment any number of the numerous individuals engaging in the same conduct with which Mr. Samsel is alleged to committed on January 6, 2021.  The Constitution and the Speedy Trial Act require more – the government must demonstrate that its exclusion of time under the Speedy Trial Act constitutes a "reasonable period of delay" only by establishing that the delay in joining a codefendant by superseding indictment was, in fact, reasonable. Something the government here has not done, because it can not.

## CONCLUSION

To be sure, Mr. Samsel faces a Hobson's choice:  On the one hand, he may remain detained pre-trial without access to medical care or the records prescribing such care as well as the inability to access records necessary to prepare his defense.  On the other, he can assert his Constitutional right to a Speedy Trial and object to any further exclusion of time under the Speedy Trial Act.  Given this choice, the government should, at a minimum, be required to defend its decision to join additional defendants so long after Mr. Samsel's presentment if it wishes to use this act as a basis for seeking further excluding time under the Speedy Trial Act.

[SIGNATURE ON NEXT PAGE]

Dated: March 29, 2022                    Respectfully submitted,

       */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD, ATTORNEYS AT LAW
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

       */s/ Juli Z. Haller*
Juli Z. Haller, (DC 466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com

*Counsel for Defendant Ryan Samsel*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | **Criminal No. 1:21-cr-00537-JMC** |
| **v.** | ) | |
| | ) | |
| **RYAN SAMSEL,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>CERTIFICATE OF SERVICE</u>

On March 29, 2022, the undersigned hereby certifies that a true and correct copy of the

foregoing was electronically filed under seal via the CM/ECF system and copies were

electronically mailed to counsel for the government and Chambers.

*/s/ Stanley E. Woodward, Jr.*

Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Ryan Samsel*