IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | **Criminal No. 1:21-cr-00537-JMC** |
| v. ) | |
| ) | |
| **RYAN SAMSEL,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## DEFENDANT RYAN SAMSEL'S RESPONSE TO THE GOVERNMENT'S MOTION TO DISCLOSE 6(e) MATERIAL

Defendant Ryan Samsel, by and through undersigned counsel, respectfully submits this response to the government's motion for an order permitting the disclosure of materials protected by Federal Rule of Criminal Procedure 6(e).

Rule 6 of the Federal Rules of Criminal Procedure governs grand jury proceedings. Rule 6(e) implements the "long-established policy that maintains the secrecy of the grand-jury proceedings in the federal courts." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958). "Grand jury investigations are conducted in strict secrecy to encourage witnesses to testify fully and frankly, to prevent those about to be indicted from fleeing, and to ensure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule." *In re Grand Jury Subpoena, Judith Miller*, 493 F.3d 152, 154 (D.C. Cir. 2007) (per curiam) (internal quotation marks and citations omitted). Pursuant to Rule 6(e), the disclosure of grand jury materials is generally prohibited, limited to certain exceptions. These exceptions include: (i) disclosure to an attorney for the government in the performance of that attorney's duty; (ii) disclosure to such government personnel as an attorney for the government deems necessary to assist an attorney in enforcing federal criminal law; or (iii) to another federal grand jury. *Rule*

*6(e)(3)(A)* and *(3)(C)(iii)*. The Rule further allows, when directed by the court: (i) disclosure preliminary to or in connection with a judicial proceeding; (ii) disclosure at the request of a criminal defendant if the defendant shows cause; or (iii) disclosure to an appropriate state or local official for the purpose of enforcing state criminal law. *Rule 6(e)(3)(C)*.

The government does not claim to request the disclosure of these materials under any delineated exception, but rather requests disclosure for purposes of discovery. *See* Gov't Mot. (Apr. 11, 2022) (ECF No. 146). To that end, "[a] prosecutor's obligation under *Brady v. Maryland* to disclose favorable, material evidence to the defense remains in place even if that information was presented to the grand jury." 1 Wright & Miller, Federal Practice and Procedure § 108 (April 2022 Update). Although Rule 6 does not itself give a defendant any basis to object to the Court's ordering grand jury materials disclosed, the government here seeks an order requiring any disclosure to be subject to the Court's previously-entered protective order in this action, which would not otherwise be required by Rule 6(e). Irrespective of whether the Court so ordered that *any* grand jury materials *automatically* be subject to the protective order, the government could nevertheless, however, independently designate those materials as sensitive or highly sensitive pursuant to the protective order. Regardless, Mr. Samsel does not object to the Court ordering that any grand jury materials disclosed to defense counsel be subject to the Court's previously-entered protective order, which itself provides a mechanism for Mr. Samsel to challenge a designation of sensitive or highly sensitive.

\* \* \*

The government's motion raises an additional issue for potential consideration by the Court. As the Court is aware, on January 27, 2022, the Court ordered the government to complete discovery by February 24, 2022. Accordingly, that day the government produced

grand jury transcripts and exhibits to defense counsel as part of its final production. *See* Notice Ex. 1 at 33 (Feb. 24, 2022). It was only after this disclosure that the government sought this Court's permission to produce these materials pursuant to the instant motion.

This circuitous approach exemplifies a recurring and curious pattern throughout the government's investigation (and prosecution) of this case. Examples include the disclosure of sensitive information to *The New York Times*, which resulted in *the government's* request that Mr. Samsel be placed in protective custody (solitary confinement). *See* Third Medical Status Report at 1 (Oct. 14, 2021) (ECF No. 55). Of course the Court is also aware that it is beyond dispute that Mr. Samsel has been involved in three altercations with correctional officers that resulted in his receiving treatment at third-party emergency medical facilities, while simultaneously being denied access to the incident reports and/or video recordings of the incidents that would elucidate the purported causes of the same. See Joint Status Report (Nov. 8, 2021) (ECF No. 60). Also curious are the numerous and superfluous superseding indictments that have interfered with Mr. Samsel's desire for a speedy trial in his case.

*First*, on November 17, 2021, despite the passage of nearly eleven (11) months and having only recently indicted Mr. Samsel to begin with, the government suddenly superseded Mr. Samsel's indictment. First Superseding Indictment (Nov. 17, 2021) (ECF No. 61). On November 23, 2021, the Court arraigned Mr. Samsel on this indictment and considered Mr. Samsel's vigorous opposition to any further tolling of the Speedy Trial Act, prompting the Court to set a pretrial motions briefing schedule allowing for the time to be tolled under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A).

