UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case Number 1:21-cr-00537-JMC |
| RYAN SAMSEL, et al., : | |
| : | |
| Defendants. : | |

### UNITED STATES' RESPONSE TO DEFENDANT SAMSEL'S SUPPLEMENT TO MOTION FOR REVIEW AND REVOCATION OF DETENTION ORDER

The United States of America respectfully submits this Response to defendant Ryan Samsel's Supplement, ECF 150, to provide information it lacks, to correct certain statements in the Supplement, and to inform the Court that medical recommendations from the Bureau of Prisons (BOP) have changed after an opportunity to review the defendant's medical records. For the reasons stated below and in the attached Declaration of Dr. Andrew Edinger, this Court should not rely on assertions in the defendant's supplement and should not alter or revoke the decision to detain the defendant.

More specifically, the United States responds as follows:

1. The defendant arrived at the United States Penitentiary at Lewisburg, Pennsylvania (USP Lewisburg) on or about March 14, 2022 where he was evaluated by Dr. Edinger. On March 15, the doctor asked the defendant to have his lawyer provide certain medical records to document claims the defendant made about his health.

2. On April 15, 2022, the United States filed its response, ECF 147, to the defendant's motion, ECF 142, seeking review and revocation of his detention order. In its response, the United

States noted Dr. Edinger's request to the defendant for medical records.  ECF 147:21.  On April 15, 2022, the United States also produced medical records received from the BOP to the defendant's counsel.  These records documented Dr. Edinger's request to the defendant for medical records corroborating his health-related claims.

3. On April 18, 2022, counsel for the defendant asked the prosecution for contact information, in addition to a fax number already available to the defense, that could be used to transmit medical records.  The next day, the prosecution obtained an electronic mail address for the Health Services Administration at USP Lewisburg and provided that address to defense counsel.

4. On April 21, 2022, it appears that Dr. Edinger had not received medical records relevant to defendant's claims about his health.  Dr. Edinger noted the absence of the requested medical records in a memorandum dated April 21, 2022 that was routed through others to the Warden at USP Lewisburg.  Dr. Edinger's memorandum of April 21, 2022 is the same memorandum attached to the defendant's Supplement, ECF 150-1.

5. On April 25, 2022, the Warden forwarded Dr. Edinger's memorandum to the U.S. Marshals Service in the District of Columbia.  On April 25, 2022, the U.S. Marshals Service forwarded the memorandum to AUSA April Russo who was formerly assigned to the above-captioned case.  AUSA Russo had withdrawn her appearance in this case and his since accepted a position with a U.S. Attorney's Office outside of the District of Columbia.

6. Also on April 25, AUSA Russo forwarded the transmittal message from the U.S. Marshals Service to the undersigned.  The transmittal message did not include Dr. Edinger's memorandum, which the undersigned requested and received from the Marshals on April 25.

7. Dr. Edinger's memorandum described his concerns and recommendations about

the defendant's medical condition. The memorandum also noted that "Unfortunately, I do not have any medical records to substantiate what he [the defendant] reports to me." ECF 150-1:2.

8. On April 25, the prosecution received a separate message from the Assistant Chief, Medical Management Branch, United States Marshals Service (Headquarters), that stated:

> I have forwarded medical records to Haywood to be sent to USP Lewisburg. This prisoner has received extensive work-up while in USMS custody and there is no evidence of significant care needs at this time. The issues addressed by the USP Lewisburg physician were present prior to entry into custody and were assessed by the specialty thoracic outlet clinic at UVA with recommendations for PT and elevation of the upper extremities during sleep. Please let me know if anything additional is needed. Thank you.

Message RE: Ryan Samsel dated Monday, April 25, 2022, attached as Exhibit 2.

9. On April 25, 2022, the prosecution sent a message to the defendant's counsel advising that two communications received that same day relating to the defendant's medical status were being provided. The message attached Dr. Edinger's memorandum, but in the body of the message, also included the language quoted above from the Assistant Chief of the U.S. Marshal's Medical Branch.

10. On April 26, 2022, the defendant filed the above-captioned Supplement, stating that the prosecution produced Dr. Edinger's memorandum on April 26. This appears to be a typographical or other error that is repeated throughout the Supplement. The prosecution produced the memorandum the previous day, when it was received.

11. The supplement omits any reference to the additional and contradictory information from the U.S. Marshals, such as the description of an assessment by specialists from the University of Virginia that fails to support the defendant's claim.

12. By April 28, 2022, Dr. Edinger had reviewed more than 200 pages of medical records for the defendant received from the U.S. Marshals Service. As explained in the attached

Declaration, the defendant's medical records caused Dr. Edinger to revise his assessment of the defendant's condition. Importantly, the records Dr. Edinger received resulted in his conclusion that the defendant's statements about his health were "misleading in some areas" and "outright falsehood in other areas." Declaration, ¶ 2. The Declaration details specific conditions addressed in Dr. Edinger's April 21 memorandum and explains why each is either non-existent or not a matter of concern. Dr. Edinger concludes that "Based upon the new information provided to me, I am no longer worried that we cannot provide Mr. Samsel with appropriate medical care at USP Lewisburg." Declaration, ¶ 8.

13. The defendant has a history of fabricating claims about his health. For example, he has stated that he suffers from post-traumatic stress disorder as a result of service with the United States Marine Corps. The defendant has never served with the Marines or any other branch of the U.S. military. To avoid meeting with a state parole officer, the defendant fabricated a positive test result for covid-19. Following his arrest in February, 2021, the defendant advised that he had no health conditions. ECF 6:2. In court, the defendant maintained he had pre-existing conditions that he had been trying to address prior to his arrest. ECF 44:3-5, 44:13 (defendant has been seeing a neuro-vascular surgeon for the last five years; he has been working with certain health care providers for five to seven years). His inconsistent and untruthful reports on other occasions provide further reason to credit Dr. Edinger's later assessment which is based on records from medical providers rather than the defendant's unreliable accounts.

14. In a Minute Order issued on April 27, 2022, this Court directed the United States to file a notice informing the Court of any change in its position on the defendant's detention. The United States' position that the defendant should remain in detention has not changed, except insofar as the prosecution submits that there is now even less reason to consider his release.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar Number 481052


By:    *s/Karen Rochlin*
        Karen Rochlin
        Assistant United States Attorney Detailee
        DC Bar No. 394447
        99 N.E. 4th Street
        Miami, Florida 33132
        (786) 972-9045
        Karen.Rochlin@usdoj.gov