**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RYAN SAMSEL, *ET AL.*,<br><br>Defendants. | Criminal Action No. 21-537 (JMC) |

**ORDER**

Before the Court is Defendant Ryan Samsel's Motion for Review and Revocation of Detention Order, ECF 142 & 143, which the Government opposes. In addition to reviewing the Parties' briefing, the Court heard argument on the motion on May 3 and 5, 2022. Having considered those arguments, the evidence presented, the factors outlined in 18 U.S.C. § 3142(g), and the possible release conditions in 18 U.S.C. § 3142(c), the Court concludes that no condition or combination of conditions will reasonably assure Mr. Samsel's appearance as required and the safety of any other person and the community. The Court therefore denies Mr. Samsel's motion.

Regarding the nature and circumstances of the offense, 18 U.S.C. § 3142(g)(1), Mr. Samsel is charged with serious felony offenses that allegedly caused the injury of a law-enforcement officer. *See United States v. Chrestman*, 525 F. Supp. 3d 14, 25-27 (D.D.C. 2021). As to the weight of the evidence against Mr. Samsel, 18 U.S.C. § 3142(g)(2), the Government purports to have video and photographic evidence implicating Mr. Samsel, and Mr. Samsel's motion does not contest that point so much as he argues—leaning heavily on out-of-Circuit caselaw—that the Court should accord that factor little weight. *See* ECF 142 at 20-21. Thus, the Court cannot find that either of those factors cuts in Mr. Samsel's favor.

That said, it is the Court's consideration of Mr. Samsel's history that leads it to conclude that pretrial detention remains appropriate. *See* 18 U.S.C. § 3142(g)(3) (enumerating a person's "history and characteristics," including criminal history, *see id.* § 3142(g)(3)(A), as factors to be considered). According to the information provided to the Court, *see* ECF 6 & 147-1, Mr. Samsel has nine prior convictions, most of which appear to have involved assaultive conduct and/or "terroristic threats" of some kind. It also appears that Mr. Samsel's most recent assault conviction prior to January 6, 2021, came in February 2017, and that he was released from state custody on that conviction in April 2019, less than two years before the events at issue in this case. ECF 6 at 4-5.

Moreover, the information before the Court indicates that nearly all of Mr. Samsel's arrests and convictions occurred while he was still on supervision for previous convictions. *Id.* at 3-7. Indeed, Mr. Samsel was on supervision at the time of the conduct alleged in this case on January 6, 2021. *Id.* at 4 (stating that FBI records reflect that Mr. Samsel was on supervision between April 2011 and February 2022). On top of that, there is an outstanding warrant against Mr. Samsel from the State of New Jersey, also stemming from alleged assaultive conduct, and Mr. Samsel was wanted on that warrant on January 6. Section 3142(g)(3)(B) requires the Court to take into account "whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." In light of this history, the Court has serious reservations about whether Mr. Samsel would comply with any condition or combination of conditions of release, such that it could reasonably assure Mr. Samsel's appearance as required and the safety of the community. And the possibility of home confinement, even with constant electronic monitoring, does not sufficiently address the Court's concerns, particularly because at least some of Mr.

Samsel's assault convictions were domestic offenses that stemmed from conduct that occurred while at home.

As discussed during the hearings on May 3 and 5, the Court also considers Mr. Samsel's physical condition in conducting the analysis under 18 U.S.C. § 3142(g)(3)(A). The Court takes Mr. Samsel's claims regarding his medical issues with the utmost seriousness, which is why it has ordered that the Bureau of Prisons and the United States Marshals Service facilitate his transfer to a tertiary research center to undergo an independent medical evaluation within the next two weeks. ECF 159. The Court has ordered that the evaluation should entail "a comprehensive physical assessment of Mr. Samsel" to identify "what if any procedures he requires and whether or not any procedure is elective or required on an urgent basis." *Id.* at 1. The Government has represented to the Court that it can facilitate such a transfer and evaluation, which obviates the need to release Mr. Samsel to obtain such an assessment at this time. If the evaluation reveals that Mr. Samsel requires urgent treatment that cannot be provided while he remains in federal custody, then Mr. Samsel may renew his motion based on the findings and/or recommendations from the evaluation.

Accordingly, for those reasons, as well as others stated on the record during the May 5 hearing on Mr. Samsel's motion, the Court **ORDERS** that the motion, ECF 142 & 143, is **DENIED**.

**SO ORDERED.**

DATE: May 18, 2022

Jia M. Cobb
U.S. District Court Judge