UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-537-JMC |
| v. : | |
| : | |
| RYAN SAMSEL, et al., : | |
| : | |
| Defendants. : | |

## MOTION TO EXTEND DEADLINE FOR EVALUATION

The United States of America respectfully moves for entry by this Court of an order extending the deadline for a previously ordered independent medical evaluation of defendant Samsel for the reasons stated below:

1. On May 17, 2022, this Court issued an order that stated "within fourteen (14) days of the date of this order, or a longer period for good cause shown, Mr. Samsel shall receive an independent medical evaluation at a tertiary research center." ECF 159. Fourteen days from the date of the order is May 31, 2022.

2. To accomplish the objectives of the order, the defendant was transferred to the Federal Detention Center in Philadelphia, Pennsylvania (FDC). He arrived there on or about May 23, 2022. As part of standard procedures resulting from the covid-19 pandemic, the FDC has placed the defendant in quarantine. The quarantine will end following a covid-19 test with negative results. On May 26, 2022, counsel for the FDC advised the prosecution that the defendant's next test will occur on May 31, 2022. If the test results are positive, the defendant will not be released from quarantine.

3. The ability to arrange for the defendant's evaluation is not uncomplicated. The timing of the evaluation, as noted above, will depend on the outcome of a covid-19 test that has not occurred yet. Arrangements must be made for the defendant's secure transportation. As

explained by the FDC's Health Services Administrator to the prosecution, resources for secure transportation to an outside facility are not unlimited and are affected by the number of defendants in custody who require transportation. Other logistical and security concerns may impact how the defendant's evaluation is scheduled; at present, however, waiting to commit resources for the evaluation of a defendant who has not yet cleared quarantine appears to be both reasonable and necessary.

4. As reported to the prosecution, within a day of his arrival at the FDC, the defendant was recorded speaking on a monitored call where he chastised the recipient of the call for not being aggressive enough. The defendant then discussed harming FBI agents, stating that he would request an interview in order to have the opportunity to punch an FBI agent in the face. The defendant also stated that he would start carrying weapons at all times and "I'm just going to stab them; if I'm walking down the street and I'm not doing nothing, stab." The undersigned was informed that the defendant has been placed in the FDC's special housing unit following the call, but cannot currently assess the extent to which increased security concerns with the defendant will impact plans for his evaluation.

5. The prosecution has been working diligently in response to this Court's May 17 order, and has communicated with the United States Marshals or the Bureau of Prisons on an almost daily basis, or on multiple occasions within a single day, to ensure compliance with the order. Medical records produced by the defense have been made available to the Marshals and have been converted to a format acceptable to the Bureau of Prisons for placement in the Bureau's centralized system for medical records.[1] Thus, they are available if needed for treatment within

---

[1] The order directed the defense to produce medical records not already provided to the Bureau of Prisons. The defense appears to have produced all records including those generated by the

the FDC and can be made available if needed for the independent medical evaluation. As part of routine procedure, a physician at the FDC will evaluate the defendant's medical condition so that the FDC can provide appropriate care in addition to the court-ordered independent medical evaluation.

6. The undersigned has been communicating with the Bureau of Prisons, different components of the United States Marshals Service, and others to receive updates throughout the morning and afternoon of today's date, and believes that the process of arranging for the evaluation is moving forward. The undersigned has received assurances as of today's date that the evaluation addressed in this Court's order can be and will be achieved. The United States also seeks the Court's understanding that some additional effort and time is also needed if, as now planned, the evaluation is to go forward consistent with the Court's recommendation at a facility that for the government is not part of pre-existing arrangements and is, in effect, out-of-network.

7. Accordingly, the United States submits that the government has acted diligently in response to the Court's May 17 order, and is continuing to do so. The continued need for precautions in response to the covid-19 pandemic benefit the defendant, FDC staff and inmates, the Marshals, and staff and other patients at the facility where the defendant's evaluation will occur pursuant to the Court's order.[2] The need for such precautions is not a factor within the prosecution's control. Because it will not be known before May 31 whether the defendant will clear quarantine, the United States submits that good cause exists to extend the deadline for the

---

Bureau of Prisons itself. The records were offered through a link with the Bureau cannot access. The password protected files offered through the link were contained in a zip file, which according to prior testimony, Bureau medical personnel cannot access. The files were extracted individually and provided to the Bureau.

2 The defendant's current location is now publicly available. The United States is not referring by name in this filing to any location where the defendant may be taken at a later date.

defendant's evaluation. The need for either the Marshals, the FDC, or both to coordinate logistical and security concerns, and to coordinate those concerns with the schedule at a tertiary care facility further support a finding of good cause. The prosecution has discussed the relief requested in this motion with opposing counsel and understands that defense counsel oppose the relief sought.

WHEREFORE, the United States respectfully requests an order extending the deadline for the defendant's evaluation by two weeks. The government will seek to complete the evaluation sooner if possible; however, an additional two weeks will account for the inability to predict the outcome of a future covid test and to allow appropriate government components to address logistical, security and scheduling concerns without the need to return to the Court with additional requests for extensions.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By: *s/Karen Rochlin*
Karen Rochlin
Assistant United States Attorney Detailee
DC Bar No. 394447
99 N.E. 4th Street
Miami, Florida 33132
(786) 972-9045
Karen.Rochlin@usdoj.gov