**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-cr-537-JMC** |
| **v.** | : | |
| | : | |
| **RYAN SAMSEL, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**SECOND MOTION TO EXTEND DEADLINE FOR EVALUATION**

The United States of America respectfully moves for entry by this Court of an order extending the deadline for a previously ordered independent medical evaluation of defendant Samsel for the reasons stated below:

1.      On May 17, 2022, this Court issued an order that stated "within fourteen (14) days of the date of this order, or a longer period for good cause shown, Mr. Samsel shall receive an independent medical evaluation at a tertiary research center." ECF 159.   The Court previously extended that deadline.   ECF 165.

2.      To accomplish the objectives of the order, the defendant was transferred to the Federal Detention Center in Philadelphia, Pennsylvania (FDC).   He arrived there on or about May 23, 2022.   As part of standard procedures resulting from the covid-19 pandemic, the FDC placed the defendant in quarantine.   On June 1, 2022, the prosecution was informed that the defendant had been released from quarantine.

3.      On June 1, 2022, the defendant refused to allow Health Services Staff at the FDC to evaluate him.

4.      On June 2, 2022, FDC personnel screened an outgoing letter from the defendant. In that letter, the defendant stated, "all these poltions [*sic*] in office need to go, A woodchiper [*sic*] sounds good" and "I'll tell people get your wepon's [*sic*] Ready Kiss your Kidd's [*sic*] good-bye

and let's F******* go!"

4.      On June 3, 2022, the Assistant Chief for the Medical Branch of the United States Marshals Service (USMS) informed the prosecution that the Bureau of Prisons (BOP) "should be moving forward with arranging the appointment" for the defendant's medical evaluation, and that the USMS was awaiting further updates.

5.      On June 8, 2022, the undersigned attempted to obtain an update from the USMS.

6.      On June 9, 2022, the USMS informed the prosecution that it "should be able to meet the deadline" for the Court-ordered evaluation.

7.      After further discussion with the prosecution, the USMS advised on the evening of June 9 that it could not confirm whether the evaluation would occur by the June 14, 2022 deadline.

8.      On June 10, the prosecution sought confirmation from a Senior Attorney for the FDC that the Court's deadline would be met, and received the following response: "No I cannot [confirm].   We will provide the date and time to the Marshals as soon as it becomes available."

9.      On June 10, the prosecution contacted Deputy Regional Counsel for the Bureau of Prisons, who directed further inquiry to BOP Regional Counsel.   Regional Counsel explained on June 10 that efforts were to schedule the defendant's evaluation were continuing, and further explained:

a.   Such arrangements are made through an outside contractor that functions as an HMO for the BOP.   To proceed with scheduling, the BOP must provide a referral.

b.   The defendant has refused to allow medical staff at the FDC to evaluate him.   This refusal was ongoing as of June 10.   Regional Counsel provided the prosecution with a report of a clinical encounter with the defendant on June 10, 2022 that included the following:

> Patient was brought to exam room in SHU and he was handcuffed as is the protocol for inmates in SHU.[1] He demanded that his handcuffs be removed. When it was explained to him that the handcuffs would not be removed unless necessary for examination, he stood up from his chair, walked out of room and called me "f****t". He also stated that he would not discuss his health with me.

     c.    The BOP cannot produce the necessary referral without conducting an examination of the defendant.  Moreover, the BOP cannot and will not attempt to arrange for a medical evaluation at the facility recommended in this Court's order, which is out-of-network, requires additional justification, and will likely result in additional costs.

     d.    Regional Counsel has advised that efforts are underway to schedule an evaluation at a facility of equal caliber that is within network, and has further advised that scheduling will depend on what that facility has available.[2]

     e.    Regional Counsel has further advised that the BOP is proceeding, in the absence of a more recent evaluation, on the basis of the defendant's last evaluation in March, 2022.   Thus, the evaluation will consist of an assessment by and consultation with a vascular surgeon.

     10.    According to BOP Regional Counsel, the defendant's refusal to allow medical staff to examine him has caused additional difficulty and delay.   Efforts to arrange for the defendant's evaluation were underway as of Friday, June 10, 2022.

     11.    The prosecution has continued its efforts to ensure compliance with this Court's order for a medical evaluation of the defendant. As of this writing, the prosecution has not received additional scheduling information. For the reasons stated above, it appears that additional time is required to arrange the evaluation of the defendant in light of his recent behavior, which has

---

[1] SHU refers to the Special Housing Unit, where the defendant was placed after monitoring of a telephone call disclosed the defendant's statements about stabbing or punching FBI agents.   *See* ECF 164.

[2] To avoid the need for a sealed filing, the name of that facility is not provided in this motion.

delayed scheduling efforts.   The undersigned attempted to contact opposing counsel by electronic mail before filing this motion, but as of this writing, has not received a reply.   Based on defense counsel's position concerning the previous motion to extend the deadline, the United States assumes that the defense opposed the relief sought herein.

12.     WHEREFORE, the United States respectfully requests an order extending the deadline for the defendant's evaluation by two weeks.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:     *s/Karen Rochlin*
Karen Rochlin
Assistant United States Attorney Detailee
DC Bar No. 394447
99 N.E. 4th Street
Miami, Florida 33132
(786) 972-9045
Karen.Rochlin@usdoj.gov