IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) ) | Criminal No. 1:21-cr-00537 |
| RYAN SAMSEL, | ) ) ) | |
| Defendant. | ) ) | |

## STATUS REPORT

After thirty-six (36) days in solitary confinement – with access to counsel as enabled by the Court – the "evaluation" with a vascular surgeon arranged by the government (ECF No. 175) as Ordered by the Court (ECF No. 159) has finally occurred. The result? The *vascular surgeon* was so concerned by the growth in Mr. Samsel's chest that rather than provide any "evaluation" he immediately ordered that Mr. Samsel be seen by a breast cancer specialist: "Screening mammogram *for breast cancer.*" (Exhibit A (emphasis added)). Of course, the vascular surgeon's ability to provide any "evaluation" was stymied by the failure of the government to provide *any* of Mr. Samsel's medical records – not a single page – in advance of the scheduled "evaluation." And, further exacerbating this already tenuous medical posture, when the facility requested an opportunity to speak with USP Lewisburg's Clinical Director Dr. Andrew Edinger, defense counsel was informed that USP Lewisburg's counsel *would not make him available* and advised to "keep faxing" the voluminous medical record the government had failed to provide in advance of Mr. Samsel's appointment. (Exhibit B). It is long past time to end this charade. The Court should order Mr. Samsel temporarily released pursuant to 18 U.S.C. § 3142(i). In the alternative, Mr. Samsel requests the Court order him transferred back to USP Lewisburg.

1

*Procedural Developments*

Following a hearing on Mr. Samsel's request for temporary release pursuant to 18 U.S.C. § 3142(i), the government, over Mr. Samel's objection, transferred Mr. Samsel to FDC Philadelphia on or about May 23, 2022.  Second Mot. Extend Evaluation Deadline (June 13, 2022) (ECF No. 171).  In subsequent correspondence with the Court and the government, defense counsel articulated its opposition to Mr. Samsel's transfer based on the belief that, "Mr. Samsel will spend weeks in solitary confinement – an unnecessary punishment that he has endured for the majority of his detention - with little or no access to his counsel."  That fear has become reality as Mr. Samsel has now been detained at FDC Philadelphia for more than a month while held in solitary confinement and with only limited access to his counsel (not to mention recreational time, a law library or other access to his legal file, or contact with friends and family).  The deplorable conditions to which he has been subjected require that he sleep, shower, and relieve himself in the same cinderblock cell.

Further exacerbating current circumstances is the fact that Mr. Samsel's transfer to FDC Philadelphia was for the purported purpose of his receiving an independent medical evaluation.  That "evaluation" has now happened, only for defense counsel to learn a) that the medical provider was given none of Mr. Samsel's voluminous medical record and b) that provider perceived the growth on Mr. Samsel's chest to be so serious that he recommended Mr. Samsel be seen by a breast surgeon immediately, noting the following issue:  "Screening mammogram *for breast cancer*." (Exhibit A (emphasis added)).  In short, no "evaluation" was provided with respect to Mr. Samsel's vascular condition – the reason for the independent medical evaluation in the first place – because of the perceived seriousness of the condition of the growth on Mr. Samsel's chest.

*Renewed Request for Temporary Release*

18 U.S.C. § 3142(i) permits the trial court, "by subsequent order, [to] permit the temporary release of [a defendant], in the custody of the United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for the preparation of the [defendant's] defense or for another compelling reason."  Twice before has a judicial officer concluded Mr. Samsel's medical condition constitutes a "compelling reason" warranting his temporary release and present circumstances warrant this Court doing so again.  Of note, § 3142(i) does not require the Court to consider the factors delineated in § 3142(g) such that any argument by the government that Mr. Samsel poses some vague and unarticulated threat is irrelevant.  *See United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020). ("[S]ection 3142(i) provides a distinct mechanism for temporarily releasing a detained defendant, in a manner that has nothing to do with a revisiting of the initial detention determination."). Nevertheless, Mr. Samsel does not oppose any restriction the Court deems necessary – 24 hour house arrest, for example – to afford him an opportunity to have his medical needs addressed.

