IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 1:21-cr-00537-JMC |
| | ) |
| RYAN SAMSEL, | ) |
| | ) |
| Defendant. | ) |

### SAMSEL'S REPLY IN SUPPORT OF "STATUS REPORT"

Mr. Samsel reiterates his desire to have the Court again transfer him, *inter alia*, "for the convenience of the Court," to USP Lewisburg. *See* Order (March 4, 2022) (ECF No. 119). Despite the seventeen (17) pages the government filed in response to Mr. Samsel's July 6, 2022, Status Report (ECF No. 180), not one case cited by the government stands for the proposition that the Court cannot transfer Mr. Samsel, as requested.

Specifically, the government submits that the Court cannot order Mr. Samsel's transfer, "absent a finding of a constitutional violation." Opp. at 3 (July 12, 2022) (ECF No. 183). The cases the government cites, however, do not stand for any such proposition. In *United States v. Jones*, No. 19-cr-00333, 2020 U.S. Dist. LEXIS 122631 (D. Or. July 13, 2020), a District Court acknowledged it "could make recommendations" concerning the transfer of a pretrial detainee. *Id.* at *5. *Jones* is also distinguishable in that the defendant had not challenged his access to counsel and/or his access to his court proceedings. In *United States v. Wattenbarger*, No. 6-cr-171, 2007 U.S. Dist. LEXIS 8107 (E.D. Cal. Jan. 25, 2007), a District Court was asked to Order the U.S. Marshals' Service to permit the defendant a contact visit with his newborn son, a request for which the defendant, "ha[d] shown no legal authority to support." *Id.* at *1. In *United States v. Bigham*, No. 14-cr-20676, 2016 WL 738045 (E.D. Mi. Feb. 25, 2016), a District

Court declined to order the transfer of a defendant, "[a]bsent any factual substantiation to suggest that extraordinary circumstances exist in this case, Defendant's vague and conclusory allegations of racial discrimination and lack of medical care." *Id.* at \*2.  And in *United States v. Espinoza-Arevalo*, No. 14-cr-332, 2015 U.S. Dist. LEXIS 174019 (W.D. Mo. Dec. 29, 2015), a District Court concluded that a defendant's asserted inability to communicate with facility officials because he spoke limited English and the facility officials spoke limited Spanish did require the Court to order the defendant's transfer absent a constitutional violation.

The government submits that the Court should not order Mr. Samsel's transfer from FDC Philadelphia because the government has a "legitimate government objective" for keeping him housed there.  *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979) ("[A] restriction on a pretrial detainee does not constitute punishment unless it is (1) intended as punishment or (2) unrelated to a legitimate government objective.").  However, the only "legitimate government objective" asserted by the government is Mr. Samsel's receipt of medical care that he has now expressly refused.  Moreover, Mr. Samsel has argued that his detention at FTC Philadelphia *is intended as punishment*.  See Status Report (July 6, 2022) (ECF No. 180).  Nevertheless, *this Court* need not reach such Constitutional issues.

Although 18 U.S.C. § 4086 delegates housing decisions to the United States Marshals' Service, the government cites no authority precluding the Court from ordering a transfer of Mr. Samsel "for the convenience of the Court."  *See* Order, *United States v. Manafort*, No. 18-cr-83 (July 10, 2018) (ordering defendant transferred to facilitate access to counsel and trial readiness *over the defendant's objection*).  Indeed, the government *opposed* Mr. Samsel's Motion to Stay the Court's Order transferring him *to* FDC Philadelphia. The government simply cannot have it both ways.  As another Court in this District has held, "the Court must safeguard a pretrial

detainee's constitutional rights . . . ." *United States v. Medina*, 628 F.Supp. 2d 52, 56 (D.D.C. 2009).  Thus, "[i]n cases such as this one, discovery problems and counsel access problems may plague a case so severely that the Court must resort to a defendant's transfer in order to preserve the Constitutional right of a speedy trial, access to counsel, and access to discovery." *Id*. Contrary to the government's focus on the *Medina* Court's later procedural history, no authority cited by the government, contradicts long-standing precedent of *this District* that the Court may order the transfer of a pretrial detainee to avoid further deprivation of Constitutional rights and/or for the convenience of the Court.  Indeed, as the Court acknowledged at its last Status Conference, if the U.S. Marshal's have any concern in housing Mr. Samsel at USP Lewisburg, they know how to advise the Court accordingly.

[SIGNATURE ON NEXT PAGE]

Dated: July 20, 2022               Respectfully submitted,

                                                 */s/ Stanley E. Woodward, Jr.*
                                   Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                   BRAND WOODWARD LAW, LP
                                   1808 Park Road NW
                                   Washington, DC  20010
                                   202-996-7447 (telephone)
                                   202-996-0113 (facsimile)
                                   Stanley@BrandWoodwardLaw.com

                                   *Counsel for Defendant Ryan Samsel*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | Case No. 1:21-cr-00537-JMC |
| v. ) | |
| ) | |
| **RYAN SAMSEL**, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**CERTIFICATE OF SERVICE**

On July 20, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to the following registered parties:

                                                      */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Ryan Samsel*