UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RYAN SAMSEL, *ET AL.*,<br><br>    Defendants. | Criminal Action No. 21-537 (JMC) |

## ORDER

Before the Court is Defendant Ryan Samsel's Status Report, ECF 180, to which the Government has responded, ECF 183. In his report, Mr. Samsel renews his request for temporary release pursuant to 18 U.S.C. § 3142(i), or, in the alternative, asks the Court for an order requiring his transfer from FDC Philadelphia to USP Lewisburg. The Court previously issued an order to facilitate Mr. Samsel's transfer from Lewisburg to Philadelphia on May 17, 2022, for purposes of his obtaining a medical evaluation at a tertiary research center. ECF 159. On June 28, 2022, Mr. Samsel was evaluated at Thomas Jefferson University Hospital by a vascular surgeon, who requested that Mr. Samsel receive some additional scans, including a mammogram, before returning for a follow-up in about four weeks. To date, based on the Parties' filings, it does not appear that the scans and follow-up appointment have occurred, though it is not clear to the Court whether they have already been scheduled. For the reasons stated below, the Court denies Mr. Samsel's request for temporary release, but recommends—though does not order—that the United States Marshals Service (and/or Bureau of Prisons) transfer Mr. Samsel from FDC Philadelphia back to USP Lewisburg.

1

The Court denies Mr. Samsel's renewed request for temporary release. Under 18 U.S.C. § 3142(i), a court may "permit the temporary release of [a defendant], in the custody of a United States marshal or another appropriate person, to the extent that . . . such release [is] necessary for preparation of the person's defense or for another compelling reason." As explained on the record during the status conference held on July 7, 2022, the Court does not see any intervening change in circumstances that provides a "compelling reason" to revisit its prior order denying Mr. Samsel's request for release, ECF 161, which was recently affirmed on appeal, *United States v. Samsel*, No. 22-3034 (D.C. Circuit July 22, 2022) (per curiam). And though Mr. Samsel notes that "[t]wice before has a judicial officer concluded Mr. Samsel's medical condition constitutes a 'compelling reason' [under § 3142(i)] warranting his temporary release," ECF 180 at 3, in both of those instances Mr. Samsel was released to the custody of the Commonwealth of Pennsylvania, not into the community, and thus remained detained, *see* ECF 28 & 65—a situation easily distinguishable from the one before the Court now.

However, the Court grants Mr. Samsel's request for an order requesting that the United States Marshals Service (and/or Bureau of Prisons) transfer him back to USP Lewisburg, where he was detained before he was transferred to FDC Philadelphia for the purpose of facilitating a medical evaluation at a tertiary research center. In so doing, the Court first emphasizes that it is requesting, not ordering, the transfer, and observes that the Parties do not dispute that this Court has the authority, at minimum, to make that sort of request or recommendation. *See* ECF 183 at 15; ECF 186. Furthermore, now that the evaluation to determine whether Mr. Samsel has any immediately pressing medical issues has occurred, the Court issues this request simply with the intent of restoring the status quo prior to the Court's May 17 Order, and in the hopes of obviating the need for its further involvement in the day-to-day management of matters related to Mr.

Samsel's pretrial detention. In particular, the Court notes the difficulty that it has had while Mr. Samsel has been detained in Philadelphia with scheduling court proceedings in which Mr. Samsel is permitted to participate, given that facility's scheduling policies and procedures. Additionally, to date, FDC Philadelphia has not made Mr. Samsel available to participate in hearings by video. Every other party to this case and their counsel have been able to participate in hearings by video, which the Court finds to be a better substitute for in-person proceedings than telephone.

Further, while the Parties dispute who bears responsibility for difficulties in scheduling and conducting legal calls between Mr. Samsel and his counsel while he has been detained at FDC Philadelphia, ECF 183 at 12-13 n.7, the fact remains that no such issues required the Court's intervention while Mr. Samsel was previously detained at USP Lewisburg. But on three occasions while Mr. Samsel has been detained at Philadelphia, the Court has had to issue show-cause orders to facilitate these calls, which necessitates coordinating with Mr. Samsel's counsel to obtain information about their availability, drafting orders, and scheduling show-cause hearings to ensure that the calls have taken place. The Court does not wish to continue to be involved in arranging Mr. Samsel's communication with his counsel, which must happen regularly to prepare for his case. In sum, these issues have required frequent intervention by the Court and caused it more than just minor inconvenience, and it is hoped that a transfer would resolve them.

Finally, the Court emphasizes that, while it is today requesting Mr. Samsel's transfer back to Lewisburg, the ultimate decision on where, when, or whether to transfer Mr. Samsel is committed to the discretion of the United States Marshals Service (and/or Bureau of Prisons)—bearing in mind, for example, whether to delay any transfer until the additional scans and follow-up appointment requested by the vascular surgeon have been completed, assuming that they have been scheduled and are set to occur in the near future. To be clear, this Order is in no way intended

to displace Mr. Samsel's custodians' or related medical professionals' judgment about Mr. Samsel's treatment, such as which medical appointments he needs to attend, or when and where he needs to attend them.

Accordingly, for those reasons, the Court **ORDERS** that Mr. Samsel's renewed request for temporary release pursuant to 18 U.S.C. § 3142(i) is **DENIED**. However, the Court requests that the United States Marshals Service (and/or Bureau of Prisons) transfer Mr. Samsel from FDC Philadelphia to USP Lewisburg. The Court further **ORDERS** that the Parties submit status reports by August 11, 2022, apprising the Court of any updates on this issue, including whether the additional scans and follow-up appointment requested by the vascular surgeon who evaluated Mr. Samsel have occurred.

**SO ORDERED.**

DATE: July 28, 2022

_____
Jia M. Cobb
U.S. District Court Judge