IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| v. | ) Criminal No. 1:21-cr-00537-JMC ) ) |
| RYAN SAMSEL, | ) ) |
| Defendant. | ) ) |

### RENEWED MOTION FOR TEMPORARY RELEASE

COMES NOW, Defendant Ryan Samsel, by and through undersigned counsel, and pursuant to 18 U.S.C. §3142(i), and respectfully renews his request that this Court order his temporary release, for the purpose of a medical procedure, specifically surgery on his chest. Prior to his pre-trial detention, Mr. Samsel had been seen by medical professionals regarding the abnormality in his chest, and thus moves for temporary release in order to be operated on by these same medical professionals, specifically with a Dr. Jared Liebman.

On April 1, 2022, Mr. Samsel first filed a motion requesting temporary release. Mot. (April 1, 2022) (ECF No. 142). Rather than order his temporary release, on May 17, 2022, this Court ordered Mr. Samsel to "receive an independent medical evaluation at a tertiary research center" and that he be "transported to an appropriate Bureau of Prisons facility for the purpose of receiving the independent medical evaluation." Order at 1, 2 (May 17, 2022) (ECF No. 159). Following this order, on or about June 1, 2022, Mr. Samsel was transferred to FDC Philadelphia where he has been placed in solitary confinement and/or the Special Housing Unit ("SHU"), has been repeatedly denied regular access to legal counsel, and has faced repeated issues with being allowed to attend court hearings by video. *See* Defendant's Status Report (July 6, 2022) (ECF No. 180). In addition to the difficulties Mr. Samsel has faced while housed at FDC Philadelphia,

he ultimately did receive an evaluation which resulted in his referral to a breast cancer specialist. *Id*.  Now, after further medical evaluation, Mr. Samsel has received the recommendation that he undergo a surgical procedure to his chest.  This recommendation not only does not have the benefit of a vascular consultation, but the defense has also not been provided information showing that Mr. Samsel's documented medical history has been provided to this doctor.  (*See* Exhibit A, filed under seal).

Now that Mr. Samsel has received the independent medical evaluation so ordered by the Court, Mr. Samsel respectfully requests the Court order Mr. Samsel's temporary release so that he may undergo this procedure by his own doctors, with whom he had received treatment prior to his detention in this case.  Pursuant to 18 U.S.C. §3142(i), a court may "permit the temporary release of [a defendant], in the custody of a United States marshal or another appropriate person, to the extent that . . . such release [is] necessary for preparation of the person's defense or for another compelling reason."  Mr. Samsel argues that his temporary release is necessary for the compelling reason of his undergoing surgery on his chest.  Mr. Samsel also argues that his temporary release is necessary for the preparation of his defense.  Of note, following the court's request for Mr. Samsel's transfer back to USP Lewisburg based on the difficulties Mr. Samsel is facing at FDC Philadelphia with access to counsel and access to video hearings, *see* Order at 2 (July 28, 2022) (ECF No. 187), Mr. Samsel has nevertheless remained at FDC Philadelphia and as such his access to counsel as well as his ability to prepare his defense in this action remain extremely hindered.

By way of just one example, as the Court is aware Mr. Samsel has been held in solitary confinement and/or in the SHU at FDC Philadelphia since his transfer there roughly ninety-three (93) days ago.  Following his administrative quarantine because of the COVID-19 pandemic, he

nevertheless remained in solitary confinement based on a purported incident report that had been referred to the U.S. Attorney's Office for the Eastern District of Pennsylvania. However, after contacting the Chief of the Criminal Division for the EDPA USAO, defense counsel was informed no such referral had been made to that office and we were directed to contact government counsel in this case, Ms. Karen Rochlin. Ms. Rochlin, however, similarly advised defense counsel that she had no "role" in any referral. When defense counsel advised FDC Philadelphia's counsel of the same, defense counsel was referred to the facility's *Public Information Officer*. Although defense counsel contacted the same, we have yet to receive any response.

Ultimately, given Mr. Samsel's history in this case as far as his difficulty with obtaining medical treatment, and the lack of complete records to any providers, through the USMS and BOP, he is understandably reluctant to trust the doctors chosen by the USMS and/or the BOP to perform surgery on his chest especially without a complete medical history; and resolve the medical issues that he has been facing since day one of his pre-trial detainment. Further, the chance of any normal rehabilitation post procedure, would be unreasonable in a facility that keeps him in a small cell, 24/7, where he eats, sleeps and even showers in the same cell, so that he never leaves it. For these reasons, Mr. Samsel's temporary release is "necessary" and should be so ordered.

[SIGNATURE ON NEXT PAGE]

Dated: September 2, 2022							Respectfully submitted,

      */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD, ATTORNEYS AT LAW
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

      */s/ Juli Z. Haller*
Juli Z. Haller, (DC 466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com

*Counsel for Defendant Ryan Samsel*

## CERTIFICATE OF SERVICE

On September 2, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Ryan Samsel*