UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case Number 1:21-cr-00537-JMC |
| RYAN SAMSEL, et al., : | |
| : | |
| Defendants. : | |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT SAMSEL'S RENEWED MOTION FOR TEMPORARY RELEASE

The United States of America respectfully submits that this Court should deny defendant Ryan Samsel's Renewed Motion For Temporary Release, ECF 191, because the defendant fails to meet his burden of proof or to provide a sufficient factual or legal basis for relief, and because his claims are meritless. Samsel's decision to refuse and obstruct medical care his detention facility has arranged is not a valid reason for release, and his claims about access to counsel fail to meet statutory requirements for the extraordinary relief he demands, as explained below.

A superseding indictment charges the defendant with serious felonies including crimes of violence arising from his role in the siege of the United States Capitol on January 6, 2021. ECF 80. Originally, the defendant was arrested pursuant to a complaint, and appeared before a magistrate judge in Philadelphia, where he stipulated to pretrial detention. After his removal to this district, the defendant again stipulated to detention. February 19, 2021 Minute Entry. From February 3, 2021 until March 31, 2022, Samsel not only stipulated to detention but affirmatively objected to his release. On April 1, 2022, he moved to revoke the order for his detention for reasons that included objections to the conditions of his confinement and his health care. ECF 142. When the motion to revoke was filed, the defendant was detained at a Bureau of Prisons facility in

Lewisburg, Pennsylvania.

This Court denied the Samsel's motion to revoke, finding that he was a flight risk and danger to the community. ECF 161. In addition, this Court ordered that he receive a medical evaluation at a tertiary care facility, recommending the University of Pennsylvania Medical Center based on requests from the defense. ECF 159. In an attempt to honor the Court's recommendation, the defendant was transferred to the FDC.  There, the defendant refused to be evaluated by FDC medical personnel, precluding arrangements for his care at the University of Pennsylvania, an out-of-network provider for the FDC.[1]  Without the evaluation that Samsel refused, the FDC could not justify out of network care.  Instead, the FDC arranged for the Samsel to receive care from a different hospital also affiliated with a university that was within the FDC's network.

On June 28, 2022, Samsel had a consultation with a doctor who is an Associate Professor of Surgery and the Director of the university hospital's Vascular Surgery Fellowship Program. Exhibit 1.  After his arrival at the hospital, defense counsel contacted the prosecution seeking assistance because the hospital was requesting Samsel's medical records (which defense counsel also possessed).[2]  The prosecution provided the records through a secure online platform, received notification that a nurse and the Associate Professor evaluating the defendant had received the records, and further confirmed receipt over the phone.  As a result of the consultation, the Associate Professor of Surgery recommended that the defendant receive additional screenings, including a chest x-ray, mammogram, and ultrasound, and return in approximately four weeks.[3]

---

[1] At the time, Samsel told FDC personnel he was refusing the evaluation because medical staff would not remove his handcuffs unless necessary to complete a medical procedure.

[2] The prosecution is unaware of the reason prompting the request for records.

[3] The conditions referenced in this response are already part of the public record as a result of testimony or prior filings; accordingly, the United States is not seeking to file its response under seal. *See, e.g.,* Transcript of May 5 Status Conference, ECF 185:11-43 (testimony of Dr. Andrew Edinger).

The defendant refused to receive the chest x-ray. Exhibit 2. He agreed to additional screenings. *Id*. On August 8, a doctor who is an Assistant Professor of Surgery examined the defendant and informed him that there were no suspicious findings on his imagings. *Id*. As a result of this examination, the doctor concluded that it would be "reasonable" for Samsel to undergo a biopsy, with a follow-up. *Id*. The hospital required pre-admission lab testing before the biopsy. Exhibit 3. The FDC confirmed with the doctor that there was no suspicion for malignancy. *Id*.

On August 19, 2022, Samsel refused the FDC's arrangements for pre-admission tests. *Id*. He persisted in his refusal after receiving advice that his refusal could cause the hospital to cancel his procedure. *Id*. On September 2, 2022, FDC medical personnel were informed that the hospital was cancelling the procedure. *Id*. FDC medical personnel also contacted the surgeon, who advised that in light of the cancellation, no follow-up was needed. *Id*.

Meanwhile, Samsel appealed this Court's order denying his motion to revoke the order for his pretrial detention. The United States Court of Appeals for the District of Columbia Circuit affirmed this Court's order. *United States v. Samsel*, No. 22-3034, 2022 WL 2903450 (D.C. Cir. July 22, 2022) (per curiam). In its judgment, the court of appeals stated:

> the district court committed no clear error in finding that appellant's medical condition did not warrant his release. Assuming that appellant's condition bears on the matter at hand, the district court considered it with the "utmost seriousness" and ordered that appellant receive an independent medical evaluation at an outside medical research center. … On the record before us, the district court did not need to do more than that.

*Id* (internal citation omitted).

Notwithstanding his refusal of care, Samsel insists that this Court should do more, and demands temporary release pursuant to 18 U.S.C. § 3142(i), which in relevant part provides that:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for

3

preparation of the person's defense or for another compelling reason.

