# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 22-3034**                         **September Term, 2021**

**1:21-cr-00537-JMC-1**

**Filed On:** July 22, 2022

United States of America,

       Appellee

   v.

Ryan Samsel,

       Appellant

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Wilkins, Katsas, and Rao, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36.  It is

**ORDERED AND ADJUDGED** that the district court's May 18, 2022 order denying appellant's motion to revoke pretrial detention be affirmed.  Appellant has not demonstrated that the district court clearly erred in finding that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community.  See United States v. Hale-Cusanelli, 3 F.4th 449, 454–55 (D.C. Cir. 2021); United States v. Munchel, 991 F.3d 1273, 1282 (D.C. Cir. 2021).

As we explained in Munchel, "those who actually assaulted police officers and broke through windows, doors, and barricades, . . . are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way."  991 F.3d at 1284.  Here, the Government proffered photographic evidence that appellant pushed on and breached a barricade, ultimately causing a police officer to fall backwards and sustain a concussion.  The evidence further showed that after breaching that barricade, appellant confronted another line of

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———————

**No. 22-3034**                                              **September Term, 2021**

officers and attempted to wrest a riot shield away from one of them.  Moreover, appellant has nine prior criminal convictions, most of which involved assaults or threats.  This alleged conduct and prior criminal history support a sufficiently "identified and articulable threat" to the community to permit pretrial detention.  Id. at 1282 (alteration omitted) (quoting United States v. Salerno, 481 U.S. 739, 751 (1987)).

      The district court did not clearly err in finding that no combination of release conditions would adequately address this threat.  Where a defendant "was arrested while on parole," we have explained that the district court had no need to elaborate on why "a release subject to one or more of the conditions for release enumerated in [what is now 18 U.S.C. § 3142(c)(1)(b)] would be futile."  United States v. Simpkins, 826 F.2d 94, 97 (D.C. Cir. 1987).  Here, the district court reasonably relied on the evidence that appellant's alleged conduct in this case occurred while he was on supervision for prior convictions, as did most of those prior crimes.  Furthermore, the district court reasonably found that even the most restrictive conditions of home confinement with constant electronic monitoring would not suffice, particularly given that at least some of appellant's prior assault convictions arose in the domestic context.

      Finally, the district court committed no clear error in finding that appellant's medical condition did not warrant his release.  Assuming that appellant's condition bears on the matter at hand, the district court considered it with the "utmost seriousness" and ordered that appellant receive an independent medical evaluation at an outside medical research center.  Order at 3.  On the record before us, the district court did not need to do more than that.

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 22-3034**  **September Term, 2021**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk