IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| v. | ) Criminal No. 1:21-cr-00537-JMC |
| **RYAN SAMSEL,** | ) |
| **Defendant.** | ) |

### REPLY IN SUPPORT OF RENEWED MOTION FOR TEMPORARY RELEASE

Defense counsel is not in a position to refute the government's characterization of Mr. Samsel's refusal of medical treatment. Defense counsel would observe, however, that it is undisputed that Mr. Samsel has not refused any medical treatment from the practitioners at any private medical facility, including Jefferson Health in Philadelphia.

The only medical treatment the government alleges Mr. Samsel refused was to be provided by the Bureau of Prisons and/or the U.S. Marshal's Service. While it is regrettable that Mr. Samsel has lost faith in the BOP and/or the USMS to provide him with adequate medical care, it should not at all be unexpected. After all, it was the contradictory medical assessments of the Clinical Director of USP Lewisburg that led to Mr. Samsel's transfer to – and prolonged detention in solitary confinement at – FDC Philadelphia. Indeed, among the medical care the government claims Mr. Samsel refused, was to have blood drawn, despite USP Lewisburg's Dr. Etinger previously advising, "He cannot have any venipunctures in his arm . . . ."). Supplement to Def's Mot. for Release, Exhibit A at ¶ 3 (April 26, 2022) (ECF No. 150)

The government's claim that any refusal of medical care by Mr. Samsel somehow lessens the need for such care is a non sequitur. The Court ordered that Mr. Samsel obtain an independent medical examination. That examination led to the recommendation that Mr. Samsel

undergo surgery.[1]  As government counsel has had direct contact with the medical providers treating Mr. Samsel, they are well aware of the necessity of such treatment.[2]  The simple fact of the matter is that Mr. Samsel is asking the Court to allow him to obtain the treatment that an independent medical examination deemed necessary *from his own doctors*.

The Court can impose whatever conditions on Mr. Samsel's release it deems necessary to facilitate Mr. Samsel's receipt of treatment from Dr. Liebman.  If the U.S. Marshal's Service refuses to transport him for such treatment – a fact rendered ironic by the government's own disclosure that he is now affiliated with Jefferson Health, *see* Opp. Ex. 3 (Sep. 16, 2022) (ECF No. 195), then Mr. Samsel will arrange for transportation to and from Dr. Liebman's office, the contact information for which can be provided to the U.S. Marshal's Service and/or to the Pretrial Services Office for the Eastern District of Pennsylvania.  Mr. Samsel does not desire to further waste this Court's time squabbling with the government over what treatment it can provide him – he simply desires to receive medical care – care he has long requested – *from his doctors*.

[SIGNATURE ON NEXT PAGE]

---

[1] The government apparently seeks to diminish the necessity of surgery by referring to the same as a mere "biopsy." A biopsy – "the examination of tissue removed from a living body to discover the presence, cause, or extent of disease" – necessarily occurs *after the surgery*.

[2] The government's direct involvement in Mr. Samsel's medical care – speaking to the medical practitioners rendering the care – is itself curious.  But it is not at all clear why the government's disclosure of Mr. Samsel's personal medical records is not a violation of The Health Insurance Portability and Accountability Act of 1996 ("HIPPAA").  Mr. Samsel, of course, is permitted to authorize the disclosure of his medical records.  The government, on the other hand, is not.

Dated: September 26, 2022                    Respectfully submitted,

                                                           */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD, ATTORNEYS AT LAW
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Ryan Samsel*

**CERTIFICATE OF SERVICE**

On September 26, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Ryan Samsel*