UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**RYAN SAMSEL, et al.,**<br><br>Defendants. | Case No. 1:21-cr-00537-JMC |

**GOVERNMENT'S STATUS REPORT PURSUANT TO THE
COURT'S OCTOBER 19, 2022 MINUTE ORDER**

The United States of America, through undersigned counsel hereby provides the following status report pursuant to the Court's October 19, 2022 minute order and additional instruction from Chambers[1]:

1. Defendant Samsel was returned to the Bureau of Prisons (BOP) facility in Lewisburg, Pennsylvania (USP Lewisburg) on or about September 19, 2022.

2. On September 26, 2022, the United States filed a Status Report stating that the defendant's transfer to USP Lewisburg had occurred. ECF 198.

3. On September 29, 2022, the defendant reported tooth pain and advised that he needed to have a tooth pulled. On that date, the defendant's tooth was pulled. As of October 4, 2022, the defendant reported that he was no longer experiencing pain and no longer needed to report to the dental clinic.

4. On October 3, 2022, this Court issued a Minute Order that, among other matters, ordered the BOP to give defendant Samsel another opportunity to complete lab testing the

---

[1] On November 4, 2022, instructions were provided to the United States and counsel for defendant Samsel seeking a status report from the United States.

1

defendant had previously refused to undergo when housed at Federal Detention Center (FDC) in Philadelphia, Pennsylvania, although the lab testing was required before the defendant could undergo a biopsy. The Minute Order was forwarded to USP Lewisburg on October 3, 2022.

5. On October 5, 2022, USP Lewisburg's Clinical Director prepared a note stating that he had spent more than 10 hours reviewing defendant Samsel's medical records and the particulars of his case and care.[2] The note reported the defendant's 2020 encounter with a surgeon who agreed to perform surgery although the surgeon expressed doubt that the surgery would resolve the symptoms the defendant reported in 2020 (and which are the symptoms addressed in the Clinical Director's note). The note referenced a recent surgical consult (apparently the one arranged while the defendant was housed at the FDC in Philadelphia, Pennsylvania) which recommended a more restricted surgery in an area different from the location where the defendant previously reported discomfort.

6. Additionally, the note reported that before any surgery can proceed following the defendant's return to Lewisburg, new consultations with local physicians will be required. The note reported the Clinical Director's belief that the procedure could not be arranged within the next three to four months, or longer.

7. The note stated as well that the defendant's condition is "a non-emergent, non-life threatening condition that has not fundamentally changed since 2020. Furthermore, there are significant risks of infection, bleeding, and seroma formation with this surgery. This must be carefully weighed against the potential for little or no benefit in resolving his discomfort."

8. The note reported further:

---

[2] If requested, the Clinical Director's note and other medical records that are the source for statements in this Status Report can be provided to the Court. These records and others were previously provided to counsel for defendont Samsel.

> My original assertions remain unchanged. This is an elective procedure that his [*sic*] already been postponed for 2 years. This could easily be postponed longer without significant risk to Mr. Samsel. If this is to be embarked, I still prefer that this procedure be done at a tertiary center with experience in treating the potential vascular complications associated with his case.

9. The note expressed the Clinical Director's "deeper concerns" with the defendant's case, describing the defendant's medical complaints since his arrest as "an ever moving goalpost" and stating:

> I am fearing much of this is driving towards some form of secondary gain on his behalf. This surgery for [defendant's condition] has a high potential for complication which could draw this entire process out extensively. Also, if a complication does occur, it opens up a series of litigation/malpractice assertions on his part which could further delay/cloud these issues. I for one would prefer to avoid what I perceive to be a trap.

10. The note concluded, "It is my opinion that the risks of pursuing surgery for this problem far outweigh the potential benefits from the surgery. I don't believe that this surgery is in his best interest. I am requesting the consults at the behest of the court."

11. On October 17, 2022, the defendant received a chest x-ray with normal results reported.

12. On October 18, 2022, the defendant refused to have blood drawn for various lab tests.

Respectfully submitted,

FOR THE UNITED STATES:

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:

*/s/ Karen Rochlin*
KAREN ROCHLIN
DC Bar No. 394447
Assistant United States Attorney Detailee
U.S. Attorney's Office
Southern District of Florida
99 N.E. 4th Street
Miami, Florida  33132
(786) 972-9045
Karen.Rochlin@usdoj.gov

/s/ J. Hutton Marshall
J. Hutton Marshall
DC Bar No. 1721890
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20005
 (202) 252-6299
Joseph.hutton.marshall@usdoj.gov