IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) )  ) |
| v. | ) Criminal No. 1:21-cr-00537-TJK ) ) |
| RYAN SAMSEL, | ) ) |
| Defendant. | ) ) |

## MOTION FOR CONTINUANCE OF TRIAL DATE AND ORDER REGARDING MEDICAL TREATMENT

Defendant Ryan Samsel, by and through the undersigned counsel, and pursuant to the Eighth Amendment of the United States Constitution respectfully moves this Court to enter an Order directing United States Marshal's Service (USMS) and/or the BOP / USP Lewisburg in Lewisburg, PA (Lewisburg) to provide *instanter* such medical treatment and medication as are medically necessary, and to produce all medical records in their possession custody and control, including third party medical records of Mr. Samsel, to any outside providers that they send Mr. Samsel to, for consultation or if any treatment were to get scheduled. Further, Mr. Samsel seeks to continue his trial date due to his pressing medical condition and pain, which consumes his attention and makes trial preparation unfeasible.

### PROCEDURAL HISTORY

Mr. Samsel was charged by criminal complaint on or about January 29, 2021 (ECF No. 1) and subsequently arrested without incident at his home in the Eastern District of Pennsylvania on or about January 30, 2021. He has been detained since and since then has spent substantial time enduring the torture of solitary confinement, sometimes represented as 24 and none, other times represented as Administrative Segregation, 23 and one, but without the actual one hour break. At the time of his detention, Mr. Samsel was undergoing medical treatment for a cyst in

his chest, and had a procedure scheduled with Dr. Liebman of Einstein Medical in Montgomery Pennsylvania.

On or about March 21, 2021, Mr. Samsel got viciously assaulted in the late hours on March 21, 2022, while in the custody of the District of Columbia Department of Corrections, and while detained in "administrative segregation"—the latest euphemism for solitary confinement. The DC Jail took Mr. Samsel to the Emergency Room at Howard University Hospital on March 22, 2021, where he was admitted and treated for injuries including, but not limited to head strike and loss of consciousness, bilateral eye ecchymosis, acute kidney injury, injury of the wrists, fracture of the orbital floor (right side / closed fracture), bilateral facial bilateral nasal bone fracture and thoracic outlet syndrome. Ultimately, as a result of the brutal assault, Mr. Samsel lost vision in his right eye, has suffered seizures, and has continuing pain and suffering in relation to the thoracic outlet syndrome as well as a cystic condition (that may have been aggravated in the assault), and a general lack of follow up care, and rehabilitative care. There has been no genuine mitigation and instead, Mr. Samsel's condition appears to have grown in severity.

Following his assault, Mr. Samsel got first transferred to the Rappahannock Detention Center, and then, to the CVRJ, where he suffered another assault to the head, and his extremities, and taken to an emergency hospital room following the incident; and later, to NNRJ where he suffered yet a third head and injury to his extremities, and another hospital visit; documented on this record. (*See* ECF Filings 50, 51, 54 and 55, dated 10.14.21).

By way of background, back on May 14, 2021 because of concerns regarding Mr. Samsel's receipt of adequate medical care, Magistrate Judge Faruqui issued a Medical / Mental Health Alert to the Department of Corrections. On July 1, 2021, Magistrate Judge Faruqui

stayed Mr. Samsel's transfer to the Central Virginia Regional Jail to permit "the court [and] the parties to locate the best available medical care for the defendant," Minute Entry, although Mr. Samsel was ultimately transferred there. On July 29, 2021, Mr. Samsel's prior counsel filed a motion seeking an emergency status conference because "Mr. Samsel [was] very concerned about the care he will receive after his medical procedures." Motion at 1 (ECF No. 40). Magistrate Judge Faruqui held a hearing on August 5, 2021, to which he requested a representative of the U.S. Marshal's Service as well as a representative of the medical unit of the Central Virginia Regional Jail. Mr. Samsel did not attend that hearing because CVRJ happen to schedule his visit to the University of Virginia for vascular studies and a visit with a vascular surgeon on the same day.

On August 12, 2021, the undersigned filed a motion to substitute counsel, (ECF No. 42), and on August 16, 2021, Magistrate Judge Faruqui held a hearing at which that motion was granted. Once again, Magistrate Judge Faruqui requested the attendance of a representative of the medical unit of the Central Virginia Regional Jail. At that hearing, Ms. Deadre Lewis, a nurse in the medical unit, advised that the U.S. Marshal's Service had approved all medical treatment that had been ordered. However, a screen shot provided by the Central Regional Virginia Jail confirmed that in fact the medical procedures had not been approved. (Exhibit A).

