**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No.: 1:21-cr-00537-JMC** |
| **v.** | : | |
| | : | |
| **RYAN SAMSEL,** | : | |
| **JAMES TATE GRANT,** | : | |
| **PAUL RUSSELL JOHNSON,** | : | |
| **STEPHEN CHASE RANDOLPH, and** | : | |
| **JASON BENJAMIN BLYTHE,** | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S MOTION AND NOTICE REGARDING**
**FEDERAL RULES OF EVIDENCE 404(b) AND 609**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion and notice regarding Federal Rule of Evidence 404(b) with respect to the admissibility of prior convictions of Defendant Ryan Samsel, which the government will seek to admit at trial.   The government also submits this notice of its intent to use his prior convictions for impeachment purposes, should he testify at trial, pursuant to Federal Rule of Evidence 609.

The defendant is charged with crimes related to his role in the attack on the Capitol on January 6, 2021.   Defendant is charged with Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) and 2; Assaulting, Resisting, or Impeding Officers Using a Dangerous Weapon, Inflicting Bodily Injury, and Aiding and Abetting, in violation of 18 U.S.C. § 111(a)(1) and (b) and 2; Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A); Engaging in Physical Violence in a Restricted Building

1

or Grounds with a Deadly or Dangerous Weapon, Resulting in Significant Bodily Injury, in violation of 18 U.S.C. § 1752(a)(4), (b)(1)(A), (b)(1)(B), and 2; Disorderly Conduct in a Capitol Building or Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D); Act of Physical Violence in the Capitol Grounds or Buildings and Aiding and Abetting, in violation of 40 U.S.C. § 5104(e)(2)(F) and 2; and Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. § 1512(c)(2) and 2.

Defendant has prior felony and misdemeanor convictions for simple assault, reckless endangering, disorderly conduct, unlawful restraint, terroristic threats, witness intimidation and conspiracy.   His convictions are probative to establish defendant's motive and intent to commit the crimes charged in this case, and absence of mistake; and his knowledge of, and familiarity with, violent assault, which will be at issue here.   Because the prejudicial effect from the admission of this proffered other crimes evidence does not substantially outweigh its probative value, admission of the evidence is appropriate.   The government submits notice, pursuant to Fed. R. Evid. 609, that it will also seek to use prior convictions for impeachment purposes.

## BACKGROUND

On January 6, 2021, Vice President Pence and his immediate family members, all under United States Secret Service ("USSS") protection, were present at the United States Capitol building. The United States Capitol Police ("USCP"), with authority over security on the Capitol grounds, set up security barriers on key entrance and exit points. On the west side of the Capitol, USCP set up metal bike rack barriers along First Street. Within the West Front of the Capitol building, USCP set up additional temporary metal barriers, green snow fencing, and signage stating, "Area Closed By order of the United States Capitol Police Board." The Lower West

2

Terrace on the West Front was closed to members of the public.

At approximately 12:45 p.m., defendant Samsel and co-defendants James Tate Grant, Paul Russell Johnson, Stephen Chase Randolph, and Jason Benjamin Blythe formed a group with other rioters gathered at the Peace Circle, on the northwest side of the Capitol grounds.   Defendants moved past the first line of barricades, toward a second line that was guarded by several USCP officers. Defendants threatened and verbally assaulted the officers. They then lifted the metal barricades and drove them into the USCP officers, knocking Officer C.E. to the ground.   As a result, Officer C.E. suffered a concussion. Defendants also attacked USCP Officer D.C., charged over the metal barricade and forced officers to fall back from their onslaught and the rush of other rioters.

Defendant and his co-defendants cleared the way and opened the floodgates to the January 6 riot, including the hours of terror, violence, destruction, and the injury that followed as thousands of rioters stormed the Capitol building and shut down the seat of government.

Defendant was already on parole when he traveled to Washington, D.C. and attacked officers on January 6, 2021. He had been charged and convicted for multiple violent attacks, assaults and threats for years prior to January 6.   On March 28, 2011, defendant sustained three felony convictions for Intimidation of Witnesses/Victims and Conspiracy in *Commonwealth of Pennsylvania v. Samsel*, CP-09-CR-0000099-2011.   Those charges involved proof that defendant "intimidate[d] or attempt[ed] to intimidate a witness or victim."   *Id*.   In the same case, defendant also sustained a misdemeanor conviction for Terroristic Threats, in violation of Pennsylvania Criminal Code Section 2706(A)(1).   That charge involved proof that defendant communicated "a threat to commit any crime of violence with the intent to terrorize another."   *Id*.   Defendant was

