IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) **Criminal No. 1:21-cr-000537-JMC** |
| v. | ) ) |
| **RYAN SAMSEL,** | ) ) |
| **Defendant.** | ) ) ) |

**ORDER**

**AND NOW**, this _____ day of _____, 2023, upon Consideration of Defendant Ryan Samsel's Motion For Continuance of Trial Date And Order Regarding Medical Treatment (ECF 229), the government's Opposition thereto (ECF 232), and the Reply (ECF 237), and after Oral Argument, for all of the foregoing reasons stated therein, the Court hereby Grants Defendant Samsel's Motion to Compel Medical Treatment in accordance with the recommendations by the independent consulting physicians the government has taken Mr. Samsel to, in accordance with ECF 159, wherein this court ordered, in part:

> ORDERED that, within fourteen (14) days of the date of this order, or a longer period for good cause shown, Mr. Samsel shall receive an **independent medical evaluation** at a tertiary research center. To the extent feasible, the Court recommends that the evaluation be conducted by the University of Pennsylvania Medical Center in Philadelphia, Pennsylvania….
>
> …That the evaluation shall provide **a comprehensive physical assessment** of Mr. Samsel and shall identify what if any procedures he requires and whether or not any procedure is elective or required on an urgent basis;
>
> and that,
>
> …No less than three (3) days before Mr. Samsel is transferred from the Bureau of Prisons' facility in Lewisburg, Pennsylvania where he is currently housed, the Bureau of Prisons, the United States Marshals Service, or government counsel in this case **shall**

> **notify defense counsel of the details of the upcoming transfer, including the name of the tertiary research center where Mr. Samsel will receive the evaluation.**

ECF 159 (emphasis added).

This court's prior order, ECF 159 made findings of an *independent* medical evaluation and a *comprehensive* physical assessment following Defendant's Renewed Motion to Revoke Detention and for Release, pursuant to 18 U.S.C. §3142(i).

Further, defendant previously filed a motion to revoke detention pursuant to section 3145(b) of Title 18 of the United States Code. ECF 142 wherein Defendant argued in part that,

> Indeed, it is axiomatic that the Bail Reform Act does not contemplate detention based purely on the alleged pending charges alone: to do so would unconstitutionally controvert one's presumption of innocence by requiring detention based solely on the allegations giving rise to the need for a detention hearing and not the facts and circumstances requiring contemplation by the plain language of the statute itself. *See*, e.g., 18 U.S.C. § 3142(j) ("Nothing in this section shall be construed as modifying or limiting the presumption of innocence."); *United States v. Klein*, 533 F. Supp. 3d 1, 12 (D.D.C. Apr. 12, 2021).

(ECF 142 at p. 17).

Defendant further argued in its Reply that,

> '[w]hen the Government proves by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community, . . . a court may disable the arrestee from executing that threat.'" *United States v. Munchel*, 991 F.3d 1273, at 1282 (D.C. Cir. 2021) (emphasis added) (*quoting United States v. Salerno*, 481 U.S. 739, 751 (1987)). "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Salerno*, 481 U.S. at 755. *See also United States v. Motamedi*, 767 F.2d 1403, 1405, 1406 (9th Cir. 1985) ("[F]ederal law has traditionally provided that a person arrested for a non-capital offense shall be admitted to bail. Only in rare circumstances should release be denied. Doubts regarding the propriety of release should be resolved in favor of the defendant." (internal citations omitted)).

(ECF 149 at p. 1).

And Defendant argued and renewed the argument that Defendant could be "placed in the custody of a family member, such as the Aunt and Uncle who raised him, or a close family friend, such as a former government official known to the government, subject to either household's approval by pretrial services. See 18 U.S.C. § 3142(i)."  (ECF 149 at p. 12).

The Court after a review of the factors to include (g) Factors to be considered set forth in 18 USCS § 3142 determined that Mr. Samsel would remain detained but also determined that, "[i]f the evaluation reveals that Mr. Samsel requires urgent treatment that cannot be provided while he remains in federal custody, then Mr. Samsel may renew his motion based on the findings and/or recommendations from the evaluation." ECF 161.

Further in ECF 229 and 237, Defendants have argued that "it is unreasonable to now expect that Mr. Samsel can adequately focus on trial preparation, and with his scheduled follow up in only April, it is respectfully requested that Mr. Samsel's trial be continued to a time after treatment begins." (ECF 237 at p. 9).

As Defendant argued in citing to *Estelle v. Gamble*, "These elementary principles establish the **government's obligation** to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs…" *Estelle v. Gamble*, 429 U.S. 97, 103 (emphasis added).  The Court, therefore, has the authority to review this order, and make the further determination that based upon the factors in detention pre-trial that Mr. Samsel's motion for revocation of detention may be renewed due to the circumstances of his medical condition as set forth below, that findings by the independent evaluations recommending courses of treatment have not been provided by an independent medical center.

