IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) ` |
| | ) Criminal No. 21-cr-00537-JMC |
| v. | ) |
| | ) |
| **RYAN SAMSEL,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## SUPPLEMENTAL BRIEF IN RESPONSE TO *UNITED STATES V. FISCHER*

On October 28, 2022, Mr. Samsel filed a motion to dismiss the third superseding indictment in this case. In his motion, Mr. Samsel argued 1) that 18 U.S.C. § 1512(c)(2) does not criminalize the conduct alleged in the indictment, 2) that the Supreme Court's opinions in *Yates v. United States*, 574 U.S. 528 (2015) favor dismissal, 3) that the indictment fails to plead essential elements of the charged offenses, and 4) that the rule of lenity favors dismissal. (ECF No. 208) (Oct. 28, 2022). The government filed an omnibus response to this motion on November 18, 2022 (ECF No. 219). On January 13, 2023, the court denied the defendants' motions to dismiss. Subsequently, two events have taken place procedurally. First, the government filed another superseding indictment against Mr. Samsel, the fourth in this case, on February 15, 2023. ECF No. 245. Second, the United States Court of Appeals for the D.C. Circuit issued an opinion in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), reversing the dismissal of another judge in this District a § 1512(c)(2) chargs. On April 7, 2023, this court ordered the parties to file any supplemental briefings in response to this decision. This supplemental brief now follows.

*Fischer* resolved the government's appeal of the trial court's dismissal of § 1512(c)(2) charges lodged in three January 6 cases. *Id.* at *2. The *Fischer* Court held that "individuals who

Page 1

allegedly assaulted law enforcement officers while participating in the Capitol riot can be charged with corruptly obstructing, influencing, or impeding an official proceeding, in violation of 18 U.S.C. § 1512(c)(2)." *Id.* The decision in *Fischer* was, to put it mildly, "splintered." *Id.* at *68, n. 10 (Walker, J., concurring in part). Judge Pan and Judge Walker, who formed the majority, agreed that January 6 rioters who feloniously assaulted police officers, as was alleged in the Fischer indictments, could be prosecuted under §1512(c)(2)'s residual clause. *Id.* at *2, *67. In his concurring opinion, however, Judge Walker made clear that he did not join Section I.C.1 of Judge Pan's majority opinion pertaining to the term "corruptly." *Id.* at *46.[1]

Judge Walker insisted that the term "corruptly" be read to include a requirement that the object of the alleged obstruction be an "unlawful benefit" to the defendant or someone else. *Id*. at *46, n. 1 ("[M]y vote to uphold the indictments depends on it.").[2] Notably, Judge Walker advised: "If I did not read 'corruptly' narrowly, I would join the dissenting opinion." *Id*. at *68. Additionally, citing the Supreme Court's *Marks* rule on fractured opinions, Judge Walker suggested that his viewpoint on "corruptly" should carry the day. *Id*. at *68 n. 10 (Walker, J. concurring in part).[3] While Judge Pan disputed that the *Marks* rule would apply in *Fischer*, *id*. at *24, n. 5, as Judge Walker's concurrence was the *sine qua non* of the result in *Fischer*, it appears

---

[1] Judge Walker, along with dissenting Judge Katsas, argued that the government's interpretation of § 1512(c)(2)'s residual clause was "breathtaking and untenable [in] scope." *Id.* at *65 (Walker, J., concurring in part), *114 (Katsas, J., dissenting).

[2] Judge Walker repeatedly emphasized his conditional joinder of the majority opinion:

- "Because I read 'corruptly' as courts have read it for hundreds of years—and only because I read it that way—I concur in the Court's judgment." 2023 U.S. App. LEXIS 8284 at *68;
- "[M]y reading of 'corruptly' is necessary to my vote to join the lead opinion's proposed holding on 'obstructs, influences, or impedes' an 'official proceeding.'" Id.; and
- "[I]n my view, the rationale in the lead opinion is not enough to uphold the indictments." Id.

[3] Judge Walker cited the Third Circuit's holding in *Binderup* for the proposition that his ruling "may also be controlling" on the D.C. Circuit under Marks. *Id.* at *68, n. 10 (citing *Binderup v. Attorney General*, 836 F.3d 336, 356 (3d Cir. 2016) (*en banc*)).

that the D.C. Circuit has set forth a definition of corruptly that contains a new element, i.e., that the defendant must knowingly seek an unlawful benefit for himself or another person. *Id*. at *48, n.1, *46-47.

Mr. Samsel maintains the arguments made in his initial motion to dismiss and subsequent filings in support thereof warrant the dismissal of the indictment in this case. However, the concurrence in *Fischer* provides reinforcement of those arguments. More specifically, the concurrence provides support for Mr. Samsel's argument that the term "corruptly," as defined, does not apply to Mr. Samsel's conduct in this case and ultimately is an element of 1512(c)(2) that the government failed to allege in its indictment against Mr. Samsel.

As the concurrence held in *Fischer*, there has been a "long-established requirement that a defendant acts 'corruptly' only when he seeks to secure an unlawful benefit." *Fischer*, 64 F.4th at *55. In reviewing case law relating to obstruction of justice, the concurrence went on to elaborate that "[e]ither explicitly or implicitly, 'corruptly' requires an intent to procure an unlawful benefit. And the more conduct an obstruction statute reaches, the more vigilantly we must apply the long-established (and relatively narrow) meaning of 'corruptly.'" *Id*. The court explained that this is necessary because "[o]therwise we risk giving criminal provisions an implausibly broad scope, and we reduce "corruptly" to a synonym for another established mental state – 'willfully.'" *Id*. Finally, Judge Walker went on to define "corruptly" in the context of 1512(c)(2) to mean, "to act 'with an intent to procure an unlawful benefit either for [oneself] or for some other person.'" *Id.* at 57-58 (quoting *Marinello v. United States*, 138 S. Ct. 1101, 1114 (2018). This definition of "corruptly," the court goes on, "requires proof that the defendant not only knew he was obtaining an 'unlawful benefit' but that his 'objective' or 'purpose' was to obtain that unlawful benefit." *Id*.

Page 3

With respect to Mr. Samsel, allowing the government to use the term "corruptly" in describing Mr. Samsel's conduct on January 6, and ultimately allowing the government to charge Mr. Samsel with corruptly obstructing an official proceeding under 1512(c)(2), results in the exact danger that Judge Walker admonished against.  On January 6, 2021, Mr. Samsel attended the rallies in support of former President Trump and ultimately found himself amongst the crowd that made its way towards the Capitol building in protest of the election results.  However, of note, Mr. Samsel is not alleged to have exchanged any messages or have made any communications generally that indicated an intent to obtain the unlawful benefit of obstructing the electoral college proceeding.  Furthermore, there has been no allegation indicating that Mr. Samsel's objective or purpose on January 6 was to *obtain* this unlawful benefit.  Absent any indication that this was Mr. Samsel's intent on that day, this has resulted in the allowance of the government to apply 1512(c)(2) with an "implausibly broad scope" such that anyone who was present for the events of January 6, 2021, may be charged with acting "corruptly" under 18 U.S.C. § 1512(c)(2). seal.

Dated: May 8, 2023               Respectfully submitted,

                                              */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Ryan Samsel*

## **CERTIFICATE OF SERVICE**

On May 8, 2023, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Ryan Samsel*
