IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| v. | ) Criminal No. 1:21-cr-00537-JMC ) ) |
| RYAN SAMSEL, | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S SUPPLEMENT TO
MOTION FOR RECONSIDERATION OF
DETENTION ORDER BASED ON MEDICAL NECESSITY,
DUE PROCSS, AND AN INABILITY TO
ADEQUATELY PREPARE FOR TRIAL**

COMES NOW, Defendant Ryan Samsel, by and through undersigned counsel, and respectfully supplements his motion to reconsider the Detention Order previously entered, and the release him on terms and conditions of pretrial release pursuant to 18 U.S.C Sec. 3143(c).

On August 29, 2023, both counsel signed below participated in a videoconference with Defendant Samsel. During that meeting it was learned that on or about August 20, 2023, Defendant Samsel was the victim of assault by another individual at MDC Brooklyn under circumstances that further justify this Court intervening to prevent further deprivation of his constitutional rights.

As this Court has been made aware, during Defendant Samsel's time at MDC Brooklyn he has been subject to administrative segregation that has him in a small "cell" alone for 24 hours each day. Yet on August 20, 2023, another individual was placed in the same cell as Defendant Samsel under circumstances where staff had placed Defendant Samsel in handcuffs but not the other individual. Shortly after they were placed in the small cell together, the other

1

individual began to beat Defendant Samsel in the face, chest, and abdomen while FDC Brooklyn personnel looked on without making any effort to stop the assault.

Defendant Samsel suffered lacerations to his wrist.  In addition, as a result of trying to block the blows to his face by the other individual with his handcuffed hands, Defendant Samsel suffered a black eye and broken tooth due to the metal hand cuffs impacting him in the face.  The broken tooth has the nerve exposed, causing him extreme and prolonged pain.

Defendant Samsel has requested medical attention for the injuries he suffered but all such requests have been responded to without any sense of urgency by the facility's staff.  He's not been seen by a doctor and the nurse has offered him only pain medications that are potentially habit-forming so he declined because of past problems with substance abuse.

***The assault on August 20 took place three days after photographs showing the conditions of his confinement inside FDC Brooklyn were published in the national media on August 17.***

Also during the August 29 videoconference undersigned counsel was made aware that Defendant Samsel has been disciplined for an unproven allegation that he possessed a cell phone. The discipline imposed is a permanent banned from using CorrLinks, an email system operated by the Bureau of Prisons that is used by inmates to communicate with family members and legal counsel.  While CorrLinks is not "secure" with regard to attorney-client communications, it is nevertheless an effective means for communicating non-confidential matters or to arrange a scheduled secure video or telephone call for attorney-client communications.  The permanent ban imposed on Defendant Samsel creates yet another hinderance on the ability of Defendant Samsel and his counsel to communicate for the purpose of Samsel assisting counsel in the preparation of his defense.

As part of the same disciplinary process, Defendant Samsel was told that he is now limited to one telephone call every 30 days. Oftentimes Defendant Samsel has used communications with friends as a vehicle to relay a request to the undersigned to set up a legal call or videoconference. Limiting Samsel to one such telephone call every 30 days further undermines his ability to communicate with counsel.

As further evidence of the purposeful and deliberate efforts of MDC Brooklyn to interfere in the ability of Defendant Sampson to communicate with his counsel, the August 29 videoconference scheduled using the normal process with MDC Brooklyn staff was confirmed in email communications as being set to begin at 2:30 ET, with a duration of one hour.

**To:** stanley@brandwoodwardlaw.com
**Subject:** Your booking for Tuesday, August 29, 2023, 2:30 PM was changed (Unit 51 - VTC - West Building)

**MDC LEGAL CALLS**          SCHEDULE · MY BOOKINGS

**Your updated booking**
for Tuesday, August 29, 2023, 2:30 PM

Please find the details of your updated booking below, and contact us if you have any questions.

| | |
|---|---|
| Start | Tuesday, August 29, 2023, 2:30 PM |
| Duration | 1 hour |
| Spaces | SHU - VTC - West Building ( ~~Unit 51 - VTC - West Building~~ ) |

Notwithstanding this clear communication, Defendant Samsel was brought to the communication room for the videoconference at 1:30 PM – one hour early. But for the fact that another member of Samsel's legal team signed on early at approximately 2:20 pm, finding Defendant Samsel sitting at the computer and waiting, it is quite possible – maybe even likely – that FDC Brooklyn staff would have ended the videoconference and returned him to his cell at 2:30 pm after one hour had passed.

As the Court is aware, the most critical evidence in all the cases brought by the Government regarding the events of January 6 is video evidence obtained from a variety of sources. Preparation of a defense on behalf of any defendant charged in connection with the events of January 6 begins with a careful review of that evidence in consultation with the client so counsel can understand he client's first-hand recollection of the events reflected on the video.

The need for counsel to review this material while physically together with a defendant is paramount, and deliberate efforts by government officials to hinder the ability to engage in such a review violate a defendant's rights under the Sixth Amendment to meaningfully participate in assisting counsel in the preparation of his defense.

The USMS has made a decision to house Defendant Samsel at a facility located 229 miles away from the E. Barrett Prettyman United States Courthouse in Washington DC where his counsel is located. By and through its agents in the Bureau of Prisons at MDC Brooklyn, the USMS are intentionally interfering in Defendant Samsel's ability to meaningfully assist counsel in the preparation of his defense as noted herein when only seven weeks remain until the scheduled start of his trial.

In addition, the USMS is – once again – refusing to provide necessary and appropriate medical care for injuries suffered by Mr. Samsel at the hands of the staff of yet another facility where he is being detained.

Dated: August 30, 2023  Respectfully submitted,

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD, ATTORNEYS AT LAW
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*/s/ William L. Shipley*
William L. Shipley
The Law Offices of William L. Shipley
P.O. Box 745
Kailua, HI 96734
Telephone: (808) 228-1341
808Shipleylaw@gmail.com

*Counsel for Defendant Ryan Samsel*

## CERTIFICATE OF SERVICE

On August 30, 2023, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Ryan Samsel*