IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )  Criminal No. 1:21-cr-00537-JMC |
| | ) |
| RYAN SAMSEL, | ) |
| | ) |
| Defendant. | ) |

**REPLY IN SUPPORT OF MOTION *IN LIMINE***

Tellingly, the government does not disclose *when* it learned of body worn camera video it submits depicts Defendant Ryan Samsel purportedly throwing a wooden plank. Rather, the government does not dispute that the Court ordered the government to complete discovery by February 24, 2022. Although the government complains that Defendant Ryan Samsel failed to provide it with a copy of a transcript for the Court's January 27, 2022, arraignment, the government was present when the Court agreed to order that discovery be completed within a reasonable time period and, of course, so too was the Court.

Despite the Court's Order, the government did not timely disclose body worn camera in its possession. Rather, the government acknowledges, nearly a year later, the government identified third-party source video it purports depicts Mr. Samsel throwing a wooden plank. A month after that, the government then disclosed to defense counsel the names of officers of the Metropolitan Polie Department with body worn camera footage that, "appears relevant to this case." The government further advised that the, "materials are accessible on Evidence.com." The problem with the government's contention, however, is that merely disclosing the names of officers of the Metropolitan Police Department does not enable defense counsel to easily identify the video referenced by the government, let alone understand its relevance.

Captain David Augustine, for example, has five separate body worn camera videos, with the video apparently referenced by the government totaling four hours and twenty-two minutes in length. Moreover, it's clear the government was capable of producing to defense counsel precisely the videos it intended to reference because that's exactly what it did on September 13, 2023, when it produced "its disclosure of preliminary trial exhibits."

As another court in this District recognized, "[t]he Government cannot hide *Brady* material as an exculpatory needle in a haystack of discovery materials." *United States v. Saffarinia*, 424 F. Supp. 3d 46, 85 (D.D.C. 2020) (quoting *United States v. Thomas*, 981 F. Supp. 2d 229, 239 (S.D.N.Y. 2013)).

Moreover, although the government endeavors to diminish the significance of this Court's ordering discovery be produced by February 24, 2022, it simultaneously acknowledges that on February 24 it filed a Notice of Filing Discovery Correspondence, acknowledging its compliance with the Court's Order. (ECF No. 115). This notice / correspondence makes no mention of any forthcoming body worn camera footage. Significantly, Mr. Samsel continued to consent to the exclusion of time under the Speedy Trial Act for nearly a year under the understanding that all discovery in his case had been disclosed. Had this not been the case, Mr. Samsel could have elected to proceed to trial in 2022 – *literally anytime that year* – and the government would have thereafter been precluded from either superseding his indictment or bringing a new action altogether.

Accordingly, the government should be precluded from utilizing the late disclosed body worn camera footage in the trial in this matter, as it would were this case to have been tried when the February 24, 2022, deadline was set by the Court.

[SIGNATURE ON NEXT PAGE]

Dated: October 17, 2023                     Respectfully submitted,

                                                          */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD, LP
400 Fifth Street, Northwest, Suite 350
Washington, DC  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Ryan Samsel*

## CERTIFICATE OF SERVICE

On October 17, 2023, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
400 Fifth Street, Northwest, Suite 350
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Ryan Samsel*