**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **Criminal No. 1:21-cr-00537-JMC** |
| **v.** ) | |
| ) | |
| **RYAN SAMSEL,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MOTION *IN LIMINE* TO PRECLUDE ADMISSION OF CELL PHONE DATA

Defendant Ryan Samsel, by and through counsel, and pursuant to Rules 104(a) of the

Federal Rules of Evidence; Rule 16 of the Federal Rules of Criminal Procedure; Rule 5.1 of the

Local Rules of the United States District Court for the District of Columbia, as well as the

Court's February 19, 2021, Oral Order pursuant to the same, and the Court's January 27, 2022,

Minute Order pursuant to Local Rule 5.1(f); and *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio*

*v. United States*, 405 U.S. 150 (1972), *Kyles v. Whitley*, 514 U.S. 419 (1995), and their progeny

hereby submits the foregoing Motion *in Limine* and respectfully requests the Court preclude the

government from admitting *any* evidence extracted from electronic devices at the trial in this

matter where forensic copies of such devices had not previously been provided to defense

counsel in discovery.

On December 20, 2021, defense counsel wrote the government to request, pursuant to

Rule 16(a)(1)(E) and requested forensic extractions of the mobile devices believed to be used by

Mr. Samsel and his partner Raechel Genco.  Letter from Stanley E. Woodward, Jr. to April

Nicole Russo and Danielle Rosborough (Dec. 20, 2021) (attached hereto as Exhibit A).

Defense counsel's December 20 discovery request prompted the colloquy with the Court

on January 27, 2022, that led to the entry of an Order providing for a date certain by which

discovery would be completed in this case.  Indeed, mindful of the massive amount of data the

government had collected and was continuing to collect, defense counsel was specifically

worried that the government would construct additional charges and/or claims as against Mr.

Samsel while his case was delayed through no fault of his own.  Accordingly, on January 27,

2022, and pursuant to Rule 5.1(f) of the Local Rules for the United States District Court for the

District of Columbia, this Court ordered that the government shall complete its production of

discovery in this case on or before February 24, 2022.  *See also* L.R. Crim. P. 5.1(f) ("The Court

may set specific timelines for disclosure of any information encompassed by this rule.").

Thereafter, on February 24, the government filed a Notice of Filing Discovery Correspondence,

attaching a Discovery Letter detailing the government's efforts to comply with the Court's

January 27, Minute Order (Feb. 24, 2022) (ECF No. 115). In that correspondence, the

government detailed its production of defendant-specific discovery in this matter over the course

of thirty-four (34) pages.  In addition, the government advised:  "The devices for defendants

Johnson, Blythe, and Grant are still being scoped and/or are the subject of pending litigation

before the Court.  Once these extractions are complete and/or all discovery disputes have been

resolved, these extractions—along with all other defendants' devices—will be made available for

inspection at the U.S. Attorney's Office in the District of Columbia."  Ex. 1 at 34, Notice (Feb.

24, 2022) (ECF No. 115).  Now, more than eighteen (18) months later, the government still has

never advised that these devices were available for inspection at their office.

Regardless, immediately after receipt of this correspondence, defense counsel wrote to

the government to advise that their proposal was inadequate under Rule 16, *Brady*, and their

progeny.  Specifically, in correspondence dated February 27, 2022, defense counsel reiterated its

December 20 request for device extractions, specifically including the extractions for Defendant

Randolph, as well as, "any other individual believed to have been at Peace Monument on or about 12:45pm on January 6, 2021."  Defense counsel further warned:  "We see no reason for the government to delay the production of the forensic extraction of devices it has finished extracting and that are not otherwise the subject of pending litigation."  Defense counsel further wrote:

> Similarly, we object to the government making certain electronic discovery available to defense counsel only in person at your office and instead request its immediate production.  To the extent the government continues to insist that such discovery not be electronically produced to defense counsel, please further explain the basis for the government's position, including the volume of each category of discovery being withheld (number of flies and/or pages as well as digital size) so that we can articulate the government's position in seeking appropriate relief form the Court.

Letter from Stanley E. Woodward, Jr. to Hava Mirell, Robert Juman, and Christopher Amore (Feb. 27, 2022) (Attached hereto as Exhibit B).  The government never – *never* – responded to defense counsel's request.  Moreover, the necessity of defense counsel's request is beyond dispute.  Only with a forensic extraction of a mobile device can defense counsel, and potentially their expert, assess the authenticity and/or reliability of data contained therein.  Such an analysis includes assessing the location of a device when calls were made to/from the phone and whether they were answered, as well as with whom they were made; when messages were sent and/or received from the device and with whom; whether photographs and/or video were created with the device and whether they were sent or otherwise transmitted by the device and to whom, the source of photographs and/or video on the device that were not created by the device; and any social media and/or internet searches utilized by a device owner. Accordingly, defense counsel's request for an extraction, after consultation with an expert forensic examiner, was specific:

> (i)    All records related to the seizure and/or search of the same, including, but not limited to any search warrant or consent for the seizure and/or search of the device and reports regarding the seizure and resulting chain of custody of each device;

    (ii)     Any forensic examiner's report detailing the tools and all procedures used to examine each device;

    (iii)    A copy of the forensic extraction file in native (original) format of each device or software used to conduct the extraction of each device;

    (iv)    A full extraction report for each device in PDF and HTML format;

    (v)     A Cellebrite UFED Reader (UFDR) report (.udf/.bin file) for each device with a UFED Reader file viewer; and

    (vi)    The proprietary file viewer for the specific forensic tool used to create the extraction.

