# EXHIBIT A

## Brand | Woodward
### Attorneys at Law

Stanley E. Woodward, Jr.
+1.202.996.7447 (p) +1.202.996.0113 (f)
Stanley@BrandWoodwardLaw.com

December 20, 2021

VIA ELECTRONIC MAIL

April Nicole Russo
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, Northwest
Washington, District of Columbia 20530

Danielle Rosborough
Trial Attorney, National Security Division
United States Department of Justice
950 Pennsylvania Avenue, Northwest
Washington, District of Columbia 20530

Re:    Ryan Samsel (No. 1:21-cr-00537-TJK)

Dear Mses. Russo and Rosborough:

On behalf of Mr. Ryan Samsel, and pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Kyles v. Whitley*, 514 U.S. 419 (1995), and Rule 5.1 of the Local Rules of the District Court for the District of Columbia, we write to request the preservation and production of all discoverable information in this case.

Our belief is that the specifically requested material is discoverable under the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and/or the above-referenced case law and its progeny.  In the event that you are unable or unwilling to provide the requested information, or if you disagree with any of the foregoing representations, please advise us promptly so that we may address any disagreements.  If we do not promptly receive any such notice, we will assume that you agree that this correspondence sets forth an accurate account of the government's discovery obligations; rely upon that assumption in our preparation for trial; assume that material requested and not made available is not in the possession, custody, or control of the government; and assume that the government will not seek the introduction of any such information in its case in chief, or in rebuttal or for impeachment purposes.

Our request specifically includes, but is no way limited to, the following:

### A.    Statements of the Defendant

Pursuant to Rule 16(a)(1)(A) & (B), we request the following:

**B**RAND | **W**OODWARD

Attorneys at Law

December 20, 2021
Page 2

(1)     Any written or recorded statement or admission made by Mr. Samsel that is within the government's possession, custody or control, the existence of which is known, or by the exercise of due diligence may become known, to the government.  *See* Fed. Crim. P. 16(a)(1)(B)(i).

(2)     The portion of any written record containing the substance of any oral statement made by Mr. Samsel in response to interrogation by any person then known to the defendant to be a government agent.  *See* Fed. R. Crim. P. 16(a)(1)(B)(ii).  This request includes without limitation all documents, including notes, prepared by any government employee or agent that contain the substance of any relevant statement made by Mr. Samsel.

(3)     The substance of any other oral statement made by Mr. Samsel in response to interrogation by any person then known by Mr. Samsel to be a government agent if the prosecution intends to use that statement at trial.  *See* Fed. R. Crim. P. 16(a)(1)(A).

### B.        Mr. Samsel's Prior Record

Pursuant to Rule 16(a)(1)(D), we request a copy of Mr. Samsel's prior criminal record, if any.  *See* Fed. R. Crim. P. 16(a)(1)(D).

### C.        Documents and Tangible Objects

Pursuant to Rule 16(a)(1)(E), we request the following:

(1)     All books, papers, documents, data, photographs, video recordings, or tangible objects, or copies or portions thereof, that were obtained from or belong to Mr. Samsel.  *See* Fed. R. Crim. P. 16(a)(1)(E)(iii).

(2)     All books, papers, documents, data, photographs, video recordings, or tangible objects, or copies or portions thereof, that the government intends to use at trial in its case-in-chief.  *See* Fed. R. Crim. P. 16(a)(1)(E)(ii).

(3)     All books, papers, documents, data, photographs, video recordings, or tangible objects or copies or portions thereof that are material to Mr. Samsel's defense.  *See* Fed. R. Crim. P. 16(a)(1)(E)(i).

(4)     All transcripts and recordings that the Government has obtained of any phone calls Mr. Samsel has participated in while housed at various detention centers.

Without limiting the scope of the government's discovery obligations and undertakings in this case pursuant to Rule 16(a)(1)(E), we specifically request documents, including but not limited to the following:

**BRAND | WOODWARD**
Attorneys at Law

December 20, 2021
Page 3

(5)     With respect to any information produced or required to be produced in discovery in this case, all subpoenas or formal or informal requests for information by the government to which the information was responsive, all information concerning communications relating to such subpoenas or requests, and any written responses by the producing party, including but not limited to cover letters, inventories, and/or privilege logs.

