# EXHIBIT B

# BRAND | WOODWARD
Attorneys at Law

Stanley E. Woodward, Jr.
+1.202.996.7447 (p) +1.202.996.0113 (f)
Stanley@BrandWoodwardLaw.com

February 27, 2022

VIA ELECTRONIC MAIL

Hava Mirell, Assistant United States Attorney
Robert C. Juman, Assistant United States Attorney
Christopher Amore, Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, Northwest
Washington, District of Columbia 20530

Re:     Ryan Samsel (No. 1:21-cr-00537-JMC)

Dear Ms. Mirell and Messrs. Juman and Amore:

We are in receipt of your February 24, 2022, correspondence and accompanying discovery in the above-captioned matter.  Please advise whether this completes the case-specific discovery in this matter as ordered by the Court on January 27, 2022.

In addition, we write to follow up on our December 20, 2021, request for discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Kyles v. Whitley*, 514 U.S. 419 (1995), and Rule 5.1 of the Local Rules of the District Court for the District of Columbia, we write to request the preservation and production of all discoverable information in this case.

Pursuant to Rule 16(a)(1)(E) and section C(10) of our December 20, 2021 correspondence, we request the immediate production of all records related to the seizure and/or search of any mobile device believed to be utilized by Mr. Samsel, Ms. Raechel Genco, Mr. Chase Randolph, Mr. Ray Epps, Mr. Joe Biggs, Mr. Ethan Nordean, and any other individual believed to have been at Peace Monument at or about 12:45pm on January 6, 2021.  We see no reason for the government to delay the production of the forensic extraction of devices it has finished extracting and that are not otherwise the subject of pending litigation before the Court.

Similarly, we object to the government making certain electronic discovery available to defense counsel only in person at your office and instead request its immediate production.  To the extent the government continues to insist that such discovery not be electronically produced to defense counsel, please further explain the basis of the government's position, including the volume of each category of discovery being withheld (number of files and/or pages as well as digital size) so that we can articulate the government's position in seeking appropriate relief from the Court.

Pursuant to the United States Constitution and relevant case law interpreting its protections, including *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giles v. Maryland*, 386 U.S. 66 (1967), the Due Process Protections Act, Rule 5 of the Federal Rules of Criminal Procedure, and Rule 3.8 of the District of Columbia Rules of Professional Conduct, as well as our December 20,

<u>**BRAND | WOODWARD**</u>
Attorneys at Law

February 27, 2022
Page 2

2021, request for discovery, Mr. Samsel again requests the immediate identification and disclosure of all documents and information (in whatever form) that are favorable to the defense or that would tend to exculpate Mr. Samsel with respect to the charges in the operative Indictment or that are relevant to the issue of sentencing, including, but not limited to, information related to the individual known as Ray Epps, as delineated in sections H(28), (29) of our December 20, 2021 correspondence.

Although we are still in the process of reviewing the thousands of files of discovery totaling more than twenty-three (23) gigabytes of data produced to defense counsel on February 24, 2022, apparently absent from this production are *any* records related to Mr. Epps. Assuming this is true, please also further explain the basis for the government's decision to withhold such materials despite the Court's order that all case-specific discovery be produced to defense counsel on or before February 24, 2022.

Similarly, the government's production appears to lack any additional information concerning any additional individuals that the government believes to have been present at Peace Monument at or about 12:45pm on January 6, 2021. Pursuant to section H(27) of our December 20, 2021, discovery request we ask that the government confirm in writing that it has produced all information it possesses concerning these other individuals, which would include Joe Biggs and Ethan Nordean.

\* \* \*

As expressed in our December 20, 2021, correspondence, we are available to discuss any of the above requests at your convenience. We again expressly reserve the right to supplement these requests as we review the discovery information produced and prepare for trial.

Sincerely,

Stanley E. Woodward

cc:    Julia Z. Haller, Esq.
       Peter Cooper, Esq.
       Kobie A. Flowers, Esq.
       Monica Basche, Esq.
       Angie Halim, Esq.
       Stephen F. Brennwald, Esq.