## <u>SUBSTANTIVE LEGAL INSTRUCTIONS</u>

1. <u>Count One:</u> 18 U.S.C. §§ 231, 2 – Obstructing Officers During a Civil Disorder, Aiding and Abetting (All Defendants)

2. <u>Count Two:</u> 18 U.S.C. §§ 111(b), 2 – Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, Inflicting Bodily Injury, Aiding and Abetting (All Defendants)

3. <u>Count Three:</u> 18 U.S.C. §§ 111(b), 2 – Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, Aiding and Abetting (All Defendants)

4. <u>Count Four:</u> 18 U.S.C. § 111(a)(1) – Assaulting, Resisting, or Impeding Certain Officers (Randolph)

5. <u>Count Five:</u> 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A) – Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (All Defendants)

6. <u>Count Six:</u> 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A) – Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (All Defendants)

7. <u>Count Seven:</u> 18 U.S.C. §§ 1752(a)(4) (b)(1)(A), (b)(1)(B) and 2 – Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon and Resulting in Significant Bodily Injury, Aiding and Abetting (All Defendants)

8. <u>Count Eight:</u> 40 U.S.C. § 5104(e)(2)(D)  – Disorderly Conduct in the Capitol Grounds or Buildings (All Defendants)

9. <u>Count Nine:</u> 40 U.S.C. §§ 5104(e)(2)(F) and 2  – Act of Physical Violence in the Capitol Grounds or Buildings, Aiding and Abetting (All Defendants)

10. <u>Count Ten:</u> 18 U.S.C. §§ 1512(c)(2) and 2 – Obstruction of an Official Proceeding, Aiding and Abetting (All Defendants)

11. <u>Count Eleven:</u> 18 U.S.C. § 231 – Obstructing Officers During a Civil Disorder (Samsel)

12. <u>Count Twelve:</u> 18 U.S.C. § 111(a)(1) – Assaulting, Resisting, or Impeding Certain Officers (Samsel)

13.     <u>Count Thirteen:</u> 18 U.S.C. §§ 111(b), 2 – Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, Aiding and Abetting (Samsel)

14.     <u>Count Fourteen:</u> 40 U.S.C. § 5104(e)(2)(C)  – Entering and Remaining in Certain Rooms in the Capitol Building (Grant)

15.     <u>Count Fifteen:</u> 40 U.S.C. § 5104(e)(2)(G)  – Parading, Demonstrating, or Picketing in a Capitol Building (Grant)

**Count One**

**18 U.S.C. § 231 – OBSTRUCTING OFFICERS DURING A CIVIL DISORDER[1]**

(18 U.S.C. §§ 231(a)(3), 2)

Count One charges the defendants with obstructing law enforcement officers during a civil disorder, which is a violation of federal law.

Count One also charges the defendants with the attempt to commit the crime of obstructing officers during a civil disorder and aiding and abetting others to commit that offense.

Elements

In order to find each defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with Officers C.E. and D.C..

Second, at the time of the defendant's actual or attempted act, Officers C.E. and D.C. were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

---

[1] *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *United States v. Rupert*, No. 20-cr-104 (D. Minn. Mar. 12, 2021) (ECF No. 81)); 18 U.S.C. § 232; 18 U.S.C. § 6; 5 U.S.C. § 101; 2 U.S.C. §§ 1961, 1967.  For other January 6 trials that have used similar instructions, see, *e.g.*, *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 21-22), *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 15-16), and *United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 17).

<u>Definitions</u>

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.[2]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[3]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as Congress or the United Sates Capitol Police.[4]

---

[2] Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *see also United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 18); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 21).

[3] *See* 18 U.S.C. § 232(3).

[4] *See, e.g.*, *United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage may be obtained by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force are carried out.'

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.[5]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.   In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.

<u>Attempt</u>

In Count One, the defendant is also charged with attempt to commit the crime of obstructing officers during a civil disorder.  An attempt to obstruct officers during a civil disorder is a crime even if the defendant did not actually complete the crime.

In order to find the defendant guilty of attempt to obstruct law enforcement officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following elements:

---

Webster's Third New International Dictionary 1172 (1971).")

