**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-CR-00537-JMC** |
| | : | |
| **RYAN SAMSEL,** | : | |
| **JAMES TATE GRANT,** | : | |
| **PAUL RUSSELL JOHNSON,** | : | |
| **STEPHEN CHASE RANDOLPH, and** | : | |
| **JASON BENJAMIN BLYTHE,** | : | |
| | : | |
| **Defendants.** | : | |

### GOVERNMENT'S MOTION FOR ADDITIONAL TRIAL PROCEDURES

The government currently anticipates that is has four remaining witnesses in its case-in-chief.  While the government cannot predict the length of the defendants' cross examination of these witnesses, the government expects that these remaining witnesses will take approximately one and a half trial days.  As we head into the defendants' cases, the government respectfully moves this Court to impose procedures to further ensure that the trial of the above-captioned criminal case is administered in a manner that is fair and just to the parties and consistent with the goal of completing the trial in the most efficient manner.

1.      Defendants' Individual Cases.  It is typical for each defendant to present his case in the order set forth in the indictment, where practicable. To the extent, however, that multiple defendants intend to call the same witness, the government will not object to having those witnesses presented out of order. For example, if during Mr. Randolph's case he calls Witness X, and Mr. Blythe also intends to call Witness X, the government would not object to Mr. Blythe conducting a direct examination of this witness during Mr. Randolph's case. Proceeding in this fashion will promote efficiency. Federal Rule of Evidence 611(a) states that the Court should exercise "reasonable control over the mode and order of examining witnesses and presenting

evidence so as to (1) make those procedures effective for determining the truth; and (2) avoid wasting time.  Permitting witnesses to be called out of order in the defense cases would promote such efficiency.

2.      Notification of Witnesses and Witness Order. The Court has had the government inform counsel in advance of the witnesses it plans to call the next day. The government respectfully requests that the Court order the defense to comply with the same procedure.

3.      Identification of Exhibits to be used with Specific Witnesses.  It would also be appropriate for the Court to require a party sponsoring a witness to provide *Jencks* and designate the specific exhibits it intends to use during that witness's testimony no later than 24 hours prior to the time it intends to call the witness.[1]  Any objections to the admissibility of exhibits that cannot be resolved by the parties should be raised to the Court, so that the Court has adequate time to resolve the dispute prior to the witness taking the stand.

4.      Cross Examination of Defense Witnesses. The government also requests that this Court restrict defendants' cross-examination of their co-defendants, or co-defendant-sponsored witnesses, to only that portion, if any, of the testimony that is adverse the defendant.   The Confrontation Clause of the Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him."  A defendant has a right to cross-examine a codefendant, or a codefendant's witness, only where the testimony is incriminatory.  *See United States v. Mercks*, 304 F.2d 771, 772 (4th Cir.1962).  *See also United States v. Berrio–Londono*, 946 F.2d 158, 160 (1st Cir.1991) (the Sixth Amendment requires "an

---

[1]      The government notes that the parties were to exchange witness lists, exhibits and exhibit lists in anticipation of trial. Johnson and Randolph complied. Blythe informed the government that he and his mother would be testifying. The government has not yet received a witness list or exhibits from Samsel and Grant.

adequate opportunity to cross-examine adverse witnesses").  In *United States v. Crockett*, 813 F.2d 1310, 1314 (4th Cir. 1987), the Court considered whether a defendant had a right to cross-examine a testifying codefendant where the testimony was favorable to the defendant and concluded that this was impermissible.  "The right of confrontation does not give defendants a plenary right to elicit friendly testimony. That is the purpose of the Sixth Amendment right of a defendant 'to have compulsory process for obtaining witnesses in his favor.'" *Id.* at 1313. As several Courts have held, "trial courts need not assess the adverse nature of testimony according to formalistic categories—by whether a co-conspirator was called by the government, or is testifying on his own behalf or on behalf of a codefendant. The critical matter is not the formal status of a witness but the actual content of his testimony."  *Id.*; *see also United States v. Kindig,* 854 F.2d 703, 708–09 (5th Cir. 1988); *United States v. Andrews*, 765 F.2d 1491, 1501 (11th Cir. 1985) (the Sixth Amendment guarantees only the opportunity to confront adverse witnesses, it does not guarantee the right to confront witnesses who testify not against but rather in favor of the party asserting the right.") (*citing United States v. Bujese*, 434 F.2d 46 (2d Cir.1970)).[2]

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar No. 481052
UNITED STATES ATTORNEY

By:

*/s/ Alexandra F. Foster*
ALEXANDRA F. FOSTER, DC Bar No. 470096
KYLE R. MIRABELLI, NY Bar No. 5663166
J. HUTTON MARSHALL, DC Bar No. 1721890
CHRISTOPHER BRUNWIN, CA Bar No. 158939

---

[2]     Judge Kelly issued an order largely adopting these procedures in *United States v. Nordean et al.,* 21CR00175-TJK. ECF No. 702. The process adopted by Judge Amit Mehta in the Oath Keeper trials has been to inquire at the conclusion of a defense witness's testimony whether any other defendant wishes to cross the witness and to demonstrate the nature of the adversity.  Judge Mehta has also permitted defendants to cross examine a witness where the government's cross-examination of that witness reveals adversity.