IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. 21-cr-537-JMC |
| RYAN SAMSEL, | ) ) ) | |
| Defendant. | ) ) | |

## MOTION TO CONTINUE SENTENCING

Defendant Ryan Samsel, by and through undersigned counsel, and pursuant to Rule 45(b)(1) of the Federal Rules of Criminal Procedure, respectively requests this Court continue the date set for sentencing Mr. Samsel. Sentencing is now set for June 13, 2024, with the parties' sentencing memoranda due two (2) weeks prior, on May 30, 2024, and any responses thereto one week later, on June 6, 2024. *See* Minute Order (Feb. 5, 2024). Mr. Samsel respectfully requests a continuance of the same until the week of August 26, 2024, or any day thereafter that is convenient for the Court, with sentencing memoranda due accordingly. Counsel for Mr. Samsel has conferred with the government, who consent to a continuance of Mr. Samsel's sentencing until "late August or early September" and are available any time that is convenient for the Court except for September 18, 2024.

On October 23, 2023, a bench trial was initiated against Mr. Samsel and his co-defendants, Messrs. James Grant, Paul Johnson, Stephen Randolph, and Jason Blythe. On February 5, 2024, the Court rendered its verdict and found Mr. Samsel guilty of following: obstructing an officer during a civil disorder in violation of 18 U.S.C. § 231(a)(3) (Count One); assaulting, resisting, or impeding officer C.E. while using a deadly/dangerous weapon, inflicting bodily injury in violation of 18 U.S.C. §§ 111(a)(1), (b) (Count Two); entering and remaining in a restricted building or

grounds with a deadly or dangerous weapon in violation of 18 U.S.C. §§ 1752(a)(1), (b)(1)(A) (Count Five); disorderly conduct in the Capitol Grounds or Buildings in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Eight); act of physical violence in the Capitol Grounds or Buildings in violation of 40 U.S.C. § 5104(e)(2)(F) (Count Nine); obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2) (Count Ten); obstructing officers during a civil disorder in violation of 18 U.S.C. § 231(a)(3) (Count Eleven); assaulting, resisting, or impeding certain officers in violation of 18 U.S.C. § 111(a)(1) (Count Twelve); and assaulting, resisting, or impeding certain officers using a deadly/dangerous weapon in violation of 18 U.S.C. §§ 111(a)(1), (b) (Count Thirteen). Findings of Fact at 1-3 (Feb. 9, 2024) (ECF No. 345).

As the Court is aware, preceding trial, during trial, and in the time between trial and the Court's issuance of a verdict, Mr. Samsel was housed at the D.C. Correctional Treatment Facility, where he enjoyed relatively unfettered access to counsel by phone. Following sentencing however, on or about February 21, 2024, Mr. Samsel was transferred from CTF to USP Lewisburg. There he was denied access to counsel with the Bureau of Prisons ("BOP") staffing advising counsel that, "this inmate is not listed as a D.C. pre-trial inmate here" and "I'm sorry, we don't have available staff here for this call." Thereafter, on or about February 28, 2024, Mr. Samsel was transferred to Metropolitan Detention Center, Brooklyn ("MDC Brooklyn"). This Court is familiar with counsel's difficulty accessing Mr. Samsel during his prior detentions at MDC Brooklyn. For instance, counsel must first determine (through a BOP automated email system) on which block Mr. Samsel is being held, as there are limited time slots for calls (including video teleconferences) for all detainees or prisoners on the entire block – as such, calls must be scheduled days in advance (but cannot be scheduled too far in advance). Even when a call (or a video teleconference) has

been scheduled, Mr. Samsel is frequently either not made available for the same or there are technical issues with the call (or video teleconference), including no audio and/or video. The system is so problematic that the Office of the Federal Defender for the Eastern District of New York sends a survey after every call to ascertain whether it was in fact completed. Examples of reasons provided for why Mr. Samsel was unavailable for a legal call (or video teleconference) include: (i) the phones were down and no outgoing calls could be made; (ii) Mr. Samsel had been moved to a new block (unbeknownst to counsel) and was thus not in the block where the call had been scheduled; and (iii) Mr. Samsel declined to participate in the call (a claim Mr. Samsel vehemently denies).[1]

