IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) )  ) |
| v. | ) ) ) Criminal No. 21-cr-537-JMC |
| **RYAN SAMSEL,** | ) ) ) |
| **Defendant.** | ) ) |

### DEFENDANT RYAN SAMSEL'S MOTION TO WAIVE HIS PRESENTENCE INTERVIEW

Defendant Ryan Samsel, by and through undersigned counsel, hereby respectively requests that this Court waive his presentence interview as provided by Federal Rule of Criminal Procedure 32(c).  Sentencing has been continued to September 19, 2024, with sentencing memoranda due September 5, 2024, and any oppositions thereto due September 12, 2024.  Minute Order (July 25, 2024).

On October 23, 2023, a bench trial was initiated against as against Mr. Samsel and his co-defendants, Messrs. James Grant, Paul Johnson, Stephen Randolph, and Jason Blythe.  On February 5, 2024, the Court rendered its verdict and found Mr. Samsel guilty of the following: obstructing an officer during a civil disorder in violation of 18 U.S.C. § 231(a)(3) (Count One); assaulting, resisting, or impeding officer C.E. while using a deadly/dangerous weapon, inflicting bodily injury in violation of 18 U.S.C. §§ 111(a)(1), (b) (Count Two); entering and remaining in a restricted building or grounds with a deadly or dangerous weapon in violation of 18 U.S.C. §§ 1752(a)(1), (b)(1)(A) (Count Five); disorderly conduct in the Capitol Grounds or Buildings in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Eight); act of physical violence in the Capitol Grounds or Buildings in violation of 40 U.S.C. § 5104(e)(2)(F) (Count Nine); obstruction of an

official proceeding in violation of 18 U.S.C. § 1512(c)(2) (Count Ten);[1] obstructing officers during a civil disorder in violation of 18 U.S.C. § 231(a)(3) (Count Eleven); assaulting, resisting, or impeding certain officers in violation of 18 U.S.C. § 111(a)(1) (Count Twelve); and assaulting, resisting, or impeding certain officers using a deadly/dangerous weapon in violation of 18 U.S.C. §§ 111(a)(1), (b) (Count Thirteen). Findings of Fact at 1-3 (Feb. 9, 2024) (ECF No. 345).

Since his conviction on February 2, 2024, Mr. Samsel has been transferred from D.C. Correctional Treatment Facility to United States Penitentiary, Lewisburg ("USP Lewisburg"), and ultimately to Metropolitan Detention Center, Brooklyn ("MDC Brooklyn"), where he is currently detained. Defense counsel has had difficulty in securing access to speak Mr. Samsel while detained at both USP Lewisburg and MDC Brooklyn. *See* Mot. at 2-3 (May 9, 2024) (ECF No. 370) (advising the Court of issues access to Mr. Samsel, including denial of availability of Mr. Samsel for calls with defense counsel, technical issues with video calls, and scheduling constraints). Issues in contacting Mr. Samsel are not exclusive to defense counsel – the U.S. Probation Office ("USPO") has advised defense counsel that they are similarly unable to communicate with Mr. Samsel while housed at MDC Brooklyn. *Id.* at 3. The inability of the USPO to contact Mr. Samsel has ultimately prevented their ability to conduct their presentence investigation report pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure ("[t]he probation officer must conduct a presentencing investigation and submit a report to the court before it imposes a sentence. . ."). Acknowledging the merits of the aforementioned issues, the Court granted Mr. Samsel's Motion to Continue Sentencing citing these reasons on May 13, 2024. *See* Minute Order (May 13, 2024). Since then, both defense counsel and the USPO continued to

---

[1] On August 23, 2024, the government moved to dismiss Count Ten. Mot. (Aug. 23, 2024) (ECF No. 392).

2

encounter the same problems in communicating with Mr. Samsel, and thus, no presentence interview of Mr. Samsel has been conducted as of the date of the instant motion.

In the interim, Mr. Samsel has retained Sam Mangel, a federal prison consultant, to draft a report for the purpose of assisting the Court in exercising its sentencing authority under 18 U.S.C. § 3553. *See* Fed. R. Crim. P. 32(c)(1)(A)(ii). The report will address Mr. Samsel's upbringing, biographical information, educational history, medical history (and current medical status), among other areas pertinent to Mr. Samsel's sentencing. The report is based upon exhaustive public records research, an extensive review of non-public information, as well as interviews with Mr. Samsel's family and friends. Accordingly, the report Mr. Samsel commissioned will be far more thorough than anything pretrial services could prepare based on its limited access to information. Finally, with respect to Mr. Samsel's potential criminal history, based on what was available to the government pre-trial, Mr. Samsel submits that there is insufficient documentation of the same to warrant the finding of any criminal history score for purposes of sentencing.

For the foregoing reasons, Defendant Ryan Samsel respectfully requests that the Court grant this motion in support of his waiver of any presentence interview.

Dated: August 26, 2024                    Respectfully submitted,

                                                   *s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (DC Bar No. 997320)
Brand Woodward Law, LP
400 Fifth Street NW, Suite 350
Washington, DC 20001
202.996.7447 (telephone)
202.996.0113 (facsimile)
stanley@brandwoodwardlaw.com

*Counsel for Defendant Ryan Samsel*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties of record.

        *s/ Stanley E. Woodward, Jr.*