Just a few weeks after the November 23, 2021, status hearing, the government again superseded Mr. Samsel's indictment to include a co-defendant. Second Superseding Indictment

(Dec. 15, 2021) (ECF No. 69).  Of note, that defendant had been arrested on October 14, 2021, nearly nine (9) months after Mr. Samsel, and since that time had agreed to delay his right to a preliminary hearing and/or to waive time under the Speedy Trial Act – something the government knew when it chose to join that defendant with Mr. Samsel.  Thus, in its motion filed less than a week later, the government requested further tolling under the Speedy Trial Act because "of the addition of a codefendant to the indictment in this case on December 15, 2021, who has stated that he needs more time, and who has agreed to exclude time through February 22, 2022."  Mot. for Speedy Trial Exclusion of Time (Dec. 21, 2021) (ECF No. 76) (quoting authority).  *Third*, on January 13, 2022, the government again superseded Mr. Samsel's indictment, adding *three additional* codefendants to his case nearly a full year after Mr. Samsel's arrest.  Third Superseding Indictment (Jan. 13, 2022) (ECF No. 80).  That same day, again on January 13, 2022, the Court held a status conference at which Mr. Samsel again objected to the continued tolling of the Speedy Trial Act, which the Court agreed to do only for the brief time necessary to resolve which judge would be assigned to the case.

The government claimed that superseding its indictment of Mr. Samsel was necessary because "[a]ll of the charges against them relate to the incident at Peace Circle and surrounding circumstances."  Notice (Jan. 12, 2022) (ECF No. 79).  The government nowhere alleges, and has no basis to allege, that any of these defendants knew each other, planned any of their alleged actions with each other, had any relationship or history of contact – their only commonality is that they are each alleged to have been present at a protest at the Capitol on January 6th near the location of the Peace Circle.

"[T]he proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979).  The secrecy of grand jury proceedings protects several interests, including "the protection of the

innocent accused from disclosure of the accusations made against him before the grand jury." *Id.* at 218 n.8.  Even when a grand jury proceeding results in an indictment, the accused nonetheless is "legally entitled to protection, as there may have been accusations made for which no indictment was returned." *Id.*  It is for these reasons that "both Congress and the Court have consistently stood ready to defend [grand jury secrecy] against unwarranted intrusion.  In the absence of a clear indication in a statute or Rule, we must always be reluctant to conclude that a breach of this secrecy has been authorized." *In Re Sealed Case*, 250 F.3d 764, 768 (D.C. Cir. 2001) (quoting *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 425 (1983) (internal quotes omitted).

When the secrecy of a grand jury proceeding has been violated by unauthorized disclosure, Rule 6(e)(7) provides that the punishment for the disclosure when done knowingly may be contempt of court.  Furthermore, once a potential violation has occurred and "a prima facie case is shown, the district court *must* conduct a 'show cause' hearing." *In Re Sealed Case*, 250 F.3d at 770 (quoting *Barry v. United States*, 865 F.2d 1317, 1321 (D.C. Cir. 1989)).  Any remedy for a violation of Rule 6(e) is trusted to the supervisory authority of the District Court, but may include dismissal of an indictment where the violation was prejudicial to the defendant. *See United States v. Walters*, 910 F.3d 11, 22-23 (2d Cir. 2018).  A hearing in this case might help shed light on the curious posture with which the Court, and especially Mr. Samsel, find this case and explain why Mr. Samsel must wait for a trial while the government continues to indict individuals it does not allege know Mr. Samsel or otherwise conspired to act with him; explain why the government so vociferously opposes Mr. Samsel's pretrial release despite his prolonged detention; explain why the government and/or the U.S. Marshals Service refuse to provide information that would corroborate their claim that no wrong-doing occurred in the altercations

involving Mr. Samsel; and explain whether the government has satisfied its discovery obligations to Mr. Samsel and his codefendants despite the Court's requiring the completion of discovery no later than February 24, 2022.

[SIGNATURE ON NEXT PAGE]

Dated: April 22, 2022                                  Respectfully submitted,

                                                            */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (DC 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC 20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

                                                            */s/ Juli Z. Haller*
Juli Z. Haller, (DC 466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com

*Counsel for Defendant Ryan Samsel*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | Criminal No. 1:21-cr-00537-JMC |
| v. ) | |
| ) | |
| **RYAN SAMSEL,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### CERTIFICATE OF SERVICE

On April 22, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

                                                 */s/ Stanley E. Woodward, Jr.*
                                        Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                        BRAND WOODWARD LAW, LP
                                        1808 Park Road NW
                                        Washington, DC  20010
                                        202-996-7447 (telephone)
                                        202-996-0113 (facsimile)
                                        Stanley@BrandWoodwardLaw.com

                                        *Counsel for Defendant Ryan Samsel*