To that end, as a pre-trial detainee under the standards applicable thereto.  As now Justice Brown Jackson observed, pretrial detention conditions give rise to a constitutional violation where, "they (1) rise to an objective level of a 'serious' deprivation, and (2) result from the official's subjective 'deliberate indifference.'"  *United States v. Lee*, 451 F. Supp. 3d 1, 8 (D.D.C. 2020) (internal quotations omitted) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  And courts in this District have ordered the temporary release of a defendant based on the concern over whether necessary medical care could be provided. *See United States v. Thomas*, 456 F. Supp. 3d 69, 79 (D.D.C. 2020) ("If [the defendant] is infected [with COVID-19] at the jail, . . . he will likely require significant medical resources and attention, burdening [] 'the jail's limited

healthcare resources.'" (quoting *United States v. Davis*, No. 19-cr-000292, 2020 U.S. Dist. LEXIS 68317, at *5 (D.D.C. Apr. 6, 2020) (emphasis added)). The government – through the U.S. Marshal's Service – has had ample opportunity to provide Mr. Samsel with the medical care he seeks. The continued deprivation of that care, now directly resulting from the failure to provide the medical provider the U.S. Marshal's service insisted on utilizing with a single page of medical records is tantamount to "deliberate indifference." The Court is well within reason to order Mr. Samsel's temporary release.

*Request for Transfer to USP Lewisburg*

Should the Court still not wish to Order Mr. Samsel temporarily released, he respectfully requests the Court order his transfer to USP Lewisburg. The Court has done this before (ECF 119) and it should do so again. Specifically, courts in this district have concluded authority to order such a transfer is vested in the judiciary where, for example, "a defendant may have serious medical problems that are brought to the attention of the Court," or where necessary "to preserve the Constistutional right to a speedy trial, access to counsel, and access to discovery." *See United States v. Medina*, 628 F. Supp. 2d 52, 56 (D.D.C. 2009). *See also id.* at 55 ("Merely because the administrators at the jail are generally in a better position to make classification decisions and decisions regarding day-to-day operations in the jail does not mean that this Court is without jurisdiction to grant pretrial detainees relief when the actions of a correctional facility violate the Constitution or impede the Court from administering justice."). As Judge Lamberth observed, "[w]ithout ensuring that the defendants have access to their counsel and to discovery, any convictions that result from proceedings in this Court could be invalidated. Accordingly, the Court is certainly not prohibited from remedying constitutional violations that infect its administration of criminal justice." *Id.* at 55.

Here, both Mr. Samsel's medical condition as well as the deprivation of his access to counsel warrant his transfer back to USP Lewisburg. While Dr. Edinger reversed his recommendation that Mr. Samsel be released less than week after initially recommending it, Mr. Samsel received at least *some* medical care from Dr. Edinger. Moreover, while detained at FDC Philadelphia, Mr. Samsel has been deprived of access to counsel, his case file, any research or reference materials, and, perhaps most inhumanely, the ability to communicate with others at all. The problems that face those detained at FDC Philadelphia are not unknown to the general public – to put it bluntly, regardless of any future promise the government may make about *the potential* for further treatment while he is detained there, Mr. Samsel respectfully declines the same and asks that he be permitted detention in more hospitable conditions at USP Lewisburg. *See, e.g.*, Peter Scharff Smith, *The Effects of Solitary Confinement on Prison Inmates: A Brief History and Review of the Literature*, 34 Crime & Just. 441, 475 (2006) (reviewing and summarizing research on the effects of solitary confinement and concluding: "The weight of the modern evidence concurs with eh findings of earlier research: whether and how isolation damages people depends on the duration and circumstances and is mediated by prisoners' individual characteristics; but *for many prisoners, the adverse effects are substantial*." (emphasis added)).

## CONCLUSION

For the foregoing reasons, Mr. Samsel respectfully requests the Court order his temporary release pursuant to 18 U.S.C. § 3142(i). Alternatively, Mr. Samsel respectfully requests the Court order that he immediately be transferred to USP Lewisburg.

[SIGNATURE ON NEXT PAGE]

Dated: July 6, 2022               Respectfully submitted,

                                   */s/ Stanley E. Woodward, Jr.*
                                  Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                  BRAND WOODWARD LAW, LP
                                  1808 Park Road NW
                                  Washington, DC  20010
                                  202-996-7447 (telephone)
                                  202-996-0113 (facsimile)
                                  Stanley@BrandWoodwardLaw.com

                                  *Counsel for Defendant Ryan Samsel*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | )<br>)<br>) Case No. 1:21-cr-00537-JMC |
| v. | ) |
| **RYAN SAMSEL**, | )<br>) |
| Defendant. | )<br>) |

## CERTIFICATE OF SERVICE

On July 6, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to the following registered parties:

        */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Ryan Samsel*