*Id*. "A defendant moving under § 3142(i) bears the burden of showing that he is entitled to relief." *United States v. Chansley*, 525 F.Supp. 3d 151, 160 (D.D.C. 2021); *United States v. Riggins*, 456 F.Supp.3d 138, 149 (D.D.C. 2020). The defendant has not begun to meet that burden, which requires a showing with respect to his medical claims that temporary release is "necessary" and "for a compelling reason."

Samsel expresses alarm about the recommendation for what he describes as "a surgical procedure" and what records document as an excisional biopsy. He speculates that the recommendation for a biopsy "does not have the benefit of a vascular consultation" although it was the Director of the Vascular Surgery Fellowship Program who made the referral to the Assistant Professor of Surgery who found that the biopsy would be reasonable. Mere speculation that doctors working in the same hospital system may not be consulting with each other about a patient referred by one to the other is not proof and does not meet the defendant's burden for gaining relief under Section 3142(i).[4] *Compare* Exhibit 2 at page 5 (documenting that on August 10, 2022 the surgeon recommending the biopsy sent a letter to the Director of the Vascular Surgery Fellowship program who examined Samsel on June 28, 2022).

Similarly, the defense speculates that the surgeon who would perform the biopsy has not received Samsel's medical records from earlier providers. The defense has not established whether it is necessary for that surgeon to have such records, but assuming that to be the case, the defense does no more than question whether or not any such requirement has been met. The defense's lack

---

[4] In contrast to the professors of surgery who have examined Samsel, one of whom directs a university hospital's Vascular Surgery Fellowship, Samsel identifies his doctor of choice as Jared Liebman, MD. ECF 191:1. Dr. Liebman is a plastic surgeon. *See* https://providers.einstein.edu/provider/Jared+Liebman/1451383; *see also* Exhibit 5. The motion does not address whether Dr. Liebman has had the benefit of consulting with a vascular surgeon.

of information is not proof of anything and does not provide a basis for relief.

Moreover, the speculative concerns the defense tries to raise are now moot. No need for concern with Samsel's biopsy exists, because Samsel, by refusing pre-admission tests, has prevented the biopsy from going forward. Under these circumstances, the biopsy, which was neither urgent nor required but merely "reasonable," does not present the necessary and compelling justification needed to support release under Section 3142(i).

The medical care of detainees is the responsibility of the United States Marshals. 18 U.S.C. § 4086 ("United States Marshals shall provide for the safe-keeping of any person arrested or held under any enactment of Congress, pending commitment to an institution."); *see, e.g., United States v. Owle*, No. 2:09CR27, 2010 WL 3259790, at *5–6 (W.D.N.C. Aug. 18, 2010)("Because the care of a custodial defendant is left to the sound discretion of the Marshal, who is ultimately responsible for defendant's well being, the court takes no role in determining what is or is not the appropriate care"), *review granted, judgment aff'd*, No. 2:09 CR 27, 2010 WL 3522258 (W.D.N.C. Sept. 7, 2010). Samsel's disagreement with what the Marshals, through the FDC, have arranged for his medical care does not amount to a necessary and compelling reason for temporary release, or provide any basis for this Court to intervene in his care. Samsel's refusal of care indicates that his health is not, in fact, a compelling reason for release.

His motion also fails to demonstrate that temporary release is necessary for the preparation of his defense. In passing, his motion notes that his access to counsel is "hindered", ECF 191:2, because of his placement in administrative segregation. But "hindered" or limited access to counsel does not automatically show that temporary release is necessary for preparation of a defense. *See United States v. Thomas*, 456 F.Supp.3d 69, 78 (D.D.C. 2020)(explaining that "Although his counsel did tell the Court that the process of conferring with her client by telephone

can be difficult to navigate, she did not explain how that difficulty makes his release *necessary* for the preparation of his defense") (emphasis in original). Although arranging legal calls while the defendant is at the FDC may be difficult, such calls do occur. Counsel also have the option of arranging to visit the defendant in person. Although travel to the FDC may be inconvenient, it remains an alternative, which refutes the argument that temporary release is necessary.

Samsel's objections to his placement in administrative segregation also fail to justify release. His argument that such segregation will interfere with recuperation from his biopsy is moot because Samsel has prevented that biopsy from occurring. Furthermore, Samsel has not challenged his placement within the FDC by pursuing available administrative remedies. *See* Exhibit 4. Because such remedies remain an option, Samsel fails to show that temporary release is necessary to resolve his objections, assuming they provide a compelling reason for release.

Finally, Samsel's motion fails insofar as it does not address a plan for his release, makes no attempt to identify an appropriate custodian, and offers no evidence to show that he needs care from a plastic surgeon or that the doctor he prefers is even available or willing to treat him. For all of the foregoing reasons, therefore, Samsel's Renewed Motion For Temporary Release should be denied.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar Number 481052

By:   *s/Karen Rochlin*
        Karen Rochlin
        Assistant United States Attorney Detailee
        DC Bar No. 394447
        99 N.E. 4th Street
        Miami, Florida 33132
        (786) 972-9045
        Karen.Rochlin@usdoj.gov