Also relevant to background is that Mr. Samsel was only Indicted on August 26, 2021, ECF 46, which charged Mr. Samsel with 7 Counts, Violations of 18 U.S.C. 231(a)(3) in Count 1 and 2; violations of 18 U.S.C. 111(a)(1) & (b) and 2 in counts 3 and 4; violations of 18 U.S.C. 1752 (a)(4), (b)(1)A) and (b)(1)(B) and 2 in Counts 4 and 5; violations of 40 U.S.C. 5104 €(2)(F) and 2 in Count 6; and violations of 18 U.S.C. 1512(c)(2) and 2 in Count 7 with no facts set forth

in support of counts stated.  On September 14, 2021, Mr. Samsel entered a plea of Not Guilty on all Counts before the Honorable Timothy J. Kelly.

A Superseding Indictment followed on November 17, 2021 and a Second Superseding Indictment on December 15, 2021; and the case reassigned to Judge Cobb on January 18, 2022. The case is currently set for trial on March 6, 2023 for Voir Dire.

CVRJ Medical Records make clear that Orders and Referrals got ignored back in 2021, including an order regarding a cystic condition in Mr. Samsel's chest, orders for MRIs, treatment for loss of strength and range of motion, ophthalmology, ----- all unprocessed.  Further,  UVA referred Mr. Samsel for physical therapy and follow up with ophthalmology at his August 2021 visit, but to date, he has received none of the follow up care.

Moreover, counsel has a record of struggling to obtain Mr. Samsel's medical records from or through the United States Marshalls' Service ("USMS"), and it took a hearing, additional filings and a Court Order for CVRJ to produce third party records regarding Mr. Samsel, despite signed authorizations.  (See Minute Order of 10.29.2021) MINUTE ORDER as to RYAN SAMSEL: *It is hereby ORDERED that, by November 9, 2021, ("the Government shall provide Defendant's counsel with all Defendant's medical records pertaining to the medical care he has received since being detained in this matter.*")

Undersigned counsel has represented Mr. Samsel for nearly two years now.   In that time it took months to obtain the medical records that we have.  And most recently, we have been provided records from Geisinger dated November 21, 2022, which now reports that "*Very Little Documentation Available*").   The Court is aware that Defense Counsel does not get notified by the government before they take Mr. Samsel to any medical facility, under the "guise" of "security," therefore, Counsel is unable to learn about a medical provider before or during or

4

even shortly after a visit. Therefore, Defense Counsel has no ability to provide medical records to outside providers, such as Geisinger, most recently, before a consult. Moreover, it took several back and forth email communications with government counsel just to obtain a copy of the Geisinger report, dated November 21, 2022, which was provided on December 2, 2022, just before the Court's scheduled court hearing of December 2, 2022 (subsequently vacated by the Court).

It is truly frustrating that a provider on November 21, 2022 documents "*little documentation available*" while Defense counsel possesses a fair amount to include several providers and pages. However, objective testing has been repeatedly ignored by the jails, including his most recent detainer, to include a lack of X-Rays and MRIs, despite those requests being made to the USMS back in 2021.

Geisinger wrote that he is scheduled with Plastic Surgery in April of 2023; and that they sought to get the schedulers to move this appointment up, but were unsuccessful. Geisinger found on physical examination, that Mr. Samsel "has limited range of motion of his left arm", and further referred him for a Hematology/ Oncology workup, and to Physical Therapy to help the Upper Extremities symptoms, (a referral he also received from the University of Virginia in 2021, which to date has remains outstanding); and noted the lack of diagnostic studies. It is also documented in the Geisinger record, a finding that "*of utmost import, is that he be evaluated and treated for his beast mass and nipple discharge*." And Geisinger's records document the concern that the mass in the breast could be malignant, and if so, 'would potentially lead to recurrent DVT's' (Deep Vein Thrombosis). (*See* Geisinger records dated November 21, attached as Ex. A, under seal).

Dr. Edinger on 11/21/22 reviewed the Geisinger record and issued notes, without a physical examination of the Defendant, and stated that the provider raised two concerns, lifetime anticoagulation and possible malignancy of the left breast. He acknowledged the possible need for lifetime anticoagulation therapy, but does not have records on any hypercoagulable workup, therefore agrees that it is "prudent to acquire a hematology consult; and will place the request." Dr. Edinger documents his doubts as to a "malignancy" in the left breast and instead believes that his breast pain is "*due to the vascular engorgement in his left chest.*" He notes that the Defendant has a pending consult with plastic surgery for the gynecomastia, but because he does not believe it is a malignancy, he is not pressing to move up the date that is currently April of 2023. (Exhibit B, under seal)

Mr. Samsel remains, pre-trial, presumed innocent, despite the government's best efforts to have kept him in holding cells for 23 and 24 hours a day for long periods of time leading up to his current custody and lack of treatment. Despite a potential disagreement over the risk of a cancerous mass versus a vascular engorgement, both Geisinger and Dr. Edinger find the need for follow up, including physical therapy and a hematology work up and potentially anti-coagulation therapy, and document the Defendant's *pain*.