3

sentenced to 4 to 10 years confinement for his convictions on those offenses.  *Id*.  On March 28, 2011, defendant also sustained misdemeanor convictions for Simple Assault, in violation of Pennsylvania Criminal Code Section 2701(A)(1), based on proof that he did "attempt[ed] to cause or intentionally, knowingly, or recklessly cause[d] bodily injury to another"; Recklessly Endangering Another Person, in violation of Pennsylvania Criminal Code Section 2705; Unlawful Restraint with Serious Bodily Injury, in violation of Pennsylvania Criminal Code Section 2902; Disorderly Conduct Engage in Fighting, in violation of Pennsylania Criminal Code Section 5503(A)(1); and Harassment Subjecting Another to Physical Contact, in violation of Pennsylvania Criminal Code Section 2709(A)(1).  *Commonwealth of Pennsylvania v. Samsel*, CP-09-CR-5064-2010.  On July 27, 2009, defendant also sustained misdemeanor convictions for Simple Assault (Pennsylvania Criminal Code Section 2701(A)(1)) and Recklessly Endangering Another Person (Pennsylvania Criminal Code Section 2705), based on his having "recklessly engage[d] in conduct which placed or may have have placed another … in danger of death or serious bodily injury." *Commonwealth of Pennsylvania v. Samsel*, CP-09-CR-000357-2009.  On February 13, 2017, defendant was again convicted of Simple Assault, in violation of Pennsylvania Criminal Code Section 182701(A)(1).  *Commonwealth of Pennsylvania v. Samsel*, CP-09-CR-0004533-2016. That charge, again, involved proof that defendant "attempted to cause, or intentionally, knowingly or recklessly caused bodily injury to another."  *Id.*

Defendant was arrested in Pennsylvania on January 30, 2021 for the crimes he committed on January 6, 2021.  ECF 6.  On January 13, 2022, a federal grand jury returned the 14-count Third Superseding Indictment, charging defendants with Obstruction of Law Enforcement During a Civil Disorder and Aiding and Abetting, in violation of 18 U.S.C. §§ 231(a)(3) and 2 (Count 1);

two felony counts related to Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, Inflicting Bodily Injury, and Aiding and Abetting, in violation of 18 U.S.C. §§ 111(a)(1), (b), and 2 (Counts 2 and 3); three felony counts relating to disorderly conduct and violence in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752 (Counts 5–7); two misdemeanor counts relating to disorderly conduct and violence in a Capitol building or grounds, in violation of 40 U.S.C. § 5104(e)(2) and 18 U.S.C. § 2 (Counts 8 and 9); and Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count 10).   ECF 80. Randolph was charged alone in a separate count with Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1) (Count 4). Samsel was charged alone in two separate counts: Obstruction of Law Enforcement During a Civil Disorder, in violation of 18 U.S.C. § 231 (Count 11) and Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1) (Count 12). Grant was also charged alone in two separate counts: Entering and Remaining in Certain Rooms in the Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(C) and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

## LEGAL STANDARD

### RULE 404(b)

Federal Rule of Evidence 404(b)(2)(A) requires the government to provide "reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial."   Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake.   *See United States v. Bowie*,

232 F.3d 923, 926, 930 (D.C. Cir. 2000) (*citing* Fed. R. Evid. 404(b)).     As the United States Court of Appeals for the D.C. Circuit has instructed, Rule 404(b) is a rule of "inclusion rather than exclusion."   *Bowie*, 232 F.3d at 929.   Specifically, "[a]lthough the first sentence of Rule 404(b) is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of 'other crimes' evidence 'in but one circumstance' — for the purpose of proving that a person's actions conformed to his character." *Id.* at 929-30 (quoting *United States v. Crowder,* 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*) ("*Crowder II*")); *accord United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) ("[A]ny purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character") (quoting *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original)).

There is a two-pronged test for determining whether evidence of prior crimes is admissible under Rule 404(b).   First, the evidence must be "probative of a material issue other than character."   *Miller*, 895 F.2d at 1435 (citation omitted).   Second, the evidence is subject to the balancing test of Federal Rule of Evidence 403, which renders it inadmissible only if the prejudicial effect of admitting the evidence "substantially outweighs" its probative value.   *Id.*   Furthermore, it is not enough that the evidence is simply prejudicial; the prejudice must be "unfair."   *Cassell*, 292 F.3d at 796 (quoting *Dollar v. Long Mf'g, N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977)) for the proposition that "[v]irtually all evidence is prejudicial or it isn't material.   The prejudice must be "unfair."); *United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) ("[T]he Rule focuses on the danger of *unfair* prejudice, and gives the court discretion to exclude evidence only if that danger *substantially* outweigh[s] the evidence's probative value.") (citations and punctuation omitted) (emphasis in original).