Further, this court's prior order spoke to "independent" medical assessments, and as such this court can consider those facts and make findings accordingly.   Further, the government has not disputed that it did not notify defense counsel in advance of any of the visits to date, in furtherance of the comprehensive physical assessment, and because the comprehensive physical assessment is not complete, at this time, IT IS ORDERED that,

> 1) The government notify defense counsel in advance of the further assessments, to include the plastic surgeon discussed in the exhibits produced;

2) That the government provide all of the records in its possession to the plastic surgeon, as well as to any other anticipated provider such as Hematology or Physical Therapy or Oncology doing any further assessment as part of the Complete Assessment, as well as to Defense Counsel, to include x-ray films and MRI films in addition to the reports.

   a. PL.'s Ex. E, attached UVA records from 08/05/21 including note on X-Ray performed, which defendant argues has not been received by Defendant.

   b. Further, the independent provider, Geisinger, in performing Mr. Samsel's initial assessment reported in records dated November 18, 2022 that "Very Little Documentation Available" and "No diagnostic studies." (Pl. Ex. A, Geisinger records, at p. 8 or Gov't Ex. 2, includes Geisinger records). Therefore, Geisinger documented the lack of records provided to it in preparation for Mr. Samsel's assessment.

3) It is Ordered that Independent Medical Providers follow up on the independent provider's assessment at Jefferson Hospital in August of 2022 finding Mr. Samsel has a "10 mm Mass in the right breast," in addition to "gynecomastia," and "an 8 mm intramammary lymph node." (Pl. Ex. C, at p. 4). For example, an independent doctor from Jefferson Hospital concluded that "I think it is reasonable to undergo surgical excision of the breast tissue in the retro--- region bilaterally." (emphasis added). (See Ex. C, under seal). That doctor reported on August 08, 2022 that she 'would be scheduling Mr. Samsel for a bilateral breast excisional biopsy.' *Id*. (emphasis added). Geisinger on November 18, 2022, also set forth that "of utmost import, is that he be evaluated and treated for his beast mass and nipple discharge." (Pl.'s Ex. A at p. 8 of 10, Gov't Ex. 2). It is ORDERED THAT an independent medical provider, such as Geisinger, follow up on the above findings and be pursued, and the records related thereto be provided to the

independent medical provider be also provided to Defense Counsel in advance of a scheduled visit.

4) Similarly, Geisinger on November 18, 2022 wrote that he is scheduled for a Plastic Surgery consult in April of 2023; and that they sought to get the schedulers to move this appointment up, but were unsuccessful. *Id*.   It is ORDERED THAT an independent medical provider such as Geisinger, qualified to follow up on the above findings and be pursued, and the records related thereto be provided both to Defense Counsel and this court, as well as to an independent medical provider in advance of a scheduled visit.

5) Geisinger on November 18, 2022 further referred him for a Hematology/ **Oncology** workup. *Id (emphasis added)*.  It is ORDERED THAT an independent medical provider such as Geisinger, qualified to follow up on the above findings be pursued, and the records related thereto be provided both to Defense Counsel and this court, as well as to an independent medical provider in advance of a scheduled visit.

6) Geisinger found on physical examination, that Mr. Samsel "has limited range of motion of his left arm." Geisinger referred Mr. Samsel to Physical Therapy to address the Upper Extremities symptoms. *Id*.  Also, on August 17 of 2021, the government produced to defense counsel an approval of a UVA referral for Physical Therapy for loss of Range of Motion in the Left Arm, which to date remains outstanding and never followed up on. (Pl. Ex D, attached hereto, under seal).  It is ORDERED THAT an independent medical provider such as Geisinger, follow up on the above findings and be pursued, and the records related thereto be provided both to Defense Counsel and this court, as well as to an independent medical provider in advance of a scheduled visit.

7) There is also a consultation Request under a Bureau of Prisons Health Services request where a PA on 11/18/22 documents:

Bilateral chest / neck/arm pain and paresthesia, LUE 7 RUE

> **Past studies show NTOS** (neurogenic thoracic outlet syndrome) **and VTOS** (vascular thoracic outlet syndrome), **no images available**;
> Given his history of multiple clots, **hematology referral placed**. May need lifelong anticoagulation but will defer to hematology. **Recommend PT, referral placed**.;
> For **Pain management**, may need Tramadol prn, will defer to PCP with assistance for this;
> May also need **cervical spine work-up** will defer to PCP;
> **PRN from vascular standpoint**.

(Government Ex. 2, Handwritten notes dated 11/18/22 on BOP Form on the 6th page)(emphasis added).

It is ORDERED THAT an independent medical provider such as Geisinger, follow up on the above findings and be pursued, and the records related thereto be provided both to Defense Counsel and this court, as well as to an independent medical provider in advance of a scheduled visit.

8) The pain that Geisinger addresses, and recommends pain management to include Tramadol, as well as documenting the "untreated shingles" (or Herpes Zoster infection noted by Dr. Edinger), support objective medical findings that support the fact that Defendant Samsel is suffering from pain – with no pain management to date, therefore, is ORDERED THAT an independent medical provider such as Geisinger, follow up on the above findings and be pursued, and the records related thereto be provided both to Defense Counsel and this court, as well as to an independent medical provider in advance of a scheduled visit.

And it is further ordered that the foregoing shall be ordered so as to permit Mr. Samsel to provide effective assistance to his counsel for the purpose of preparation for trial, which shall be continued until Mr. Samsel is cleared by a third-party independent provider of any of the above listed or additional objective findings in his medical assessments.

                                                                           _____
The Hon. District Judge Jia M. Cobb
United States District Court Judge

*Copies to all Counsel via ECF*