Letter from Stanley E. Woodward, Jr. to April Nicole Russo and Danielle Rosborough (Dec. 20, 2021) (attached hereto as Exhibit A). Once again, defense counsel received no response to the February 27, 2022, correspondence. Rather, on September 13, 2023, the government advised defense counsel, *for the first time*, that it intended to admit as evidence in this case data extracted from digital devices obtained as part of its investigation. Moreover, this disclosure was made only pursuant to the government's obligation to identify trial exhibits as part of the Court's March 17, 2023, Scheduling Order (ECF No. 253).[1]

    Immediately following receipt of the government's exhibit list, defense counsel advised the government of a number of issues with the exhibits disclosed, including the fact that the exhibits included partial device extraction reports and that forensic extractions had not been produce. In response, government counsel first advised that they would, "look into the cell phones," and then attempted to blameshift, referring defense counsel back to their February 24, 2022, demand that the devices be inspected in person and completely ignoring the fact that government counsel failed to even respond to defense counsel's February 27, 2022,

---

[1] Apropos of the government's cavalier attitude toward its obligation to comply with this Court's discovery and other pretrial Orders, the government did not in fact provide its trial exhibits until Thursday, October 19, 2023.

correspondence, let alone actually advise defense counsel that the devices were ready for inspection (assuming, without conceding, that at least this step would have satisfied the government's Rule 16 / *Brady* obligations).  *See* Email from Stanley E. Woodward Jr. to Kyle Mirabelli (Oct. 15, 2023) (attached hereto as Exhibit C).  Despite being reminded of defense counsel's February 27, 2022, correspondence, the passage of nearly a week on the literal eve of trial, the government has again failed to provide even a response to defense counsel's last correspondence.

* * *

Rule 16(a)(1)(C) mandates the disclosure of certain evidence which is (1) "material to the presentation of the defendant's defense" or (2) "intended for use by the government as evidence in chief in trial."  *United States v. Marshall*, 132 F.3d 63, 67 (D.C. Cir. 1998).  There can be no real dispute that the devices obtained by the government in this case are both "material" and include evidence the government intends to use in its case in chief.  With respect to the latter, the government has now disclosed that it intends to use data extracted from the devices it obtained.  With respect to the former, the D.C. Circuit has held that "material" includes, "evidence which is material 'to *the preparation of* the defendant's defense.'"  *Id.* (quoting Fed. R. Crim. P. 16(a)(1)(C) (emphasis original).  And as the Circuit also noted:  "The rule as written does not compel the conclusion that inculpatory evidence is immune from disclosure.  Inculpatory evidence, after all, is just as likely to assist in 'the preparation of the defendant's defense' as exculpatory evidence.  In other words, it is just as important to the preparation of a defense to know its potential pitfalls as it is to know its strengths."  *Id.*

To that end, Rule 16 expressly empowers the trial court to suppress evidence as a result of the government's discovery violations.  And while it may be true that such a remedy is seldom

appropriate absent a finding of bad faith and/or where a less drastic remedy such as a continuance would mitigate unfair prejudice, *id.* at 70, the Court here can readily find that the discovery violation at issue is the result of bad faith or, in the alternative, that a continuance is not in the best interests of justice.

With respect to the government's bad faith, more than eighteen (18) months ago, defense counsel requested additional information concerning the refusal to provide forensic extractions of the devices in the government's possession without *any* response.  Indeed, after haphazardly including data from the devices on its exhibit list, rather than own its mistake the government sought to blameshift, asserting that defense counsel had some further obligation to seek out discovery in this case.  Indeed, even were making forensic extractions available to defense counsel for in-person review sufficient to satisfy the government's disclosure obligations, it *never* advised defense counsel that such extractions were available for review, as it promised to do.[2]  Alternatively, even were the Court not to find that the discovery violation at issue here was the result of bad faith, a continuance is inappropriate based on the particular facts and circumstances of this case.  As the Court is aware, Mr. Samsel has been detained since January of 2021.  During the nearly thirty-six (34) intervening months, Mr. Samsel has been beleaguered by a panapoly of medical issues, including those arising from several assaults Mr. Samsel endured while detained pretrial.  Delaying his trial further only subjects Mr. Samsel to further pretrial abuse.

---

[2] Further evidence of the government's bad faith is their disclosure, *literally today*, of the fact that on April 5, 2022, the government – the FBI's Dallas Field Office – received a Report of Examination concerning the forensic extraction of Defendant James Blythe's mobile device. The government has had the same for nearly nineteen (19) months without disclosure.

## CONCLUSION

Fort the foregoing reasons, Defendant Ryan Samsel respectfully requests the Court bar the admission of any data obtained by the government from devices for which it failed to provide forensic extractions of the same.

[SIGNATURE ON NEXT PAGE]

Dated: October 21, 2023              Respectfully submitted,

                                              */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD, LP
400 Fifth Street, Northwest, Suite 350
Washington, DC  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Ryan Samsel*

## CERTIFICATE OF SERVICE

On October 21, 2023, the undersigned hereby certifies that a true and correct copy of the

foregoing was electronically filed and served via the CM/ECF system, which will automatically

send electronic notification of such filing to all registered parties.

_____/s/ Stanley E. Woodward, Jr._____
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
400 Fifth Street, Northwest, Suite 350
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Ryan Samsel*