(6)     All photographs or video recordings of the Lower West Terrace, whether or not you allege that they contain images of Mr. Samsel.

(7)     All photographs or video recordings depicting the person the Government alleges to be Mr. Samsel.

(8)     Any official records pertaining to the events of January 6, such as demonstration permits, along with any attached assessments.

(9)     All documents and other evidence relevant to the organization of any event, including but not limited to, any rally and/nor protest, that took place, was scheduled to take place, or was requested on January 6, including, but not limited to, the rally that took place at the Ellipse (a/k/a President's Park), and including but not limited to, any communications concerning or flyers, permits, and maps related to, any such event, rally, and/or protest.

(10)    All records related to the seizure and/or search of any mobile devices believed to belong to, or otherwise be utilized by, Mr. Samsel (including, but not limited to, any device belong to Raechel Genco), including, but not limited to:

(i)     All records related to the seizure and/or search of the same, including, but not limited to any search warrant or consent for the seizure and/or search of the device and reports regarding the seizure and resulting chain of custody of each device;

(ii)    Any forensic examiner's report detailing the tools and all procedures used to examine each device;

(iii)   A copy of the forensic extraction file in native (original) format of each device or software used to conduct the extraction of each device;

(iv)    A full extraction report for each device in PDF and HTML format;

(v)     A Cellebrite UFED Reader (UFDR) report (.udf/.bin file) for each device with a UFED Reader file viewer; and

(vi)    The proprietary file viewer for the specific forensic tool used to create the extraction.

**BRAND | WOODWARD**
Attorneys at Law

December 20, 2021
Page 4

(11)   All social media or other publicly available information that the Government has obtained that reference or allegedly depict Mr. Samsel, including, for any such records, the scoped return of such materials from the source of the same.

(12)   To the extent it has not already been provided, all produced video and photographic evidence in its original, unaltered form.

(13)   All video recordings and photographic evidence that are referenced in the HBO Documentary, "Four Hours at the Capitol" as well as any correspondence or other communications with HBO regarding the documentary.

(14)   The U.S. Capitol Police Memo titled "The Civil Disturbance Unit Operational Plan" and any related appendices and/or addendums.

(15)   All records provided to the Department of Justice by the House Select Committee to Investigate the January 6th Attack on the United States Capitol.

(16)   To the extent it has not already provided, the Memo titled "The Harder Right: An Analysis of a Recent DoD Inspector General Investigation and Other Matters," authored by Colonel Earl G. Matthews, U.S. Army and submitted to the January 6 committee.

(17)   All video and photographic evidence that was shown to Mr. Samsel during his previous interviews.

(18)   All records related to Officers D.C. and C.E., including, but not limited to:

   (vii)  Any interviews given by Officers D.C. and/or C.E.;

   (viii) Any medical records related to injuries alleged to have been sustained on January 6;

   (ix)   Any photographic or video evidence depicting either Officer D.C. and/or C.E.; and

   (x)    The personnel records of Officers D.C. and/or C.E.

(19)   To the extent not already included in the above requests, any warrants obtained by the Government and the underlying affidavits, as well as any evidence lists provided.

### D.   Identifications

If there have been any out-of-court identifications of, or attempts to identify, Mr. Samsel, or other form of identification procedure used in this case, we request disclosure of that information

December 20, 2021
Page 5

and a duplicate of any photograph, photographic spread or lineup that was used or conducted as well as all documents or recordings which describe or memorialize any such identification procedure(s).  We request that you specifically describe how many witnesses allegedly identified Mr. Samsel, the type of identification procedures employed, the words and/or actions indicating identification by each witness, and the dates and locations of each alleged identification.

We further request that you specifically describe the circumstances of each witness's opportunity to observe, distance, lighting, and any other circumstances relating to the reliability of the alleged identifications.  *See Clemons v. United States*, 408 F.2d 1230, 1237 (D.C. Cir. 1968) (*en banc*).  Please provide a description of any identification procedure employed in this case, including lineups, showups, photo arrays, or the display of the defendant's person, photograph, or image to any witness.  In addition, please provide in detail any description provided by the witness at any time prior to the identification procedure.  *See Neil v. Biggers*, 409 U.S. 188, 199 (1972).  If any witness has *failed* to identify Mr. Samsel after an identification procedure, please identify the witness and indicate the date and circumstance of the identification procedure.  *See Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995).