[5] *United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 19). *See, e.g.*, Fifth Circuit Pattern Criminal Jury Instruction No. 2.07; Tenth Circuit Pattern Criminal Jury Instruction No. 2.09; Eleventh Circuit Pattern Criminal Jury Instruction No. O1.1; *United States v. Smith*, 743 F. App'x 943, 949 (11th Cir. 2018) ("Furthermore, the district court instructed the jury regarding the Task Force's duties, stating: 'A member of the U.S. Marshals Regional Fugitive Task Force is a Federal officer and has the official duty to locate and apprehend fugitives.'"); *United States v. Green*, 927 F.2d 1005, 1008 (7th Cir. 1991) ("Given the sweep of the phrase 'official duties,' the district court did not err in instructing the jury that the duties of a federal prison employee, even a food service worker, extend to 'safekeeping, protection and discipline.'"); *United States v. Span*, 970 F.2d 573, 581 (9th Cir. 1992) ("The instruction states only that the activity of looking for a suspect is official conduct. We find no error in the district court's instruction characterizing this aspect of the marshals' conduct as official duty."); *United States v. Ellsworth*, 647 F.2d 957, 963 (9th Cir. 1981) ("'Instruction No. 10. Among the official duties of officers and agents of the United States Geological Service of the United States Interior Department are inspections of oil drilling apparatus to insure compliance with various Federal laws.' We think the above language of the charge employed by the trial judge reveals no insufficiency in defining the offense.").

First, that the defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

Second, that the defendant took a substantial step toward obstructing officers during a civil disorder which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstructing officers during a civil disorder merely because the defendant thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to obstruct officers during a civil disorder merely because the defendant made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstructing officers during a civil disorder. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

<u>Aiding and Abetting</u>

In this case, the government further alleges that the defendant committed obstructing officers during a civil disorder, as charged in Count One, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count One.

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often

4

called an accomplice.  The person whom the accomplice aids and abets is known as the principal.
It is not necessary that all the people who committed the crime be caught or identified.  It is
sufficient if you find beyond a reasonable doubt that the crime was committed by someone and
that the defendant knowingly and intentionally aided and abetted that person in committing the
crime.

In order to find the defendant guilty of obstructing officers during a civil disorder because
the defendant aided and abetted others in committing this offense, you must find that the
government proved beyond a reasonable doubt the following elements:

First, that others obstructed officers during a civil disorder by committing each of the
elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstructing law enforcement officers during a civil
disorder was going to be committed or was   being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding,
assisting, soliciting, facilitating, or encouraging others in committing the offense of
obstructing officers during a civil disorder.

Fifth, that the defendant did that act or acts with the intent that others commit the  offense
of obstructing officers during a civil disorder.

To show that the defendant performed an act or acts in furtherance of the offense charged,
the government must prove some affirmative participation by the defendant which at least
encouraged others to commit the offense.  That is, you must find that the defendant's act or acts
did, in some way, aid, assist, facilitate, or encourage others to commit the offense.  The defendant's
act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense

charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense.  Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of obstructing law enforcement officers during a civil disorder as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

A defendant may be found guilty of the offense charged in Count One if the defendant obstructed officers during a civil disorder, attempted to obstruct officers during a civil disorder or aided and abetted obstructing officers during a civil disorder. Each of these three ways of committing the offense is described in the instructions.  If you find beyond a reasonable doubt that the defendant committed the offense of obstructing officers during a civil disorder in any one of these three ways, you should find the defendant guilty of Count One, and you need not consider whether the defendant committed the offense of obstructing officers during a civil disorder in the

other two ways.

**Count Two**

**A.  18 U.S.C. § 111(b) – ASSAULTING, RESISTING, OR IMPEDING OFFICERS WITH A DANGEROUS WEAPON, INFLICTING BODILY INJURY**

(18 U.S.C. §§ 111(b), 2)

Count Two of the Indictment charges the defendants with assaulting, resisting, or impeding Officer C.E., an officer or an employee of the United States who was then engaged in the performance of her official duties, which is a violation of federal law.

Count Two of the Indictment additionally charges that the defendants, in the commission of such acts, used a deadly or dangerous weapon or inflicted bodily injury. Count Two also charges the defendants with aiding and abetting others to commit that offense.

<u>Elements</u>

To find each of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer C.E., an officer from the United States Capitol Police.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Officer C.E. was an officer or employee of the United States who was then engaged in the performance of her official duties.

Fifth, in doing such acts, the defendant intentionally used a deadly or dangerous weapon or inflicted bodily injury.[6]

---

[6] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002).

Definitions

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[7]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[8]

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

---

[7] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[8] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). For other January 6 trials that have used similar instructions, see *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 30), and *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 14).