Relevant for purposes of the instant motion, prearranged calls with Mr. Samsel are necessary to prepare for sentencing. First, the U.S. Probation Office advised counsel they are not able to communicate with Mr. Samsel while he is detained at MDC Brooklyn. Accordingly, and to complete their Presentence Investigation Report, *see* Fed. R. Crim. P. 32(c) ("The probation officer must conduct a presentencing investigation and submit a report to the court before it imposes a sentence. . ."), the Probation Office has requested that counsel facilitate a legal call (or video teleconference) with Mr. Samsel to conduct their interview of him. Because counsel has been unable to do so, *the Probation Office* has asked counsel to move this Court for a continuance of Mr. Samsel's sentencing.

Second, following Mr. Samsel's conviction, Mr. Samsel retained a mitigation consultant to assist with his Memorandum in Aid of Sentencing. *See* 18 U.S.C. § 3553(a) ("The Court, in determining the particular sentence to be imposed shall consider the nature and circumstances of

---

[1] Twice in two weeks Mr. Samsel's legal visit has been cancelled because he "refused" the same, including earlier today. Yet two different contacts have reached out to let defense counsel know that he is not refusing his legal visits. Another legal visit has been arranged for tomorrow, May 10, 2024.

3

the offense and the history and characteristics of the defendant; the need for the sentence imposed. . . to provide the defendant with needed. . . medical care, or other correctional treatment in the most effective manner. . ."). Specifically, the mitigation consultant has engaged a Board-Certified Psychologist to assist with a mental health assessment of Mr. Samsel and to make appropriate recommendations to the Court. This assessment of Mr. Samsel has been similarly hamstrung by the inability to communicate with Mr. Samsel, except through counsel. Today, the expert has requested relevant educational and guardianship records from Mr. Samsel's childhood, which he has indicated are integral to his analysis of Mr. Samsel and to the preparation of his report. Counsel's cursory attempt at procuring these records has revealed that this process includes multiple steps, including a potential petition to a state court in Pennsylvania, for which the amount of time needed to obtain the records is relatively uncertain. The expert has requested at least an additional thirty (30) days to complete his assessment *only after* the receipt of these records *and* assuming *unfettered access to Mr. Samsel*. In addition, the mitigation consultant has also retained a medical expert, who formally served as a medical director at a BOP Federal Detention Center, and whose review of Mr. Samsel's voluminous medical record is ongoing. For all of these reasons, Mr. Samsel respectfully requests a continuance of his sentencing date.

\* \* \*

Pursuant to Rule 32(e), the Probation Office shall disclose the Presentence Investigation Report not later than thirty-five (35) days prior to sentencing (any objections to the Report are to be submitted within fourteen (14) days thereafter, and at least seven (7) days before sentencing a final Report is to be submitted to the sentencing court). In addition, the Probation Office has requested at least thirty (30) days from the date of its interview with Mr. Samsel to prepare the Report. Mr. Samsel therefore respectfully requests this Court continue Mr. Samsel's sentencing

until at least the week of August 26, 2024, or a date thereafter that is convenient to the Court, with the parties' sentencing memoranda to be completed two (2) weeks prior to the new sentencing date selected by the Court.

## CONCLUSION

For the foregoing reasons, Mr. Samsel respectfully requests the Court vacate Mr. Samsel's sentencing date and set a status conference at which time issues regarding sentencing, including a new sentencing date, can be addressed.

Dated: May 9, 2024                                Respectfully submitted,

*s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (DC Bar No. 997320)
Brand Woodward Law, LP
400 Fifth Street NW, Suite 350
Washington, DC 20001
202.996.7447 (telephone)
202.996.0113 (facsimile)
stanley@brandwoodwardlaw.com

*Counsel for Defendant Ryan Samsel*

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties of record.

                                              *s/ Stanley E. Woodward, Jr.*