The government has recently also provided a medical record to Defense Counsel from Jefferson Hospital dated June 29, 2022 where diagnostic studies were ordered: stating "*Requests made by consultant: CXR, [bi-lateral screening] Mammogram, and Ultrasound of left breast. Follow up with General Surgery in about 4 weeks, after completion of requested imaging.*" There is also a follow up note provided that claims Mr. Samsel refused the X-ray imaging, but then another follow up report, dated August 8, 2022, was also provided from Dr. Melissa A. Lazar with Jefferson Health, which documents "a Bilateral Mammogram" and findings to

include a "*10 mm mass seen in the right breast; and an 8 mm intramammary lymph node in the upper outer quadrant of Right Breast, 3 cm from nipple*" and "*moderate gynecomastia in both breasts*." Dr. Lazar concluded that "<u>*I think it is reasonable to undergo surgical excision of the breast tissue in the retro--- region bilaterally*</u>." 08/08/22 (emphasis added). (See Ex. C, under seal)

By way of background, in NNRJ and in Philadelphia, despite documented head trauma, Mr. Samsel remained in 24 hour lockdown for long periods, without any ability to get outside or any physical movement, and despite a referral for Physical Therapy from UVA in 2021, this court had to get involved just to get him access to counsel. He has had no control in government custody over his medical treatment, so it is disingenuous for the government to lay blame on a lack of additional diagnostic studies on a detained defendant who in custody has been beaten on at least three occasions.

The pain that the doctors agree upon, the shingles noted by Dr. Edinger, the limited range of motion in the extremity by Geisinger, referrals for Hematology and Plastic Surgery; and findings by Jefferson Health and Geisinger both further document the objective findings that support the fact that Defendant Samsel is suffering from pain; and has a mass in his breast and nipple discharge, but to date, has not actually been treated, received a surgical excision or received pain medication for any of these findings. It is unreasonable to now expect that Mr. Samsel can adequately focus on trial preparation, and with his scheduled follow in only April, it is respectfully requested that Mr. Samsel's trial be continued to a time after treatment begins.

## ARGUMENT

"The Eighth Amendment ban against cruel and unusual punishment obliges prison authorities to deliver medical care to those whom it punishes by incarceration." *Gasaway v.*

*District of Columbia*, 1996 U.S. Dist. LEXIS 23176, *3 (D.D.C. April 29, 1996) (*citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  *See also Olaniyi v. District of Columbia*, 763 F.Supp. 2d 70, 96 n.23 (D.D.C. 2011) ("The District of Columbia is constitutionally obligated to provide inmates with medical care.").

This lack of treatment to date is in direct contravention of Mr. Samsel's Constitutional Rights.  *See Estelle*, 429 U.S. at 103-04 ("*An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical 'torture or a lingering death,' the evils of most immediate concern to the drafters of the Amendment. In less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose.  The infliction of such unnecessary pain and suffering defies any standard of decency in this country.  That is why modern legislation codified the common law view that 'it is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself.'*" (citations omitted)).

## CONCLUSION

For these reasons, Defendant Ryan Samsel respectfully requests this Court issue an Order directing United States Marshal's Service and/or the BOP and the government to provide medical treatment and medication, to include any anti-coagulation therapy and any pain medication recommended by outside providers the government chose to take Mr. Samsel to; and to produce all medical records in their possession custody and control to any provider that they take Mr. Samel to see, including third party medical records of Mr. Samsel.  And again, it is respectfully requested that Mr. Samsel's trial be continued from March 1, 2023, to a time after

8

treatment begins, which can be no earlier based on his current consult date with plastic surgery of April 2023.

[SIGNATURE ON NEXT PAGE]

Dated: December 16, 2022                    Respectfully submitted,

                                              */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC 20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*/s/* Juli Zsuzsa Haller
Juli Z. Haller, (D.C. Bar No.466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com

*Counsel for Defendant Ryan Samsel*


## CERTIFICATE OF SERVICE

On December 16, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

                                              */s/ Juli Zsuzsa Haller*
*Juli Z. Haller, (D.C. Bar No.466921)*
*The Law Offices of Julia Haller*
*601 Pennsylvania Avenue, N.W., Suite 900*
*Washington, DC 20004*
*Telephone: (202) 729-2201*
*HallerJulia@outlook.com*

*Counsel for Defendant Ryan Samsel*