Admission of Rule 404(b) evidence is permitted in the government's case-in-chief. Specifically, the government is entitled to anticipate the defendant's denial of intent and knowledge and to introduce similar act evidence as part of its case-in-chief.   *See United States v. Inserra*, 34 F.3d 83, 90 (2d Cir. 1994) ("[Rule 404(b) other crimes evidence] is admissible during the government's case-in-chief if it is apparent that the defendant will dispute that issue"); *United States v. Lewis*, 759 F.2d 1316, 1349 n.14 (8th Cir. 1985) ("It was not necessary for the government to await defendant's denial of intent or knowledge before introducing [Rule 404(b) other crimes] evidence; instead the government may anticipate the defense and introduce it in its case-in-chief"); *United States v. Bussey*, 432 F.2d 1330, 1333 n.13 (D.C. Cir. 1970) (noting that Rule 404(b) other crimes evidence to prove identity and to prove that prior and subsequent offenses are so identical as to mark them as handiwork of the defendant should be introduced in the government's case-in-chief).

**RULE 609**

Rule 609 of the Federal Rules of Evidence allows "for the admission of a defendant's prior convictions for purposes of impeachment, so long as the 'crime . . . was punishable by death or by imprisonment for more than one year' (that is, it was a felony), and 'the probative value of the evidence outweighs its prejudicial effect." *United States v. Ford*, 15-cr-25 (PLF), 2016 WL 259640, at *7 (D.D.C. Jan. 21, 2016) (quoting *United States v. Moore*, 75 F. Supp. 3d 444, 453 (D.D.C. 2014) and Fed. R. Evid. 609(a)(1)). In addition, the Rule permits the admission of convictions for crimes where the punishment is less than one year if the conviction for the crime required proof of "a dishonest act or false statement." Fed. R. Evid. 609(a)(2). The Rule also sets a higher bar for felonies where "more than 10 years have passed since the witness's conviction or

release from confinement for it, whichever is later." Fed. R. Evid. 609(b). In those instances, admission is still appropriate if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). As the Court of Appeals has observed, Rule 609 "stresses admissibility." *United States v. Lewis*, 626 F.2d 940, 950 (D.C. Cir. 1980). "Courts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary." *Id.*

"Where the Court has already concluded that the jury should hear about these prior convictions under Rule 404(b), it does not need to consider their prejudicial effect for Rule 609 impeachment purposes." *Ford*, 2016 WL 25964099, at *7 (citation and punctuation omitted); *accord Moore*, 75 F. Supp. 3d at 456 (collecting federal circuit court cases declining to find prejudice based on the Government's additional use of a prior conviction for Rule 609 purposes where the trial court had already permitted the prior conviction for use in the Government's case-in-chief under Rule 404(b)).

## ARGUMENT

### RULE 404(b) ADMISSIBILITY

Here, defendant's history and convictions involving assault, reckless endangering, terroristic threats, intimidation, unlawful restraint and conspiracy are relevant and probative of an issue other than character — in this case, that the charged acts that also involve assault, disorderly conduct and engaging in physical violence were done knowingly and intentionally and were not the result of inadvertence, mistake, or accident. As set forth in the superseding indictment, defendant Samsel and his co-defendants violently assaulted officers on January 6, 2021, including

causing Officer C.E. to suffer a concussion.   The defendants also threatened and attacked other officers as the first rioters to commit acts of violence and breach the Capitol grounds on the West Front.   Defendant will presumably try to claim at trial that he did not intend to assault police officers or engage in the other violent and disruptive conduct.   The evidence that he has been charged and convicted of the same or similar crimes is probative of the fact that he acted knowingly and intentionally on January 6, 2021.

The Rule 404(b) evidence that the government seeks to admit at trial is similar to other crimes evidence for which admission at trial has been upheld in other cases.   For example, in *Crowder II*, other narcotics evidence was admitted to show the defendant's knowledge, intent, and motive in the possession of the narcotics at issue in the case. 141 F.3d at 1208.   *See, e.g.*, *United States v. McCarson*, 527 F.3d 170, 174 (D.C. Cir. 2008) (finding two prior PWID convictions and two firearm convictions "were not only relevant; they were also highly probative of both [the defendant's] intent to distribute the crack cocaine and his constructive possession of the gun and the drugs").   Evidence admissible under Rule 404(b) is, of course, subject to the restrictions of Rule 403.   *See United States v. Moore*, 732 F.2d 983, 987 (D.C. Cir. 1984).   In this case, the highly probative value of the government's proffered 404(b) evidence is not substantially outweighed by potential prejudice to the defendant. Any potential prejudice is not unique to this case—where the government has shown a permissible non-propensity purpose—but is simply that endemic to all Rule 404(b) evidence.   *United States v. Douglas*, 482 F.3d 591, 601 (D.C. Cir. 2007) (quoting *Crowder II*, 141 F.3d at 1210).   Prejudice in this attenuated sense cannot justify a *per se* rule of exclusion.   *See Crowder II*, 141 F.3d at 1210.   The defense must instead show "compelling or unique" evidence of prejudice, *Mitchell*, 49 F.3d at 777, distinct from the probative