### E.      Reports of Investigation

Your office may take the position that reports of investigation (ROIs) prepared by law enforcement officers are not discoverable under Rule 16.  It is our view that many, if not all, ROIs are discoverable under Rule 16(a)(1)(A), (E), and/or (F), among other provisions.  As you are aware, ROIs are also a primary source of information about the government's investigation and evidence, and producing them to the defense is essential to facilitating the resolution of cases.  We therefore request that you produce ROIs.  If you intend to withhold some or all ROIs, we request that you identify the nature of the ROIs that you intend to withhold and the grounds for withholding so that we can confirm our conformance with Local Rule 16.1 of the Local Rules for the United States District Court for the District of Columbia.

### F.      Expert Notice and Disclosure

Pursuant to Rule 16(a)(1)(G), Mr. Samsel requests a written summary of any testimony the government plans to use under Rules 702, 703, or 705 of the Federal Rules of Evidence in its case-in-chief.  *See* Fed. R. Crim. P. 16(a)(1)(G).  Further, should the government request discovery under Rule 16(b)(1)(C)(ii), and Mr. Samsel complies, the government must, at Mr. Samsel's request, provide a written summary of testimony that the government intends to use as evidence at trial on the issue of Mr. Samsel's mental condition and describe the witness's opinions, bases, and reasons for such opinions, as well as the witness's qualifications.  *See* Fed. R. Evid. 702(a)-(e), 703, & 705.

### G.      Other Crimes Evidence

Pursuant to the Fifth and Sixth Amendments to the U.S. Constitution and Rules 403 and 404(b) of the Federal Rules of Evidence, Mr. Samsel requests that the government disclose all evidence of similar crimes, wrongs, or acts allegedly committed by Mr. Samsel (or any person alleged to have been acting pursuant to his instructions), upon which the government intends to

December 20, 2021
Page 6

rely to prove motive, scheme, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

### H.     *Brady* Materials

Pursuant to the United States Constitution and relevant case law interpreting its protections, including *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giles v. Maryland*, 386 U.S. 66 (1967), the Due Process Protections Act, Rule 5 of the Federal Rules of Criminal Procedure, and Rule 3.8 of the District of Columbia Rules of Professional Conduct, Mr. Samsel requests immediate identification and disclosure of all documents and information (in whatever form) that are favorable to the defense or that would tend to exculpate Mr. Samsel with respect to the charges in the Complaint or that are relevant to the issue of sentencing.

The scope of *Brady* is very broad.  *See* United States Justice Manual (USJMM) § 9-5.001.  For instance, a "prosecutor must disclose information that is inconsistent with any element of any crime charged" and:

> must disclose information that either casts a substantial doubt upon the accuracy of any evidence---including but not limited to witness testimony— the prosecutor intends to rely on to prove an element of any crime charged, or might have a significant bearing on the admissibility of the evidence.  This information must be disclosed regardless of whether it is likely to make the difference between convictions and acquittal of the defendant for a charged crime.

*Id.*  What is more, the disclosure requirement, "applies to information regardless of whether the information subject to disclosure would itself constitute admissible evidence."  *Id.*  Under *Brady*, a prosecutor must assess evidence collectively.  *Kyles v. Whitley*, 514 U.S. 419, 436-37 (1995); *see also* USJM § 9-5.001 ("While items of information viewed in isolation may not reasonably be seen as meeting the standards outlined in paragraphs 1 and 2 above, several items together can have such effect.  If this is the case, all such items must be disclosed.").

Under *Kyles* and its progeny, please ensure that your office reviews and produces all material documents, objects, and other information not only in your immediate possession, custody, and control, but any other federal, state, and local law-enforcement officers and other government officials who have participated in the investigation and prosecution of the offense(s) with which Mr. Samsel has been charged.

Finally, pursuant to the above, we specifically request the following evidence relevant to Mr. Samsel's defense:

Evidence related to Counts I and II of the Second Superseding Indictment:

> (1)     All documents and other evidence related to the allegation that Mr. Samsel obstructed, impeded, or interfered with a law enforcement officer who was lawfully engaged in lawful performance of official duties.