The term "bodily injury" means an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought. Bodily injury includes a cut, abrasion, bruise, burn or disfigurement; physical pain; illness; impairment of the function of a bodily member, organ, or mental faculty; or any other injury to the body, no matter how temporary.[9]

An object may be a "deadly or dangerous weapon" in one of two ways. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Such inherently dangerous weapons include guns, knives, and the like. Second, if the object is not inherently or obviously dangerous or deadly, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant used it in that manner. In determining whether the object is a "deadly or dangerous weapon," you may consider both the physical capabilities of the object used and the manner in which the defendant used it.[10]

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, carrying out an official duty or assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, carrying out an official duty or assisting a

---

[9] Fifth Circuit Model Jury Instruction No. 2.07; Tenth Circuit Model Jury Instruction No. 2.09; 18 U.S.C. § 1365(g)(4).

[10] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002) ("For an object that is not inherently deadly . . . the following additional element is required: (4) the object must be capable of causing serious bodily injury or death to another person *and* the defendant must use it in that manner."); *United States v. Smith*, 561 F.3d 934, 939 (9th Cir. 2009) ("An object is a dangerous weapon . . . if it is either inherently dangerous or otherwise used in a manner likely to endanger life or inflict great bodily harm. . . . Inherently dangerous weapons . . . are obviously dangerous objects such as guns, knives, and the like.") (quotation marks omitted); *United States v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982) ("Thus, the term 'dangerous weapon' is not restricted to such obviously dangerous weapons as guns, knives, and the like, but can include virtually any object given appropriate circumstances."). For another January 6 trial that used a similar instruction, see *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 15).

federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[11]

<u>Aiding and Abetting</u>

In this case, the government further alleges that the defendant assaulted officer C.E. with a deadly or dangerous weapon or while inflicting bodily injury, as charged in Count Two by aiding and abetting others in committing this offense.  This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Two.

A person may be guilty of an offense if he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of assaulting officers with a deadly or dangerous weapon or while inflicting bodily injury because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others assaulted officer C.E. with a deadly or dangerous weapon or while inflicting bodily injury by committing each of the elements of the offense charged.

Second, that the defendant knew that assaulting officers with a deadly or dangerous weapon

---

[11] *United States v. Celentano*, No. 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 30).

or while inflicting bodily injury was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of assaulting officers with a deadly or dangerous weapon or while inflicting bodily injury.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of assaulting officers with a deadly or dangerous weapon or while inflicting bodily injury.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed,

but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of assaulting officers with a deadly or dangerous weapon or while inflicting bodily injury as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

A defendant may be found guilty of the offense charged in Count Two if the defendant assaulted officers with a deadly or dangerous weapon or while inflicting bodily injury, or aided and abetted assaulting officers with a deadly or dangerous weapon or while inflicting bodily injury. Each of these two ways of committing the offense is described in the instructions. If you find beyond a reasonable doubt that the defendant committed the offense of assaulting officers with a deadly or dangerous weapon or while inflicting bodily injury in either one of these two ways, you should find the defendant guilty of Count Two, and you need not consider whether the defendant committed the offense of assaulting officers with a deadly or dangerous weapon or while inflicting bodily injury in the other way.

<u>Lesser Offense - Assaulting, Resisting, or Impeding Certain Officers With Physical Contact or the Intent to Commit Another Felony</u>

To find the defendant guilty of the lesser offense of Count Two, that is, assaulting, resisting, or impeding certain officers, you must find the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer C.E., an officer from the United States Capitol Police.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Officer C.E. was an officer or an employee of the United States who was then engaged in the performance of her official duties.

Fifth, the defendant made physical contact with Officer C.E. or acted with the intent to commit another felony. For purposes of this element, "another   felony" refers  to  the offenses charged in Counts One or Ten.

**Count Three**

**18 U.S.C. § 111(b) – ASSAULTING, RESISTING, OR IMPEDING OFFICERS WITH A DANGEROUS WEAPON, INFLICTING BODILY INJURY**

(18 U.S.C. §§ 111(b), 2)

Count Three of the Indictment charges the defendants with assaulting, resisting, or impeding Officer D.C., an officer or an employee of the United States who was then engaged in the performance of his official duties, which is a violation of federal law.

Count Three of the Indictment additionally charges that the defendants, in the commission of such acts, used a deadly or dangerous weapon. Count Two also charges the defendants with aiding and abetting others to commit that offense.