value of the evidence and distinct from the potential for prejudice.   The D.C. Circuit has consistently minimized the residual risk of prejudice not by exclusion but by instead issuing limiting instructions to the jury. *See, e.g.*, *Douglas,* 482 F.3d at 601 (emphasizing the significance of the district court's instructions to jury on the permissible and impermissible uses of the evidence); *Pettiford*, 517 F.3d at 590 (same); *Crowder II*, 141 F.3d at 1210 (stating that mitigating instructions to jury enter into the Rule 403 balancing analysis).   Thus, because the government's Rule 404(b) evidence is not unduly prejudicial and any minimal prejudice can be addressed through an appropriate limiting instruction, its admission is appropriate.

**RULE 609 IMPEACHMENT**

Defendant's prior convictions are also admissible for impeachment purposes pursuant to Fed. Rule. Evid. 609.

As an initial matter, the defendant's felony crimes meet Rule 609's initial impeachment threshold because his release in the cases falls within the ten year threshold for admissibility. Thus the inquiry turns on whether the probative value of the conviction outweighs its prejudicial effect.

In *United States v. Lipscomb*, 702 F.2d 1049, 1062 (D.C. Cir. 1983), the D.C. Circuit conducted an exhaustive review of the legislative history of Rule 609 and noted that "Congress believed that all felonies have some probative value on the issue of credibility," and held that "all felony convictions are probative of credibility to some degree." 702 F.2d at 1062 (emphasis omitted). Such convictions are particularly probative where, as here, a defendant's credibility is a central issue in the case, should he or she choose to testify at trial. *Id.* at 1071.   The serious nature of the defendant's prior offense may be considered by the jury as indicative of his lack of veracity as it is extremely probative of the defendant's respect for the law and is directly relevant to an

examination of credibility. The government should, therefore, be entitled to challenge the defendant's credibility with his prior convictions. The probative value substantially outweighs any prejudice to the defendant, and any prejudice can be cured by an appropriate cautionary instruction to the jury by the Court. Moreover, should the Court permit the conviction as admissible Rule 404(b) evidence, this Court need not even conduct a prejudice analysis. *See*, *e.g.*, *Ford*, 2016 WL 25964099, at \*7-9; *Moore*, 75 F. Supp. 3d at 456; *United States v. Chauncey*, 420 F.3d 864, 874 (8th Cir. 2005) ("Here, the prior conviction already was admitted under Rule 404(b), and the danger of unfair prejudice by repetition of the evidence was negligible."); *United States v. Lattner*, 385 F.3d 947, 961 (6th Cir. 2004) ("[T]he prejudicial effect of the evidence was minimal, as the prosecution had already properly introduced, under [Rule] 404(b), evidence of [defendant's] prior involvement in drug transactions."). Accordingly, a jury should be afforded the opportunity to hear about the defendant's prior felony conviction when evaluating his credibility.

As previously stated, it is reasonable to expect that the defendant will, through counsel, attack the credibility of officers or other witnesses at trial. To the extent that he is permitted to do that, should the defendant testify, his credibility is implicitly weighed against those witnesses and should be subject to impeachment. To allow defendant to impugn another person without just cause in a criminal offense, while simultaneously allowing him to shield himself from his own criminal convictions that dramatically cut against his own credibility, would be unfitting.

## CONCLUSION

Accordingly, for the foregoing reasons, the government respectfully requests that the Court permit at trial the introduction of its proffered other crimes evidence, pursuant to Fed. Rule Evid.

404(b), and permit the government to impeach the defendant with his prior convictions, pursuant

to Fed. Rule. Evid. 609, in the event that he elects to testify.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Christopher Brunwin*
CHRISTOPHER BRUNWIN
California State Bar Number 158939
Assistant United States Attorney Detailee
U.S. Attorney's Office
Central District of California
312 N. Spring Street
Los Angeles, California 90012
(213)894-4242
Christopher.Brunwin@usdoj.gov

KYLE R. MIRABELLI
Assistant United States Attorney
N.Y. Bar Number 5663166
601 D Street NW
Washington, D.C. 20005
(202)252-7884
Kyle.Myrabelli@usdoj.gov

JOSEPH HUTTON MARSHALL
D.C. Bar No. 1721890
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20005
(202) 252-6299
Joseph.hutton.marshall@usdoj.gov

12