(2)   All information regarding mitigation by Defendant Samsel, including but not limited to any evidence that he assisted others on January 6, including any Capitol Police Officers.

Evidence related to Counts III, IV, and X of the Second Superseding Indictment:

(3)   All documents and other evidence related to the allegation that Mr. Samsel, by use of force or threat of force, assaulted, resisted, opposed, impeded, or interfered with a federal agent who was engaged in official duties.

(4)   All documents and other evidence related to the allegation that Mr. Samsel possessed and had custody, control and/or use of a deadly or dangerous weapon on January 6, 2021.

(5)   All documents and other evidence establishing that a "metal crowd control barrier," a bicycle rack, and/or any other barrier is a "deadly or dangerous weapon" under 18 U.S.C. § 111(a)(1) and (b) and (2).

(6)   All information regarding when the bike racks were placed at said location, and any documents or information regarding the failure to place permanent barriers, or additional barriers, and/or in relation to any infrastructure.  (see figure 3).

(7)   Identification of each guard, Capitol Police Officers, at said location, including time periods at said location, (see figure 3).

(8)   All documents and other evidence related to the allegation that Mr. Samsel used a deadly or dangerous weapon when allegedly assaulting, resisting, opposing, impeding, or interfering with a federal agent.

(9)   All information on identification of those in and around a bicycle rack at approximately the same time as Mr. Samsel.

(10)   All documents and other evidence related to the allegation that Mr. Samsel inflicted bodily injury when allegedly assaulting, resisting, opposing, impeding, or interfering with a federal agent.

Evidence related to Count V of the Second Superseding Indictment:

(11)   All documents and other evidence related to the allegation that Mr. Samsel was in a restricted area or grounds on January 6, 2021.

(12)   All documents and other evidence related to the allegation that Mr. Samsel knowingly engaged in acts of violence.

(13)   All documents and other evidence related to the allegation that Mr. Samsel committed acts of violence towards any person or property while in a restricted area or grounds.

**BRAND | WOODWARD**
Attorneys at Law

December 20, 2021
Page 8

(14)     All documents and other evidence related to the allegation that Mr. Samsel attempted to or conspired to engage in acts of violence while in a restricted area or grounds.

Evidence related to Count VI of the Second Superseding Indictment:

(15)     All documents and other evidence related to the allegation that Mr. Samsel engaged in an act of physical violence in the Capitol Grounds or any of the Capitol Buildings.

(16)     All documents and other evidence related to the allegation that Mr. Samsel acted willfully and knowingly when allegedly engaging in acts of physical violence in the Capitol Grounds or any of the Capitol Buildings.

Evidence related to Count VII of the Second Superseding Indictment:

(17)     All documents and other evidence establishing that the proceeding to certify the votes of the electoral college and/or the results of the 2020 election is an "official proceeding" under 18 U.S.C. § 1512(c)(2).

(18)     All documents and other evidence related to the allegation that Mr. Samsel intended to obstruct an official proceeding.

(19)     All documents and other evidence related to the allegation that Mr. Samsel attempted to obstruct an official proceeding.

(20)     All documents and other evidence related to the allegation that Mr. Samsel did in fact obstruct an official proceeding.

(21)     All documents and other evidence related to the allegation that Mr. Samsel acted corruptly in obstructing an official proceeding.

Evidence related to other individuals the Government alleges were present while Mr. Samsel was allegedly present on the Capitol Grounds:

(22)     Any evidence, investigation and/or information in relation to individuals who were injured, struck, or otherwise harmed by Capitol Police.

(23)     All information related to the individual known as Rosanne Boyland, including, but not limited to, any photographic or video evidence of Ms. Boyland on January 6.

(24)     All information related to Dave Strohecker, including, but not limited to, any photographic or telephonic or video evidence of Mr. Strohecker.

(25)     All information related to Barton Shively, including but not limited to, any photographic or telephonic or video evidence of Mr. Shively, as well as any interviews involving Mr. Shively.

**BRAND | WOODWARD**
Attorneys at Law

December 20, 2021
Page 9

(26)   All information related to Rachel Genco, including, but not limited to, any photographic or telephonic or video evidence of Ms. Genco on January 6.