<u>Elements</u>

To find each of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer D.C., an officer from the United States Capitol        Police.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Officer D.C. was an officer or employee of the United States who  was then engaged in the performance of his official duties.

Fifth, in doing such acts, the defendant intentionally used a deadly or dangerous weapon.[12]

---

[12] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002).

8

<u>Definitions</u>

"Forcibly" has the same meaning as described in Count Two.

"Assault" has the same meaning as described in Count Two.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" have the same meanings as described in Count Two.

"Deadly or dangerous weapon" has the same meaning as described in Count Two.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, carrying out an official duty or assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, carrying out an official duty or assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[13]

<u>Aiding and Abetting</u>

In this case, the government further alleges that the defendant assaulted officers with a deadly or dangerous weapon, as charged in Count Three by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Three.

A person may be guilty of an offense if he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and

---

[13] *United States v. Celentano*, No. 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 30).

that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of assaulting officers with a deadly or dangerous weapon or while inflicting bodily injury because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed assaulting officers with a deadly or dangerous weapon or while inflicting bodily injury by committing each of the elements of the offense charged.

Second, that the defendant knew that assaulting officers with a deadly or dangerous weapon or while inflicting bodily injury was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of assaulting officers with a deadly or dangerous weapon or while inflicting bodily injury.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of assaulting officers with a deadly or dangerous weapon or while inflicting bodily injury.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense.  That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.  The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged

10

only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of assaulting officers with a deadly or dangerous weapon or while inflicting bodily injury as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

A defendant may be found guilty of the offense charged in Count Three if the defendant assaulted officers with a deadly or dangerous weapon, or aided and abetted assaulting officers with a deadly or dangerous weapon. Each of these two ways of committing the offense is described in the instructions. If you find beyond a reasonable doubt that the defendant committed the offense of assaulting officers with a deadly or dangerous weapon in either one of these two ways, you should find the defendant guilty of Count Three, and you need not consider whether the defendant committed the offense of assaulting officers with a deadly or dangerous weapon in the other way.

<u>Lesser Offense – Assaulting, Resisting, or Impeding Certain Officers With Physical Contact or the Intent to Commit Another Felony</u>

To find the defendant guilty of the lesser offense of Count Three, that is, assaulting, resisting, or impeding certain officers, you must find the following elements beyond a reasonable doubt:

> First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer D.C., an officer from the United States Capitol Police.
>
> Second, the defendant did such acts forcibly.
>
> Third, the defendant did such acts voluntarily and intentionally.
>
> Fourth, Officer D.C. was an officer or an employee of the United States who was then engaged in the performance of her official duties.
>
> Fifth, the defendant made physical contact with Officer D.C. or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offenses charged in Counts One or Ten.

**Count Four**

**18 U.S.C. § 111 – ASSAULTING, RESISTING, OR IMPEDING OFFICERS**

(18 U.S.C. § 111(a))

Count Four of the Indictment charges defendant Stephen Randolph with assaulting, resisting, or impeding Officer D.C., an officer or an employee of the United States who was then engaged in the performance of his official duties, which is a violation of federal law.

<u>Elements</u>

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer D.C., an officer from the United States Capitol Police.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Officer D.C., was an officer or an employee of the United States who was then engaged in the performance of his official duties.

Fifth, the defendant made physical contact with Officer D.C. or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offenses charged in Counts One or Ten.

**Count Five**

**18 U.S.C. § 1752 – ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS[14] WITH A DEADLY OR DANGEROUS WEAPON**

(18 U.S.C. § 1752(a)(1) and (b)(1)(A))

Count Five of the Indictment charges the defendants with entering or remaining in a restricted building or grounds with a deadly or dangerous weapon, which is a violation of federal law.

Elements

In order to find each of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

Third, the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.[15]

Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

---

[14] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021).  For a January 6 case using this instruction, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6).

[15] *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 34); *United States v. Schwartz, et al*, No. 21-cr-178 (APM) (ECF No. 172 at 24).

14

The term "knowingly" has the same meaning described in the instructions for Count One.

The term "deadly or dangerous weapon" has a similar meaning to the meaning in Counts Two and Three. An object may be considered a "deadly or dangerous weapon" for one of two reasons. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Second, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant carried it with the intent that it be used in a manner capable of causing serious bodily injury or death. However, for purposes of this offense, unlike the offense in Counts Two and Three, the defendant need not have actually used the object in that manner.