(27)   The names of any individuals that are known or come to be known by the Government as having been present at the "metal crowd control barrier," bicycle rack, and/or another barrier at which Mr. Samsel is alleged to have been present on January 6, 2021 and any information in relation to them, including interviews charges and arrests, and if not interviewed, arrested and/or charged, information related thereto.

(28)   All information related to the individual known as Ray Epps, including, but not limited to, any investigation, interview and/or arrest and/or internal communications in relation to the lack thereof,  any investigation, interview and/ or arrest, as well as any statements made by this individual to law enforcement or otherwise in the possession of law enforcement, as well as all photograph or video evidence of this individual whom, for information and reference, is believed to be depicted in figure 1.

(29)   All information related to all communications made by the the individual known as Ray Epps, including as Mr. Epps is pictured whispering to Defendant Samsel.



*Figure 1:  Individual believed to be Ray Epps*

(30)   All information related to the individual known as Joe Biggs, including, but not limited to any discovery provided to Mr. Biggs in is criminal matter (1:21-cr-175 (D.D.C.)).

**BRAND | WOODWARD**
Attorneys at Law

December 20, 2021
Page 10

(31)   All information related to the individual known as Ethan Nordean, including, but not limited to, any discovery provided to Mr. Nordean in his criminal matter (1:21-cr-175 (D.D.C.)).

(32)    All information related to the individual known as James Tate Grant, including, but not limited to, any discovery provided to Mr. Grant in his criminal matter.

(33)   All information related to the individual known as Paul Johnson, including, but not limited to, any discovery provided to Mr. Johnson in his criminal matter (1:21-cr-332 (D.D.C.)).

(34)   All information related to the individual known as Stephen Randolph, including, but not limited to, any discovery provided to Mr. Randolph in his criminal matter (21-cr-332 (D.D.C.)).

(35)   All information related to an individual who appears to have sustained a facial injury on January 6, including confirmation of whether such individual has been charged with any offense related to January 6, and, if so, any discovery provided to this information as well as any statements made by this individual to law enforcement or otherwise in the possession of law enforcement, as well as any photographic or video evidence of this individual who, for information and reference, is believed to be depicted in figure 2, and all information in relation to the injury sustained by the individual below including any investigation, interviews and/or charges over the action that led to the injury the individual is shown to have sustained.



*Figure 2: Unidentified individual injured in the face who is alleged to have been on the lower West Terrace*

**BRAND | WOODWARD**
Attorneys at Law

December 20, 2021
Page 11

(36)   All information obtained from interviews or otherwise obtained from individuals that the Government has identified as being nearby or allegedly involved with the removal of the bike racks from the scaffolding on the Grounds (see figure 3).

(37)   All information regarding any known prior convictions for Mr. Samsel, including the dates, times and places of convictions.



*Figure 3: Bike rack removal from the scaffolding*

**I.      Evidence of Uncharged Conduct**

We request that you produce any *Drew* evidence or any other information related to any uncharged misconduct of any kind pursuant to *Drew v. United States*, 331 F.2d 85 (D.C. Cir. 1964).

**J.      *Jencks* Materials**

Pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3500, the ABA Standards for Criminal Justice, 11-2.2 (Discovery Procedure Before Trial) and the practice enunciated in *United States v. Hinton*, 631 F.2d 769 (D.C. Cir. 1980), we request the early production of any statements of prospective government witnesses that are in the government's possession and that relate to the subject matter concerning which the witness will testify, so that any issues involving disclosure may be resolved in advance, counsel will have adequate time to review the material, and there will be no delay in court proceedings while counsel reviews the same.  *See Jencks v. United States*, 353 U.S. 657 (1957).

\* \* \*

Please let us know promptly whether there are any requests set forth in this correspondence with which you decline to comply.  For each request, we ask that the government inform us whether:  (1) the material exists and will be produced; (2) the material does not exist; or (3) the material exists, but the government does not believe it is subject to disclosure.  We are

**BRAND | WOODWARD**
Attorneys at Law

December 20, 2021
Page 12

available to discuss any of the above requests at your convenience.  We expressly reserve the right
to supplement these requests as we review the discovery information produced and prepare for
trial.

Sincerely,

Stanley E. Woodward

cc:  Julia Z. Haller, Esq.