Lesser Included Offense

In order to find the defendant guilty of the lesser offense of Count Five, that is, entering or remaining in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

**Count Six**

**18 U.S.C. § 1752 – DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS[16] WITH A DEADLY OR DANGEROUS WEAPON**

(18 U.S.C. § 1752(a)(2) and (b)(1)(A))

Count Six of the Indictment charges the defendants with disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon which is a violation of federal law.

Elements

In order to find each of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Fourth, the defendants knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.[17]

Definitions

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public

---

[16] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021). For a January 6 case using this instruction, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6).

[17] *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 37); *United States v. Schwartz, et al,*, No. 21-cr-178 (APM) (ECF No. 172 at 25); *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Robertson*, 21-cr-34 (CRC) (ECF No. 86 at 22), *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 16).

safety.[18] Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.[19]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[20]

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count Five.  The term "deadly and dangerous weapon" also has the same meanings described in the instructions for Count Five.

Lesser Included Offense

In order to find the defendant guilty of the lesser offense of Count Six, that is, disorderly or disruptive conduct in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

---

[18] *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); *see also* 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").
[19] *United States v. Schwartz, et al,*, No. 21-cr-178 (APM) (ECF No. 172 at 27).
[20] Redbook 6.643.

**Count Seven**

**18 U.S.C. § 1752 – ENGAGING IN PHYSICAL VIOLENCE IN A RESTRICTED BUILDING OR GROUNDS WITH A DEADLY OR DANGEROUS WEAPON OR RESULTING IN SIGNIFICANT BODILY INJURY**[21]

(18 U.S.C. §§ 1752(a)(4), (b)(1)(A), (b)(1)(B) and 2)

Count Seven of the Indictment charges the defendants with engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon or resulting in significant bodily injury, which is a violation of federal law.

Elements

In order to find each of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds.

Second, the defendant did so knowingly.

Third, the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense or the offense resulted in significant bodily injury.

Definitions

The term "act of physical violence" means any act involving an assault or other infliction of bodily harm on an individual; or damage to, or destruction of, real or personal property.

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Counts Five and Six.  The terms "deadly and dangerous weapon" also have the same meanings described in the instructions for Counts Five and Six.

The term "significant bodily injury" means bodily injury which involves a risk of death,

---

[21] *United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 30).

significant physical pain, protracted and obvious disfigurement, or a protracted loss or impairment of the function of a bodily member, organ, or mental or sensory faculty.[22]

The government also charges aiding and abetting in this count.

Lesser Included Offense

In order to find the defendant guilty of the lesser offense of Count Seven, that is, engaging in physical violence in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds.

Second, the defendant did so knowingly.

---

[22] 18 U.S.C. § 2118(e)(3).

**Count Eight**

**DISORDERLY CONDUCT IN A CAPITOL BUILDING OR GROUNDS**[23]

40 U.S.C. § 5104(e)(2)(D)

Count Eight of the Indictment charges the defendants with disorderly and disruptive conduct in a Capitol Building or Grounds, which is a violation of federal law.

Elements

In order to find each of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

Definitions

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C. The "Capitol Grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia. The boundaries of the Capitol Grounds include all additions added by law after that map was recorded. The Capitol Grounds includes the portion of Pennsylvania Avenue Northwest from the west curb of First Street Northwest to the curb of Third Street Northwest.

"Disorderly conduct" and "disruptive conduct" have the same meaning described in the

---

[23] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Jenkins*, No. 21-cr-245 (APM) (ECF No. 78 at 31); *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 40); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40).

instructions for Count Six. For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.[24]

The term "knowingly" has the same meaning described in the instructions for Count One.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law.  "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.[25]

---

[24] *See United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 17).
[25] *See United States v. Bryan*, 524 U.S. 184, 190 (1998).

## Count Nine

**ACT OF PHYSICAL VIOLENCE AT THE CAPITOL BUILDING OR GROUNDS**[26]

40 U.S.C. § 5104(e)(2)(F) and 18 U.S.C. § 2

Count Nine of the Indictment charges the defendants with an act of physical violence in the Capitol Building or Grounds, which is a violation of federal law. The government also charges defendants with aiding and abetting others in the commission of this offense.

Elements

In order to find each of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence within the Capitol Buildings or Grounds.

Second, the defendant acted willfully and knowingly.

The government also charges aiding and abetting.

Definitions

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual; or involving damage to, or destruction of, real or personal property. For purposes of this offense, unlike the offense in Count Seven, the threat of infliction of bodily harm is sufficient to meet this definition.

The terms "Capitol Buildings" and "Capitol Grounds" have the same meaning described in the instructions for Count Eight. The terms "knowingly" and "willfully" have the same meaning described in the instructions for Count One and Count Eight.

---

[26] *United States v. Alberts*, No. 21-cr-26 (CRC) (ECF No. 147 at 20).

**Count Ten**

**18 U.S.C. § 1512(c)(2) – OBSTRUCTION OF AN OFFICIAL PROCEEDING[27]**

(18 U.S.C. §§  1512(c)(2), 2)

Count Ten of the Indictment charges the defendants with obstructing an official proceeding, which is a violation of federal law.

Count Ten also charges the defendants with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense.  First, I will explain the elements of the substantive offense, along with its associated definitions.  Then, I will explain how to determine whether the defendants attempted the offense and whether the defendants aided and abetted the offense.

Elements

In order to find each of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede an official proceeding.

Second, the defendant intended to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

---

[27] 18 U.S.C. § 1512(c)(2). For other January 6 trials that have used similar instructions to these, see, e.g., *United States v. Stedman*, 21-cr-383 (BAH) (ECF No. 69 at 5-8); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 8); *United States v. Sara Carpenter*, 21-cr-305-JEB (ECF No. 97 at 10); *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF No. 86 at 11-12); *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 25); *United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 7); *United States v. Hale-Cusanelli*, No. 21-cr-37 (TNM) (ECF No. 84 at 24); and *United States v. Bledsoe*, No. 21-cr-204 (BAH) (ECF No. 215 at 7).

23

Definitions

To "obstruct" or "impede" means to block, interfere with, or slow the progress of an official proceeding.

The term "official proceeding" includes a proceeding before Congress. The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. For purposes of this count, the term "official proceeding" means Congress' Joint Session to certify the Electoral College vote.[28]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[29]

---

[28] In *United States v. Fischer*, 64 F.4th 329, 342 (D.C. Cir. 2023), the D.C. Circuit held "that congressional certification of the Electoral College count is an 'official proceeding'" for purposes of § 1512(c)(2). *See also* 18 U.S.C. § 1515(a)(1)(B) (defining "official proceeding" to include "a proceeding before the Congress"); § 1512(f)(1) ("For the purposes of this section—(1) an official proceeding need not be pending or about to be instituted at the time of the offense").  For the nexus requirement (that the official proceeding need be reasonably foreseeable), see *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Aguilar*, 515 U.S. 593, 599-600 (1995).  For other January 6 trials that have used this instruction, see*, e.g.*, *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 25-26), *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF No. 86 at 12), *United States v. Thompson*, No. 21-cr-161 (RBW) (ECF No. 832 at 26), *United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 7); and *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 23).

[29] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, No. 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 9) (same).

To act "corruptly," the defendant must use independently unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his or her constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but that person does not act corruptly. In addition, the First Amendment to the United States Constitution affords people the right to speak, assemble, and petition the Government for grievances. Accordingly, an individual who does no more than lawfully exercise those rights does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.[30] Often, acting corruptly involves acting with the intent to secure an unlawful advantage or benefit either for oneself or for another person.[31]

---

[30] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North*, 910 F.2d 843, 883 (D.C. Cir. 1990), *withdrawn and superseded in part by United States v. North*, 920 F.2d 940 (D.C. Cir. 1990); *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Caldwell*, 581 F. Supp. 3d 1, 19-20 (D.D.C. 2021); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 26 (D.D.C. 2021); *United States v. Montgomery*, 578 F. Supp. 3d 54, 82 (D.D.C. 2021); *United States v. Lonich*, 23 F.4th 881, 902-03 (9th Cir. 2022). For other January 6 trials that have used similar instructions, see, *e.g.*, *United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 7), and *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 25-29); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10).

[31] This last line, which incorporates aspects of the lead and concurring opinions in *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *id.* at 352 (Walker, J., concurring), was provided in *United States v. Nordean, et al*, 21-cr-175 (TJK) (ECF No. 767 at 31-32), *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10), and *United States v.*

While the defendant must act with intent to obstruct the official proceeding, this need not be his sole purpose. A defendant's unlawful intent to obstruct an official proceeding is not negated by the simultaneous presence of another purpose for his conduct.[32]

Attempt

In Count Ten, the defendant is also charged with attempt to commit the crime of obstruction of an official proceeding. An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime.

In order to find the defendant guilty of attempt to obstruct of an official proceeding you must find that the government proved beyond a reasonable doubt each of the following elements:

First, that the defendant intended to commit the crime of obstruction of an official proceeding as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because the defendant thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because the defendant made some

---

*Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 24).
[32] *United States v. Carpenter*, No. 21-cr-305 (JEB) (ECF No. 97 at 11); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10).

plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

<u>Aiding and Abetting</u>

In this case, the government further alleges that the defendant committed obstruction of an official proceeding as charged in Count Ten, by aiding and abetting others in committing this offense.  This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Ten.

A person may be guilty of an offense if he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official proceeding because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

27

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may

28

not find the defendant guilty of obstruction of an official proceeding as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

A defendant may be found guilty of the offense charged in Count Ten if the defendant obstructed an official proceeding, attempted to obstruct of an official proceeding or aided and abetted obstruction of an official proceeding. Each of these three ways of committing the offense is described in the instructions.  If you find beyond a reasonable doubt that the defendant committed the offense of obstruction of an official proceeding in any one of these three ways, you should find the defendant guilty of Count Ten, and you need not consider whether the defendant committed the offense of obstruction of an official proceeding in the other two ways.

**Count Eleven**

**18 U.S.C. § 231 – OBSTRUCTING OFFICERS DURING A CIVIL DISORDER[33]**

(18 U.S.C. § 231(a)(3))

Count Eleven charges defendant Ryan Samsel with obstructing law enforcement officers during a civil disorder, which is a violation of federal law.

Count Eleven also charges the defendant with the attempt to commit the crime of obstructing officers during a civil disorder. First, I will explain the elements of the substantive offense, along with its associated definitions.  Then, I will explain how to determine whether the defendants attempted the offense.

Elements

In order to find defendant Ryan Samsel guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officer was engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

---

[33] *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *United States v. Rupert*, No. 20-cr-104 (D. Minn. Mar. 12, 2021) (ECF No. 81)); 18 U.S.C. § 232; 18 U.S.C. § 6; 5 U.S.C. § 101; 2 U.S.C. §§ 1961, 1967.  For other January 6 trials that have used similar instructions, see, *e.g.*, *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 21-22), *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 15-16), and *United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 17).

Definitions

The term "civil disorder" has the same meaning described in the instructions for Count One.

The term "commerce" has the same meaning described in the instructions for Count One.

The term "federally protected function" has the same meaning described in the instructions for Count One.

The term "department" has the same meaning described in the instructions for Count One.

The term "official duties," has the same meaning described in the instructions for Count One.

The term "knowingly" has the same meaning described in the instructions for Count One.

Attempt

In Count Eleven, the defendant is also charged with attempt to commit the crime of obstructing officers during a civil disorder. An attempt to commit obstructing officers during a civil disorder is a crime even if the defendant did not actually complete the crime.

In order to find the defendant guilty of attempt to commit obstructing officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following elements:

First, that the defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstructing officers during a civil disorder which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstructing officers during a civil disorder merely because the defendant

thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstructing officers during a civil disorder merely because the defendant made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstructing officers during a civil disorder.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

A defendant may be found guilty of the offense charged in Count Eleven if the defendant obstructing officers during a civil disorder or attempted to obstruct officers during a civil disorder.  Each of these two ways of committing the offense is described in the instructions that I have given you.  If you find beyond a reasonable doubt that the defendant committed the offense of obstructing officers during a civil disorder in either one of these ways, you should find the defendant guilty of Count Eleven, and you need not consider whether the defendant committed the offense of obstructing officers during a civil disorder in the other way.

**Count Twelve**

**18 U.S.C. § 111 – ASSAULTING, RESISTING, OR IMPEDING OFFICERS**

(18 U.S.C. § 111(a))

Count Twelve of the Indictment charges defendant Ryan Samsel with assaulting, resisting, or impeding an officer or an employee of the United States who was then engaged in the performance of their official duties, which is a violation of federal law.

<u>Elements</u>

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the United States Capitol Police.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the officer was an officer or an employee of the United States who was then engaged in the performance of his official duties.

Fifth, the defendant made physical contact with the officer or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offenses charged in Counts Ten or Eleven.

<u>Definitions</u>

The term "forcibly" has the same meaning described in the instructions for Count Two.

The term "assault" has the same meaning described in the instructions for Count Two.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

33

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, carrying out an official duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[34]

Attempt

In Count Twelve, the defendant is also charged with attempt to commit the crime of assaulting officers. An attempt to assault officers is a crime even if the defendant did not actually complete the crime.

In order to find the defendant guilty of attempt to commit assault on officers you must find that the government proved beyond a reasonable doubt each of the following elements:

First, that the defendant intended to commit the crime of assaulting officers, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing an assault on officers which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to assault officers merely because the defendant thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to assault officers merely because the defendant made some plans to or some preparation

---

[34] *United States v. Celentano*, No. 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 30).

for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to assault officers.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

A defendant may be found guilty of the offense charged in Count Twelve if the defendant assaulted officers or attempted to assault officers. Each of these two ways of committing the offense is described in the instructions that I have given you.  If you find beyond a reasonable doubt that the defendant committed the offense in either one of these ways, you should find the defendant guilty of Count Twelve, and you need not consider whether the defendant committed the offense of assaulting officers in the other way.

**Count Thirteen**

**18 U.S.C. § 111 – ASSAULTING, RESISTING, OR IMPEDING OFFICERS WITH A DANGEROUS WEAPON**

(18 U.S.C. §§ 111(b), 2)

Count Thirteen of the Indictment charges defendant Ryan Samsel with assaulting, resisting, or impeding an officer or an employee of the United States and any person assisting such an officer or employee, that is officers of the Metropolitan Police Department, who were then engaged in the performance of their official duties, which is a violation of federal law.

Count Thirteen of the Indictment additionally charges that the defendant, in the commission of such acts, used a deadly or dangerous weapon.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer or an employee of the United States or any person assisting such an officer or employee, that is officers of the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the officers or employees of the United States, or any person assisting such officers and employees were then engaged in the performance of their official duties.

Fifth, in doing such acts, the defendant intentionally used a deadly or dangerous weapon.[35]

---

[35] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002).

The government also charges aiding and abetting.

Definitions

The term "forcibly" has the same meaning described in the instructions for Count Two.

The term "assault" has the same meaning described in the instructions for Count Two.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" has the same meaning described in the instructions for Count Two.

The term "deadly or dangerous weapon" has the same meaning described in the instructions for Count Two.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, carrying out an official duty or assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, carrying out an official duty or assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[36]

Lesser Offense - Assaulting, Resisting, or Impeding Certain Officers With Physical Contact or the Intent to Commit Another Felony

To find the defendant guilty of the lesser offense of Count Thirteen, that is, assaulting, resisting, or impeding certain officers, you must find the following elements beyond a reasonable doubt:

> First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer or an employee of the United States or any person assisting such officer or employee, that is officers of the Metropolitan Police Department.

---

[36] *United States v. Celentano*, No. 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 30).

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the officers or employees of the United States, or any person assisting such officers and employees were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact one of the officers or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offenses charged in Counts One or Ten.

**Count Fourteen**

**ENTERING OR REMAINING IN CERTAIN ROOMS IN A CAPITOL BUILDING[37]**

40 U.S.C. § 5104(e)(2)(C)

Count Fourteen of the Indictment charges defendant James Tate Grant with entering or remaining in a Senator's Office, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in any room in any of the Capitol Buildings set aside or designated for the use of either House of Congress or a Member, committee, or employee of Congress, or either House of Congress, without lawful authority to do so.

Second, the defendant did so with the intent to disrupt the orderly conduct of official business.

Third, the defendant acted willfully and knowingly.

Definitions

The terms "Capitol Buildings" and "House of Congress" have the same meaning described in the instructions for Count Eight.

The term "disrupt the orderly conduct" has the same meaning described in the instructions for Count Six defining "disorderly conduct" and "disruptive conduct."

The terms "willfully" and "knowingly" have the same meaning described in the instructions for Count One and Eight.

---

[37] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 21).

39

**Count Fifteen**

**PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING[38]**

40 U.S.C. § 5104(e)(2)(G)

Count Fifteen of the Indictment charges defendant James Tate Grant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

Second, the defendant acted willfully and knowingly.

Definitions

The terms "parade" and "picket" have their ordinary meanings.  The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[39]

The term "Capitol Buildings" has the same meaning described in the instructions for Count Eight.

The terms "knowingly" and "willfully" have the same meaning described in the instructions for Counts One and Eight.

---

[38] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 42); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40).

[39] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *see also Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).

40